1

WILLIAM A. HANSSEN (SBN 110613)
RYAN S. FIFE (SBN 235000)

2

DRINKER BIDDLE & REATH LLP
1800 Century Park East

3

Suite 1500
Los Angeles, CA  90067-1517

4

Telephone:    (310) 203-4000
Facsimile:    (310) 229-1285

5

6

Attorneys for FOREMOST GROUPS, INC.

7

8

UNITED STATES BANKRUPTCY COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

LOS ANGELES DIVISION

11

12

Case No. 2:13-bk-17409-RK

13

In re:

Chapter Number:  7

14

AYERS BATH (U.S.A.) CO., LTD.,

**MOTION OF FOREMOST GROUPS, INC. TO AMEND THE JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO. LTD. AS JUDGMENT DEBTOR**

15

16

Debtor

17

**Hearing:  February 7, 2017 at 2:30 p.m. Courtroom 1675**

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR
87374019.2

CASE NO. 2:13-BK-17409-RK

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

JURISDICTION AND VENUE ............................................................................................... 3

BACKGROUND ..................................................................................................................... 3

    A.    Foremost's Exclusive Distribution Agreement ................................................. 3

    B.    Tangshan Ayers's Formation and Operation of Ayers Bath ................................. 4

    C.    Ayers Bath's Unlawful Conduct ......................................................................... 4

    D.    Ayers Bath Litigation .......................................................................................... 5

    E.    Ayers Bath Bankruptcy Case ............................................................................. 7

    F.    The Tangshan Ayers Litigation........................................................................... 8

ARGUMENT: THE JUDGMENT SHOULD BE AMENDED TO INCLUDE
TANGSHAN AYERS AS A JUDGMENT DEBTOR ..................................................... 10

    A.    The Allowed Proof of Claim Constitutes a Final Judgment. ................................. 10

    B.    The Court Is Authorized to Amend the Judgment to Add a Judgment
        Debtor on Alter Ego Grounds. ....................................................................... 10

    C.    Tangshan Ayers Satisfies the Judgment Debtor Criteria. ..................................... 12

        1.    Tangshan Ayers is the Alter Ego of Ayers Bath. ...................................... 12

        2.    Tangshan Ayers Exercised Sufficient Control Over the Bankruptcy
            Case. .................................................................................................... 15

    D.    Alternatively, Foremost Should Be Given an Opportunity to Conduct
        Discovery. ........................................................................................................ 16

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR
87374019.2

- i -

CASE NO. 2:13-BK-17409-RK

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Associated Vendors, Inc. v. Oakland Meat Co.,*
    210 Cal.App.2d 825 (1963)...................................................................................15

*Bank of Lafayette v. Baudoin,*
    981 F.2d 736 (5th Cir. 1993)................................................................................10

*Bank of Montreal v. SK Foods, LLC,*
    476 B.R. 588 (N.D. Cal. 2012) ............................................................................11

*Calvin Brian Int'l Co. v. Gustto, Inc.,*
    No. 13-cv-0218, 2014 WL 3548143 (S.D. Cal. July 17, 2014) ...................10, 11, 16

*Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.,*
    159 F.3d 412 (9th Cir. 1998).................................................................................11

*EDP Med. Computer Sys., Inc. v. U.S.,*
    480 F.3d 621 (2d Cir. 2007)..................................................................................10

*Foremost International Trading Co., Inc. v. Ayers Bath (USA) Corporation,*
    Civil Action No. CV11-7473 GAF (Ex) .........................................................5, 7, 16

*Foremost International Trading Co., Inc. v. Tangshan Ayers Bath Equipment Co., Ltd.,*
    Civil Action No. 2:14-cv-00188 SVW ............................................................ *passim*

*In re Levander,*
    180 F.3d 1114 (9th Cir. 1999)...........................................................................9, 10

*Mad Dogg Athletics, Inc. v. NYC Holding,*
    565 F.Supp.2d 1127 (C.D. Cal. 2008) ..................................................................11

*Mid-Century Ins. Co. v. Gardner,*
    9 Cal. App. 4th 1205 (1992) ................................................................................12

*NEC Electronics Inc. v. Hurt,*
    208 Cal.App.3d 772, 256 Cal.Rptr. 441 (1989) .............................................11, 15

*Pacific Frontier v. Pleasant Grove City,*
    414 F.3d 1221,1230 (10th Cir. 2005).....................................................................11

*Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.,*
    37 P.3d 1121,1128 (Utah 2001) ...........................................................................11

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR                - ii -                CASE NO. 2:13-BK-17409-RK
87374019.2

*Shanghai Minguang Int'l Grp. Co. v. Yang*,
    No. E044331, 2008 WL 4004697 (Cal. Ct. App. Aug. 29, 2008) ...........................................11

*Siegel v. Federal Home Loan Mortg. Corp.*,
    143 F.3d 525 (9th Cir. 1998)......................................................................................8, 10, 11

*U.S. v. Coast Wineries*,
    131 F.2d 643 (9th Cir. 1942).....................................................................................10

*Wady v. Provident Life and Accident Ins. Co. of America*,
    216 F.Supp.2d 1060 (C.D. Cal. 2002) ......................................................................12

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 157(b)(1).......................................................................................................3

28 U.S.C. § 157(b)(2)(A) ................................................................................................3

28 U.S.C. § 1334.............................................................................................................3

28 U.S.C. § 1408.............................................................................................................3

28 U.S.C. § 1409.............................................................................................................3

California Code of Civil Procedure § 187.......................................................................11

Federal Rules of Bankruptcy Procedure Rule 2004 ................................................7, 15

Federal Rules of Bankruptcy Procedure Rule 7069 .........................................................1

Federal Rules of Civil Procedure Rule 69(a) .......................................................1, 2, 10

Local Bankruptcy Rule 2004-1 ...........................................................................1, 7, 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - iii -          CASE NO. 2:13-BK-17409-RK
87374019.2

# MEMORANDUM OF POINTS AND AUTHORITIES

Foremost Groups, Inc. ("Foremost"), a creditor in the above-captioned case, by and through its counsel, Drinker Biddle & Reath LLP, by way of the within Motion seeks entry of an order pursuant to Rule 69(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7069 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), amending the judgment against Ayers Bath (U.S.A.) Co., Ltd. ("Ayers Bath" or the "Debtor") to add Tangshan Ayers Bath Equipment Co. Ltd.'s ("Tangshan Ayers" and, together with Ayers Bath, "Ayers") as a judgment debtor.

## PRELIMINARY STATEMENT

1.      Foremost is a creditor of the Debtor.  The facts giving rise to Foremost's claim are straightforward.  The claims arise from Tangshan Ayers's attempt, through its alter ego, Ayers Bath, to usurp Foremost's exclusive right to distribute Tangshan Huida Ceramic Group Co., Ltd. ("Huida") products in the United States and Canada.  Despite having actual knowledge of Foremost's exclusive right of distribution, Tangshan Ayers formed Ayers Bath in order to facilitate its import and sale of such products to Foremost's customers.  Such conduct cost Foremost sales opportunities to which Foremost was otherwise entitled while simultaneously undermining Foremost's relationship with Huida.

2.      In September 2011, after Foremost learned of Ayers Bath's conduct, Foremost filed a complaint against Ayers Bath in the United States District Court for the Central District of California (the "District Court") and simultaneously sought a preliminary injunction barring Ayers Bath from selling, distributing or offering for sale Huida parts and products in the United States and Canada.  The injunction was entered in December 2011.  Faced with a motion to compel responses to discovery requests seeking information regarding, *inter alia*, the corporate relationship between Ayers Bath and Tangshan Ayers, Ayers Bath, at Tangshan Ayers's direction, filed for bankruptcy in this Court in March 2013.

3.      During Ayers Bath's bankruptcy case, Foremost renewed its efforts to ascertain the relationship between Ayers Bath and Tangshan Ayers.  Foremost sought to examine Ayers Bath under Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1.  Ayers Bath ultimately

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 1 -        CASE NO. 2:13-BK-17409-RK
87374019.2

1    consented to a Bankruptcy Rule 2004 examination, though only after it was confronted with yet

2    another motion to compel.  The individuals produced by Ayers Bath were employees of Tangshan

3    Ayers and were represented by counsel for Tangshan Ayers.  The Ayers Bath/Tangshan Ayers

4    representatives' testimonies revealed, for the first time, the grossly inadequate capitalization of

5    Ayers Bath and a significant overlap of directors and officers.

6         4.    Foremost timely filed a proof of claim for damages incurred as a result of Ayers

7    Bath's tortious conduct.   Foremost's proof of claim was deemed allowed in full ($5.265 million).

8    Despite having annual revenue in excess of $2 million dollars in 2011, the assets of Ayers Bath's

9    bankruptcy estate were limited to approximately $50,000, resulting in a *de minimis* recovery to

10   Foremost representing a mere .15% of its allowed claim.

11        5.    Ayers Bath's bankruptcy case closed on August 27, 2015.

12        6.    Foremost subsequently commenced suit in the District Court against Tangshan

13   Ayers, as Ayers Bath's alter ego, to recover the balance of its damages.  After attempting to evade

14   service and ultimately defaulting, Tangshan Ayers finally appeared and filed a series of motions

15   to dismiss.  Pursuant to Ninth Circuit precedent, the District Court ultimately held that Foremost's

16   allowed proof of claim constitutes a judgment.  However, the District Court also held that the

17   action against Tangshan Ayers should be stayed and directed Foremost "to seek an amended

18   judgment through the bankruptcy court."  Accordingly, pursuant to the District Court's Order,

19   Foremost filed a motion to reopen Ayers Bath's bankruptcy case.  On November 15, 2016, this

20   Court entered an Order granting Foremost's motion to reopen the bankruptcy case and granting

21   Foremost 60 days leave to file a motion to amend the judgment in accordance with the District

22   Court's Order.

23        7.    Accordingly, this motion seeks the amendment of the judgment to add Tangshan

24   Ayers as a judgment debtor on alter ego grounds.  Federal Rule 69(a) authorizes this Court to

25   apply California's post-judgment procedures, and California law allows for the amendment of a

26   judgment to add a non-party alter ego as a judgment debtor.  As discussed in greater detail below,

27   Tangshan Ayers easily satisfies the alter ego criteria.  Tangshan Ayers was the sole owner of

28   Ayers Bath and installed its former and current employees as directors and officers.  When its

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR                - 2 -                CASE NO. 2:13-BK-17409-RK
87374019.2

1    scheme to tortiously interfered with Foremost's contractual relationships was halted by the entry

2    of the injunction, Tangshan Ayers looted the company, leaving Ayers Bath an empty shell.

3    Counsel for Tangshan Ayers subsequently prepared and filed Ayers Bath's bankruptcy petition.

4    It would be inequitable if Tangshan Ayers was allowed to benefit from its misconduct and willful

5    abuse of the courts and bankruptcy process in an effort to shield itself from liability.  Foremost is

6    therefore entitled to the amendment of the judgment to add Tangshan Ayers as a judgment debtor.

7    ## JURISDICTION AND VENUE

8        8.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(1)

9    and 1334.  This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is properly before

10    this Court under 28 U.S.C. §§ 1408 and 1409.  The basis for the relief sought herein is section

11    350 of the Bankruptcy Code and Bankruptcy Rule 5010.

12    ## BACKGROUND

13    **A.    Foremost's Exclusive Distribution Agreement**

14        9.    Foremost is a leader in the manufacturing of high-quality furniture and vitreous

15    china including toilets, bathroom vanities, bath accessories, home and office furniture, patio and

16    kids' furniture as well as original equipment manufacturer ("OEM") and food service equipment.

17    *See* Declaration of Frank F. Velocci, Ex. A (Second Amended Complaint), ¶ 7; Ex. B (Order Re:

18    Plaintiff's Application for Preliminary Injunction), p. 2.

19        10.    Foremost believed that there was a significant market opportunity in the United

20    States and Canada for the sale of bathroom and sanitary porcelain products manufactured by

21    Huida in China.  *See id.* Ex. A, ¶ 10.  After discussions and negotiations, Huida and Foremost

22    endeavored to pursue the successful introduction and promotion of Huida's bathroom and

23    sanitary porcelain products in the United States and Canada.  *See id.*

24        11.    On October 20, 2000, Huida executed a binding contract with Foremost granting

25    Foremost the exclusive right to distribute Huida bathroom and sanitary porcelain products and

26    toilet parts in the United States and Canada (the "Exclusive Distribution Agreement").  *See id.*

27    Ex. A, ¶ 11; Ex. B, p. 2.

28        12.    Pursuant to the Exclusive Distribution Agreement, Huida granted Foremost the

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

Motion to Amend Judgement of
Bankruptcy Ct. to Add Judgment Debtor          - 3 -          Case No. 2:13-BK-17409-RK
87374019.2

1    exclusive right to distribute all products manufactured by Huida, including toilets and kitchen and

2    bathroom sinks, in the United States and Canada.  *See id.* Ex. A, ¶ 12; Ex. B, p. 2.

3          13.    Since the execution of the Exclusive Distribution Agreement, Foremost has been

4    the exclusive distributor of Huida's products, including toilets and kitchen and bathroom sinks.

5    *See id.* Ex. A, ¶ 13.

6    **B.    Tangshan Ayers's Formation and Operation of Ayers Bath**

7          14.    Ayers Bath was incorporated in California in March 2010.  *See id.* Ex. A, ¶ 14; Ex.

8    C (Ayers Bath Statement of Information).

9          15.    Ayers Bath is a wholly owned and controlled subsidiary of Tangshan Ayers.  *See*

10    *id.* Ex. A, ¶ 15; Ex. D (Ayers Bath Voluntary Bankruptcy Petition), p. 8.

11          16.    Tangshan Ayers owns one-hundred (100%) percent of the shares of Ayers Bath.

12    *See id.* Ex. A, ¶ 16; Ex. D (Ayers Bath Voluntary Bankruptcy Petition), p. 8.

13          17.    There is substantial overlap of the directors and officers of Tangshan Ayers and

14    Ayers Bath.  *See id.* Ex. A, ¶ 17.

15          18.    Yan Qing Wang, the President of Tangshan Ayers, is a Director of Ayers Bath.

16    *See id.* Ex. D, p. 31; Ex. E (Transcript of Bankruptcy Rule 2004 Examination of Peter Yao and

17    Charles Wang) 21:25-22:5.

18          19.    Upon information and belief, Huazhong Dong, a Director of Ayers Bath, is also a

19    Director of Tangshan Ayers.  *See id.* Ex. A, ¶ 19; Ex. D., p. 31.

20          20.    Junkuan (Peter) Yao, the President of Ayers Bath, is Sales Manager for Tangshan

21    Ayers.  *See id.* Ex. D, p. 31; Ex. E 6:3-17.

22          21.    Meng Liang (Charles Wang), the Chief Financial Officer of Ayers Bath, is

23    Director of Sales for Tangshan Ayers.  *See id.* Ex. Ex. D, p. 31; E 6:3-12.

24    **C.    Ayers Bath's Unlawful Conduct**

25          22.    Ayers Bath was a distributor of sanitary ware products, including toilets and

26    bathroom sinks.  Ayers Bath also operated and offered its products under the Dofiny brand.  *See*

27    *id.* Ex. B, p. 3.

28          23.    Upon information and belief, Tangshan Ayers formed Ayers Bath to market and

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

Motion to Amend Judgement of
Bankruptcy Ct. to Add Judgment Debtor
87374019.2

- 4 -

Case No. 2:13-BK-17409-RK

distribute Huida-manufactured products in the United States, such as toilets and bathroom sinks, despite Tangshan Ayers's knowledge of the existence of the Exclusive Distribution Agreement between Foremost and Huida.  *See id.* Ex. A, ¶ 25.

24.    In 2011, Foremost learned that Tangshan Ayers, through Ayers Bath, had been approaching retail stores, wholesale channel and regional dealers in the United States and offering Huida products for sale.  *See id.* Ex. B, pp. 5-8.

25.    Upon learning that Ayers Bath was approaching its customers to solicit the sale of Huida products, Foremost informed Ayers Bath that its conduct infringed on Foremost's exclusive right of distribution with Huida with respect to toilet and other bathroom products in the United States and Canada.  *See id.* Ex. B, p. 8.

26.    Ayers Bath continued its unlawful conduct unabated, which compelled Foremost to commence legal proceedings.  *See id.* Ex. B, p. 9.

**D.    Ayers Bath Litigation**

27.    On September 12, 2011, Foremost filed a complaint against Ayers Bath in the District Court, captioned *Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. v. Ayers Bath (USA) Corporation*, Civil Action No. CV11-7473 GAF (Ex) (the "Ayers Bath Litigation").

28.    Contemporaneously with the filing of the complaint, Foremost sought a preliminary injunction barring Ayers Bath from selling, distributing or offering for sale Huida parts and products in the United States and Canada.  [Ayers Bath Litigation, Docket No. 5].

29.    At issue in the Ayers Bath Litigation was whether Ayers Bath's distribution of Huida products interfered with Foremost's contractual relations and prospective economic advantage.

30.    The District Court rejected Ayers Bath's argument that its toilets differed from Foremost's in terms of design or specifications, holding that any differences identified by Ayers Bath in comparison photographs were immaterial.  *See id.* Velocci Decl., Ex. B, p. 9.

31.    The District Court also noted that the toilets distributed by Ayers Bath contained parts clearly manufactured by Huida.  *See id.* Ex. B, p. 8.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR
87374019.2                                    - 5 -                    CASE NO. 2:13-BK-17409-RK

32.     The District Court found "[s]trong evidence" that Foremost would have continued to reap economic benefits from the Exclusive Distribution Agreement absent Ayers Bath's conduct:

> [Foremost's Exclusive Distribution Agreement with Huida] generated substantial economic benefit to Foremost for several years and plainly contemplated probable future benefits and economic advantage to Foremost. . . . Foremost sold Tangshan Huida porcelain goods to numerous large retail outlets in the United States for several years and reasonably expected to continue with such sales in the future.
>
> Ex B, p. 12.

33.     The District Court further opined that Ayers Bath's "efforts to undercut Foremost in the marketplace present[ed] a serious question regarding the wrongful nature of [Ayers Bath's] conduct":

> Evidence tending to show efforts to sell product[s] to . . . [Foremost's] clients at any price, let alone at prices below those at which Foremost could purchase the same item, supports an inference that [Ayers Bath] sought to interfere with Foremost's agreement to act as the exclusive distributor of Tangshan Huida products in the United States.
>
> Ex B, p. 13.

34.     Based on Foremost's Exclusive Distribution Agreement and its factual findings, the District Court concluded that "Ayers [Bath] engaged in conduct that would defeat the very purpose of that agreement." Ex B, p. 15.

35.     On December 20, 2011, the District Court granted Foremost's application for a preliminary injunction against Ayers Bath.  The Order provides, in relevant part:

> [Ayers Bath] and its officers, agents, servants, employees, and all those in active concert or participation with [Ayers Bath], shall stop selling, distributing and/or offering for sale any and all [Huida] bathroom vitreous china and/or porcelain and sanitary ware parts and products, including but not limited to toilets and kitchen and bathroom sinks, in the United States and Canada in violation of Foremost's

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 6 -                    CASE NO. 2:13-BK-17409-RK
87374019.2

1  exclusive distribution agreement.

2  Velocci Decl., Ex. F (Order Granting Application for Preliminary Injunction), p. 2.

3  **E.      Ayers Bath Bankruptcy Case**

4        36.      On March 22, 2013 (the "Petition Date"), Ayers Bath filed a voluntary petition

5  under chapter 7 of title 11 of the United States Code in this Court.  [Docket No. 1].

6        37.      Ayer Bath's chapter 7 petition was signed by Junkuan Yao, who is Sales Manager

7  for Tangshan Ayers.  *See* Velocci Decl., Ex. D, p. 3.

8        38.      Tangshan Ayers was listed on Ayers Bath's creditor mailing list and received

9  notice of Ayers Bath's bankruptcy filing.  *See* Velocci Decl., Ex. D, p. 37.

10        39.      In light of the Ayers Bath bankruptcy filing and the operation of the automatic

11  stay, on March 25, 2013, the District Court entered an Order removing the Ayers Bath Litigation

12  from the Court's active caseload.  [Ayers Bath Litigation, Docket No. 52].

13        40.      Shortly after the Petition Date, Alfred H. Siegel (the "Trustee") was duly

14  appointed as the Chapter 7 Trustee to manage the bankruptcy estate of Ayers Bath.

15        41.      In the Ayers Bath bankruptcy, Foremost sought to examine Ayers Bath under Rule

16  2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1.  [Motion

17  of Foremost for Examination of Ayers Bath and for Related Production of Documents under

18  Federal Rule of Bankruptcy 2004 and Local Bankruptcy Rule 2004-1, Docket No. 20].

19        42.      On November 13, 2013, Foremost conducted a Bankruptcy Rule 2004 examination

20  of Peter Yao and Charles Wang, officers of Ayers Bath who are also employees of Tangshan

21  Ayers.  *See*  Velocci Decl., Ex. E.

22        43.      Messrs. Yao and Wang were represented by counsel for Tangshan Ayers.  *See id.*,

23  Ex. E., p. 2.

24        44.      Messrs. Yao and Wang's testimony revealed, for the first time, the grossly

25  inadequate capitalization of Ayers Bath and a significant overlap of directors and officers.  *See*

26  *id.*, Ex. E., 6:3-17, 21:25 - 22:5.

27        45.      On December 12, 2013, Foremost filed a proof of claim in the Ayers Bath

28  Bankruptcy in an amount not less than $5,265,000 (the "Proof of Claim").  *See* Velocci Decl., Ex.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 7 -          CASE NO. 2:13-BK-17409-RK
87374019.2

G (Proof of Claim).

46.     The Addendum to the Proof of Claim states that the Proof of Claim is for damages incurred by Foremost "as a result of [Ayers Bath's] interference with Foremost's contractual relationship with Huida and Foremost's pursuit of prospective business advantage by [Ayers Bath's] importation of Huida products and sale of those products to retail stores, wholesale channels and regional dealers in the United States." *See id.*

47.     Neither Ayers Bath, the Trustee nor any other party in interest, including Tangshan Ayers, objected to Foremost's Proof of Claim.

48.     Foremost's Proof of Claim was deemed allowed in the amount of $5,265,000. [Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged, Docket No. 58, p. 5].

49.     The Proof of Claim constitutes a final judgment pursuant to Ninth Circuit precedent under *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998).

50.     Despite having gross revenues of $424,713 in 2010, $2,011,663 in 2011 and $158,825 in 2012, the total assets of Ayers Bath's bankruptcy estate were approximately $50,000. As a result, Foremost received a distribution of $7,757.24, or approximately 0.15% of its allowed claim.  [Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged, Docket No. 58, p. 5].

51.     Pursuant to the Trustee's Final Report, filed on April 14, 2015 [Docket No. 50] ("Trustee's Final Report"), Foremost was the only creditor of Ayers Bath to file a general unsecured claim against Ayers Bath.  There are no secured creditors of Ayers Bath.

52.     Pursuant to the Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged, filed on July 24, 2015, [Docket No. 58], the chapter 7 administrative fees and charges have been paid in full.

53.     On August 27, 2015, this Court entered a docket text Order closing the Ayers Bath Bankruptcy Case [Docket No. 59].

**F.     The Tangshan Ayers Litigation**

54.     On January 9, 2014, Foremost filed a complaint against Tangshan Ayers in the

1    District Court, captioned *Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. v.*

2    *Tangshan Ayers Bath Equipment Co., Ltd.*, Civil Action No. 2:14-cv-00188 SVW (RZx) (the

3    "Tangshan Ayers Litigation").  In the complaint, Foremost sought a determination that Tangshan

4    Ayers, through its alter ego Ayers Bath, tortiously interfered with Foremost's prospective

5    economic advantage and contractual relations and unjustly competed.

6         55.     After attempting to evade service, on June 8, 2015 Tangshan Ayers finally

7    appeared and filed the first in a series of motions to dismiss.  [Tangshan Ayers Litigation, Docket

8    No. 26].

9         56.     On October 28, 2015, the District Court entered an Order in which it held that the

10    allowed Proof of Claim constitutes a judgment.  [Tangshan Ayers Litigation, Docket No. 49].

11         57.     On January 25, 2016, Foremost filed the Second Amended Complaint [Tangshan

12    Ayers Litigation, Docket No. 58] (the "Second Amended Complaint").  In the Second Amended

13    Complaint, Foremost is asserting a single claim for action on a judgment, by which Foremost

14    sought a judgment against Tangshan Ayers on the grounds that Tangshan Ayers is the alter ego of

15    Ayers Bath and therefore liable for the original judgment, *i.e.* the allowed Proof of Claim.

16         58.     Rather than answer the Second Amended Complaint, on February 8, 2016

17    Tangshan Ayers filed its fourth motion to dismiss.  [Tangshan Ayers Litigation, Docket No. 59].

18         59.     On March 8, 2016, the District Court entered an Order staying the Tangshan Ayers

19    Litigation.  In the Order, the Honorable Stephen V. Wilson stated:

20         The Court has extensively considered the tangled procedural context of the present

21         motion and concludes that, as a first measure, Foremost should seek an amended

22         judgment through the bankruptcy court.  Whichever way Foremost has portrayed

23         its case, ultimately, it is an effort to amend the judgment of the bankruptcy court.

24         In that regard, the action is STAYED in order to give Foremost the opportunity to

25         seek an amended judgment through the bankruptcy court. *See In re Levander*, 180

26         F.3d 1114 (9th Cir. 1999).

27    In Chambers Order Staying Proceedings, dated March 8, 2016 (Tangshan Ayers Litigation,

28    Docket No. 65) (the "Stay Order").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 9 -    CASE NO. 2:13-BK-17409-RK
87374019.2

60.     Following the entry of the Stay Order, the parties explored the possibility of settlement.  However, those discussions did not result in a resolution of the issues raised in the Tangshan Ayers Litigation.

<u>**ARGUMENT:**</u>
**THE JUDGMENT SHOULD BE AMENDED TO INCLUDE
TANGSHAN AYERS AS A JUDGMENT DEBTOR**

**A.     The Allowed Proof of Claim Constitutes a Final Judgment.**

61.     It is binding Ninth Circuit precedent that the allowance of the Proof of Claim against Ayers Bath constitutes a final judgment by a court of competent jurisdiction.  *See Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) ("[T]he allowance or disallowance of a proof of claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.") (internal citation and quotations omitted); *U.S. v. Coast Wineries*, 131 F.2d 643, 648 (9th Cir. 1942) ("[T]he allowance or disallowance of a claim in bankruptcy should be given like effect as any other judgment of a competent court, in a subsequent suit against the bankrupt or any one in privity with him."); *see also EDP Med. Computer Sys., Inc. v. U.S.*, 480 F.3d 621, 624 (2d Cir. 2007) ("[A] bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and is thus a predicate for res judicata."); *Bank of Lafayette v. Baudoin*, 981 F.2d 736, 739 (5th Cir. 1993) ("[W]e read our prior holdings to establish that an order allowing a proof of claim is … a final judgment.").

62.     Indeed, the District Court held, on multiple occasions, that the allowed Proof of Claim constitutes a judgment, ultimately staying the Tangshan Ayers Litigation and directing Foremost "to seek an amended judgment through the bankruptcy court."

**B.     The Court Is Authorized to Amend the Judgment to Add a Judgment Debtor on Alter Ego Grounds.**

63.     Federal Rule 69(a) "empowers federal courts to rely on state law to add judgment-debtors."  *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999).  Thus, "where a state law such as California's allows a judgment creditor to add a judgment debtor to a judgment on an alter ego theory, it is appropriate to do so under Rule 69(a)."  *Calvin Brian Int'l Co. v. Gustto, Inc.*, No. 13-

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

Motion to Amend Judgement of
Bankruptcy Ct. to Add Judgment Debtor
87374019.2

- 10 -

Case No. 2:13-BK-17409-RK

1  cv-0218, 2014 WL 3548143, at *2 (S.D. Cal. July 17, 2014) (citing *Cigna Property & Cas. Ins.*

2  *Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998)).

3        64.      California Code of Civil Procedure section 187 allows the amendment of a

4  judgment to add "additional judgment debtors on the grounds that a person or entity is the alter

5  ego of the original judgment debtor." *NEC Electronics Inc. v. Hurt*, 208 Cal.App.3d 772, 778,

6  256 Cal.Rptr. 441 (1989).  The judgment creditor must show that:  (1) "the party to be added

7  satisfies the alter ego criteria," and (2) "the new party had control of the litigation and occasion to

8  conduct it with a diligence corresponding to the risk of personal liability involved." *Bank of*

9  *Montreal v. SK Foods, LLC*, 476 B.R. 588, 601 (N.D. Cal. 2012) (citing *NEC Electronics Inc. v.*

10  *Hurt*, 208 Cal.App.3d 772, 778-79 (Cal. Ct. App. 1989)); *see also Mad Dogg Athletics, Inc. v.*

11  *NYC Holding*, 565 F.Supp.2d 1127, 1130 (C.D. Cal. 2008) (adding individual alter ego to default

12  judgment against corporation); *Shanghai Minguang Int'l Grp. Co. v. Yang*, No. E044331, 2008

13  WL 4004697, at *5 (Cal. Ct. App. Aug. 29, 2008) (affirming adding party default judgment of

14  individual where party "made a strategic decision not to reinstate [suspended] corporations and

15  present a defense").

16        65.      In *Siegel*, the Ninth Circuit expressly held that an allowed proof of claim "is

17  binding and conclusive on all parties ***or their privies***." *Siegel*, 143 F.3d at 529 (emphasis added).

18  Privies to a company include "officers or owners of a closely held corporation, partners, co-

19  conspirators, agents, ***alter egos*** or other parties with similar legal interests." *Pacific Frontier v.*

20  *Pleasant Grove City*, 414 F.3d 1221,1230 (10th Cir. 2005) (quoting *Press Publ'g, Ltd. v. Matol*

21  *Botanical Int'l, Ltd.*, 37 P.3d 1121,1128 (Utah 2001)) (emphasis added).  Thus, in the event the

22  Court finds that Tangshan Ayers is the alter ego of Ayers Bath and controlled the Ayers Bath

23  bankruptcy case, it is liable for all judgments (or, in this case, allowed proofs of claim), entered

24  against Ayers Bath.  *See Calvin Brian Int'l Co.*, 2014 WL 3548143 at *4 (amending default

25  judgment to add, under an alter-ego theory, an additional judgment debtor where judgment debtor

26  formed and owned 100% of defendant, appeared to have diverted the defendant's assets, caused

27  the defendant to retain counsel and appeared at an early dispute resolution proceeding).

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 11 -
87374019.2                                     CASE NO. 2:13-BK-17409-RK

1    **C.    Tangshan Ayers Satisfies the Judgment Debtor Criteria.**

2    **1.    Tangshan Ayers is the Alter Ego of Ayers Bath.**

3    66.    "Before the [alter ego] doctrine may be invoked, two elements must be

4    established: (1) that there be such unity of interest and ownership that the separate personalities of

5    the corporation and the individual no longer exist and (2) that, if the acts are treated as those of

6    the corporation alone, an inequitable result will follow." *Wady v. Provident Life and Accident*

7    *Ins. Co. of America*, 216 F.Supp.2d 1060, 1066 (C.D. Cal. 2002).

8    67.    When assessing whether there is a unity of interest and ownership between two

9    entities such that separate personalities no longer exist, courts have considered the following non-

10    exclusive factors:

11    the commingling of funds and other assets; the failure to segregate funds of the
individual and the corporation; the unauthorized diversion of corporate funds to
12    other than corporate purposes; the treatment by an individual of corporate assets as
his own; the failure to seek authority to issue stock or issue stock under existing
13    authorization; the representation by an individual that he is personally liable for
corporate debts; the failure to maintain adequate corporate minutes or records; the
14    intermingling of the individual and corporate records; the ownership of all the
stock by a single individual or family; the domination or control of the corporation
15    by the stockholders; the use of a single address for the individual and the
corporation; the inadequacy of the corporation's capitalization; the use of the
16    corporation as a mere conduit for an individual's business; the concealment of the
ownership of the corporation; the disregard of formalities and the failure to
17    maintain arm's-length transactions with the corporation; and the attempts to
segregate liabilities to the corporation.
18

19    *Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1213 n.3 (1992).

20    68.    Based on the following facts, Tangshan Ayers and Ayers Bath shared such a unity

21    of interest and ownership that any separateness between them ceased to exist:

22    (a)    Tangshan Ayers owned one-hundred (100%) percent of the shares of Ayers

23    Bath.  *See id.* Ex. D, p. 8.

24    (b)    Tangshan Ayers dominated and controlled Ayers Bath.  Tangshan Ayers

25    formed Ayers Bath for the sole purpose of selling products made or

26    distributed by Tangshan Ayers, such as toilets, faucets and tiles, to the

27    United States market.  *See* Velocci Decl., Ex. E, 9:8-18.  The directors and

28

Drinker Biddle &
Reath LLP
Attorneys At Law
Los Angeles

Motion to Amend Judgement of
Bankruptcy Ct. to Add Judgment Debtor    - 12 -    Case No. 2:13-BK-17409-RK
87374019.2

1    officers of Ayers Bath consisted entirely of former and current employees

2    of Tanghan Ayers. *See id.* Ex. C; Ex. E. 6:3-17, 21:25 - 22:5. Tangshan

3    Ayers dictated prices for its products to Ayers Bath, except for "special

4    products." *See* Ex. E 16:14-21. For such products, the Ayers Bath officer

5    who "negotiated" the prices previously worked for Tangshan Ayers and

6    subsequently assumed a position as Director of Sales for Tangshan Ayers.

7    *See id.*, Ex. E, 6:3-12, 16:18 – 17:9. After the District Court enjoined

8    Ayers Bath from continuing to distribute Huida products in the United

9    States and Canada, counsel for Tangshan Ayers prepared and filed the

10   Ayers Bath bankruptcy petition and Junkuan (Peter) Yao, the President of

11   Ayers Bath and Sales Manager for Tangshan Ayers, signed the petition.

12   *See* Ex. D, p. 3; Ex. E 20:22 – 21:1.

13   (c)   Tangshan Ayers and Ayers Bath shared directors and officers. Yan Qing

14         Wang, the President of Tangshan Ayers, is a Director of Ayers Bath. *See*

15         *id.* Ex. D, p. 31; Ex. E 21:25 – 22:5. Upon information and belief,

16         Huazhong Dong, a Director of Ayers Bath, is also a Director of Tangshan

17         Ayers. *See id.* Ex. A, ¶ 19; Ex. D., p. 31. Junkuan (Peter) Yao, the

18         President of Ayers Bath, is Sales Manager for Tangshan Ayers. *See id.* Ex.

19         D, p. 31; Ex. E 6:3-17. Meng Liang (Charles Wang), the Chief Financial

20         Officer of Ayers Bath, is Director of Sales for Tangshan Ayers. *See id.* Ex.

21         Ex. D, p. 31; E 6:3-12

22   (e)   Tangshan Ayers failed to adequately capitalize Ayers Bath. Tangshan

23         Ayers provided Ayers Bath with start-up capital in the amount of $200,000.

24         *See id.* Ex. E 15:2-9. Compared with the liability it faced for its tortious

25         conduct towards Foremost, Ayers Bath's capitalization was grossly

26         insufficient.

27   (d)   Tangshan Ayers and Ayers Bath used the same attorney. Ayers Bath's

28         bankruptcy petition was prepared by Squire Sanders LLP. *See* Ex. D, p. 3;

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 13 -          CASE NO. 2:13-BK-17409-RK
87374019.2

1    Ex. E 20:22 – 21:1.  Squire Sanders LLP also represented Tangshan Ayers

2    in the bankruptcy and defended the Bankruptcy Rule 2004 deposition of

3    Messrs. Wang and Yao – two Tangshan Ayers employees.

4    (f)    <u>Tangshan Ayers and Ayers Bath disregarded corporate formalities and</u>

5    <u>failed to maintain arms' length relationships</u>.  Ayers Bath lacked a board of

6    directors that Mr. Yao reported to or exercised control over the company.

7    *See id.* Ex. E 38:14-22.  Ayers Bath's sole reason for existing was to

8    distribute Huida and Tangshan Ayers's products in the United States, in

9    contravention of Foremost's Exclusive Distribution Agreement.  While

10    Tangshan Ayers dictated the prices for its products to Ayers Bath, Ayers

11    Bath did not pay Tangshan Ayers in the ordinary course of business.  As

12    Mr. Wang testified, there was "[n]o fixed time" for payment.  *See id.* Ex. E

13    37:13-15.  Rather, Ayers Bath only rendered payment to Tangshan Ayers

14    when it had "spare money." *See id.* Ex. E 37:15-18.

15    (b)    <u>Tangshan Ayers commingled and diverted funds and other assets of Ayers</u>

16    <u>Bath</u>.  Ayers Bath had gross revenues of $424,713 in 2010, $2,011,663 in

17    2011 and $158,825 in 2012.  *See* Trustee's Final Report, Ex. A.  However,

18    the total assets of Ayers Bath's bankruptcy estate were a mere $51,953.56.

19    *See id.*  It is apparent that, when Ayers Bath was enjoined from continuing

20    its tortious behavior, Tangshan Ayers looted the company before putting it

21    into bankruptcy in an effort to make itself judgment proof.

22    69.    Based upon the foregoing, Tangshan Ayers and Ayers Bath shared such a unity of

23    interest and ownership as to be indistinguishable.  Tangshan Ayers formed Ayers Bath in order to

24    subvert the Exclusive Distribution Agreement, installed Tangshan Ayers employees as directors

25    and officers, operated it without observing corporate formalities, and then removed Ayers Bath's

26    illicitly obtained profits before putting an empty shell of a company into bankruptcy.

27    70.    Furthermore, an inequitable result will follow if Tangshan Ayers is not treated as

28    the alter ego of Ayers Bath.  Tangshan Ayers formed Ayers Bath to market and distribute Huida

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 14 -        CASE NO. 2:13-BK-17409-RK
87374019.2

1    products in the United States despite Tangshan Ayers's knowledge of the Exclusive Distribution

2    Agreement between Foremost and Huida.  After Foremost was forced to bring suit against Ayers

3    Bath in order to stop its tortious conduct, Tangshan Ayers caused Ayers Bath to file for

4    bankruptcy.  Tangshan Ayers transferred the assets of debtor Ayers Bath—but not its liabilities—

5    to non-debtor Tangshan Ayers, and these transfers rendered Ayers Bath incapable of meeting its

6    obligations to creditors, including Foremost.  Such "manipulation of assets and liabilities between

7    entities so as to concentrate the assets in one and the liabilities in another" to "the detriment of

8    creditors" is precisely the kind of inequitable result and bad faith conduct the alter ego doctrine

9    was formulated to address.  *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825,

10   840 (1963); *see also* 1 Fletcher Cyclopedia of Corporations § 41.70 (1990 & Supp. 1994)

11   ("Where a creditor proves that <u>controlling shareholders</u> organized or used the corporation to

12   deceive or defraud personal creditors, the separate existence shall be disregarded and the

13   corporation and the <u>shareholders</u> will be treated as one and the same.") (emphasis added).

14            **2.        Tangshan Ayers Exercised Sufficient Control Over the Bankruptcy Case.**

15            71.        Tangshan Ayers had sufficient control of Ayer Bath's bankruptcy case and

16   occasion to conduct with a diligence corresponding to the risk of personal liability involved.

17   "Control of the litigation sufficient to overcome due process objections may consist of a

18   combination of factors, usually including the financing of the litigation, the hiring of attorneys,

19   and control over the course of the litigation." *NEC Elecs.*, 208 Cal.App.3d at 781.

20            72.        Tangshan Ayers caused Ayers Bath to file for bankruptcy and a Tangshan Ayers

21   executive signed its bankruptcy petition.  Counsel for Tangshan Ayers, not Ayers Bath, executed

22   a stipulation agreeing to produce one or more representatives of the Debtor for the Bankruptcy

23   Rule 2004 examination.  [Stipulation and Consent Order Setting Date for Examination of Ayers

24   Bath under Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1,

25   Docket No. 27].  Employees of Tangshan Ayers subsequently appeared for a Bankruptcy Rule

26   2004 examination of the debtor, Ayers Bath, and were represented by counsel for Tangshan

27   Ayers.  The same law firm, Squire Sanders LLP, prepared and filed Ayers Bath's bankruptcy

28   petition.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 15 -                    CASE NO. 2:13-BK-17409-RK
87374019.2

73.    The fact that Tangshan Ayers did not object to the Proof of Claim is, like the entry of a default judgment, "of no moment." *Calvin Brian Int'l Co.*, 2014 WL 3548143 at *4 (amending judgment to add judgment debtor where judgment debtor was provided with sufficient notice of proceedings and had the opportunity to participate in litigation). Tangshan Ayers not only had notice of the bankruptcy proceedings, it initiated them and was an active participant.

74.    For all of the foregoing reasons, the judgment should be amended to add Tangshan Ayers as a judgment debtor.

**D.    Alternatively, Foremost Should Be Given an Opportunity to Conduct Discovery.**

75.    There is ample evidence in the record of this bankruptcy case and the Ayers Bath and Tangshan Ayers Litigation to support a finding of alter ego status between Tangshan Ayers and Ayers Bath. Notwithstanding, should the Court find otherwise, Foremost should be allowed to conduct discovery on the issues of alter ego and the filing and control of Ayer's Bath bankruptcy. Foremost has not yet had the benefit of written discovery on these issues.

76.    In the Ayers Bath Litigation, following the entry of the preliminary injunction, Foremost propounded written discovery on Ayers Bath. The discovery included requests for information regarding the corporate relationship between Ayers Bath and Tangshan Ayers. Specifically, Document Request No. 11 asked Ayers Bath to produce "[a]ll documents relating to your corporate structure, history and affiliations," and Document Request No. 13 sought the production of "[a]ll documents which discuss, mention or relate to any relationship, connection and/or affiliation between Tangshan Ayers and [Ayers Bath]." *See* Velocci Decl., Ex. H. Similarly, Interrogatory No. 7 asked Ayers Bath to "[i]dentify any and all persons with knowledge and/or information concerning any relationship, connection and/or affiliation between [Ayers Bath] and Tangshan Ayers" and Interrogatory No. 9 required Ayers Bath to "[i]dentify by date, author, and addressee, any communications between[Ayers Bath] and Tangshan Ayers (either to or from Tangshan Ayers) regarding the alleged conduct that forms the basis of the Ayers Litigation and describe in detail the contents of each such communication." *See id.*, Ex. I. Ayers Bath willfully failed to engage in the discovery process, refusing to produce any documents to Foremost or even respond to Foremost's requests to meet and confer. On the eve of Foremost

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 16 -          CASE NO. 2:13-BK-17409-RK
87374019.2

1    filing a motion to compel, Ayers Bath filed for bankruptcy.

2            77.    The Tangshan Ayers Litigation did not progress beyond the threshold motion stage

3    before the District Court stayed the matter and directed Foremost to seek an amended judgment

4    from this Court.

5            78.    Thus, in the event the Court does not grant the motion, Foremost should be

6    allowed to propound discovery on Tangshan Ayers on the issues of alter ego and control of the

7    litigation.

8            **WHEREFORE** Foremost requests that this Court enter an Order (a) amending the Proof

9    of Claim to add Tangshan Ayers as a judgment debtor; and (b) granting such other and further

10   relief as this Court deems just and proper.

11

12   Dated: January 13 2017                    DRINKER BIDDLE & REATH LLP

13

14                                             By:/s/ Ryan S. Fife _____

15                                             Attorneys for FOREMOST GROUPS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 17 -          CASE NO. 2:13-BK-17409-RK
87374019.2