# EXHIBIT A

Case 2:13-bk-17409-RK    Doc 66-3    Filed 01/13/17    Entered 01/13/17 17:32:03    Desc
Case 2:14-cv-00188-SVW-RZ    Document 58    Filed 01/25/16    Page 1 of 12    Page ID #:1124
Exhibit A to declaration of F. Velocci    Page 2 of 13

William A. Hanssen (Bar No. 110613)
Suzanne V. Stouder (Bar No. 161077)
DRINKER BIDDLE & REATH LLP
1800 Century Park E, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 203-4000
Facsimile:   (310) 229-1285
william.hanssen@dbr.com
suzanne.stouder@dbr.com

Frank F. Velocci [pro hac vice]
Brian P. Morgan [pro hac vice]
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone:  (973) 549-7000
Facsimile:   (973) 360-9831
frank.velocci@dbr.com
brian.morgan@dbr.com

Attorneys for Plaintiff
FOREMOST GROUPS, INC. f/k/a
FOREMOST INTERNATIONAL TRADING
CO., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TANGSHAN AYERS BATH EQUIPMENT CO., LTD.,<br><br>Defendant. | Case No.  2:14-cv-00188 SVW (RZx)<br>Hon. Stephen V. Wilson<br>Courtroom 6<br><br>**SECOND AMENDED COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. (collectively, "Foremost" or "Plaintiff"), as and for its Second Amended Complaint

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00168-SVW-RZ Document 58 Filed 01/25/16 Page 3 of 12 Page ID #:1125
Exhibit A to declaration of F. Velocci   Page 3 of 13

against Defendant Tangshan Ayers Bath Equipment Co., Ltd. ("Tangshan Ayers" or "Defendant"), hereby complains and alleges as follows:

## PARTIES

1. Foremost is a corporation incorporated in and existing under the laws of the State of New Jersey and maintains an address at 906 Murray Road, East Hanover, New Jersey 07936.

2. Upon information and belief, Tangshan Ayers is a Chinese company with its principal place of business located in Tangshan, Hebei, China 06637.

## JURISDICTION AND VENUE

3. Jurisdiction exists pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Foremost and Tangshan Ayers.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Foremost's claims occurred in this district.

## FACTUAL BACKGROUND

6. Foremost is a leader in the manufacturing of high-quality furniture and vitreous china including toilets, bathroom vanities, bath accessories, home and office furniture, patio and kids' furniture as well as original equipment manufacturer ("OEM") and food service equipment.

7. Since its founding in 1988, Foremost has developed four product divisions (Bathroom Furniture, Outdoor Furniture, Indoor Furniture and Food Service Equipment) that produce world-class goods that offer superior design, engineering and value for consumers and industry.

8. Foremost does not sell its products directly to the public. Rather, Foremost develops regional distribution networks of dealers in specifically researched and targeted, high-volume retail home centers, hardware stores and

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00166-SVW-RZ Document 58 Filed 01/25/16 Page 3 of 12 Page ID #:1126
Exhibit A to declaration of F. Velocci    Page 4 of 13

kitchen and bath showrooms throughout the United States and Canada, including Lowe's, Home Depot, HD Supply and Menards.

9. The strategy of Foremost for developing and maintaining regional networks of dealers is to provide each dealer with products that surpass all competitors in key aspects including, but not limited to, price, style, warranty and quality.

### A. Foremost's Exclusive Distribution Agreement

10. Foremost believed that there was a significant market opportunity in the United States and Canada for the sale of bathroom and sanitary porcelain products manufactured by Tangshan Huida Ceramic Group Co., Ltd. ("Huida") in China. After discussions and negotiations, Huida and Foremost endeavored to pursue the successful introduction and promotion of Huida's bathroom and sanitary porcelain products in the United States and Canada.

11. On October 20, 2000, Huida executed a binding contract with Foremost granting Foremost the exclusive right to distribute Huida bathroom and sanitary porcelain products and toilet parts in the United States and Canada (the "Exclusive Distribution Agreement").

12. Pursuant to the Exclusive Distribution Agreement, Huida granted Foremost the exclusive right to distribute all products manufactured by Huida, including toilets and kitchen and bathroom sinks, in the United States and Canada.

13. Since the execution of the Exclusive Distribution Agreement, Foremost has been the exclusive distributor of Huida's products, including toilets and kitchen and bathroom sinks.

### B. Tangshan Ayers's Formation and Operation of Ayers

14. Ayers Bath (U.S.A.) Co., Ltd ("Ayers") was incorporated in California in March 2010.

15. Ayers is a wholly owned and controlled subsidiary of Tangshan Ayers.

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00168-SVW-RZ Document 58 Filed 01/25/16 Page 4 of 12 Page ID #:1127
Exhibit A to declaration of F. Velocci Page 5 of 13

16. Tangshan Ayers owns one-hundred (100%) percent of the shares of Ayers.

17. There is substantial overlap of the directors and officers of Tangshan Ayers and Ayers.

18. Yan Qing Wang, the President of Tangshan Ayers, is a Director of Ayers.

19. Upon information and belief, Huazhong Dong, a Director of Ayers, is also a Director of Tangshan Ayers.

20. Junkuan (Peter) Yao, the President of Ayers, is Sales Manager for Tangshan Ayers.

21. Meng Liang (Charles Wang), the Chief Financial Officer of Ayers, is Director of Sales for Tangshan Ayers.

22. Foremost is informed and believes, and on the basis of that information and belief alleges, that there exists, and at all times mentioned herein there existed, a unity of interest and ownership between Tangshan Ayers and Ayers, such that any individuality and separateness between Tangshan Ayers and Ayers have ceased, and Ayers is, and was, the alter ego of Tangshan Ayers in that:

    a. Tangshan Ayers commingled funds and other assets of Ayers and used Ayer's funds and other assets for its own purposes and to assist in evading payment of obligations;

    b. Tangshan Ayers diverted funds and other assets of Ayers for other than corporate uses;

    c. Tangshan Ayers treated the assets of Ayers as its own;

    d. At all times mentioned herein Tangshan Ayers controlled, dominated and operated Ayers as its alter ego and carried out the activities and business of Ayers without holding directors or shareholders' meetings, without maintaining records or minutes of any corporate proceedings;

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00168-SVW-RZ Document 58 Filed 01/25/16 Page 5 of 12 Page ID #:1128
Exhibit A to declaration of F. Velocci    Page 6 of 13

  e. Tangshan Ayers failed to adequately capitalize Ayers in light of the business Ayers was conducting and the risk of loss it potentially faced from litigation arising from its import, marketing and sale of Huida products.  Upon information and belief, Tangshan Ayers provided Ayers with start-up capital in the amount of $200,000.  Compared with the liability it faced for its tortious conduct towards Foremost, Ayers's capitalization was grossly insufficient;

  f. Ayers is, and at all times mentioned herein was, a mere shell, instrumentality and conduit through which Tangshan Ayers carried on its business in the corporate name, exercising complete control and dominance of such business to such an extent that any individuality and separateness between Tangshan Ayers and Ayers do not, and at all times mentioned herein did not, exist; and

  g. Tangshan Ayers used Ayer's corporate status merely as a shield against liability for its unfair competition and tortious interference with Foremost by virtue of its import, marketing and sale of Huida products through Ayers by substituting a financially insolvent corporation in place of Tangshan Ayers; and

  h. Tangshan Ayers diverted assets from Ayers, including Ayer's revenues from 2010, 2011 and 2012, to Tangshan Ayers to the detriment of Foremost, who has been unable to collect its $5.265 million judgment from Ayers.

23. Adherence to the fiction of the separate existence of Ayers as an entity distinct from Tangshan Ayers would permit an abuse of the corporate privilege and would sanction fraud in that Foremost is informed and believes that:

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00168-SVW-RZ Document 58 Filed 01/25/16 Page 6 of 12 Page ID #:1129
Exhibit A to declaration of F. Velocci    Page 7 of 13

  a. Tangshan Ayers formed Ayers to import, market and sell Huida products in the United States in an attempt to unjustly compete with Foremost and tortuously interfere with Foremost's prospective economic advantage;

  b. Tangshan Ayers intended to use Ayers as a device to avoid personal liability by substituting a financially insolvent corporation in place of Tangshan Ayers;

  c. Tangshan Ayers caused Ayers to file for bankruptcy with the intent of frustrating Plaintiff's prosecution of the Ayers Litigation; and

  d. Tangshan Ayers transferred the personal property and assets of Ayers, including Ayer's revenues from 2010, 2011 and 2012, to Tangshan Ayers with the actual intent to hinder, delay or defraud Plaintiff in the collection of its claim.

  **C.** **<u>Tangshan Ayers's Unlawful Conduct</u>**

24. Ayers is a distributor of sanitary ware products, including toilets and bathroom sinks. Ayers also operates and offers its products under the Dofiny brand.

25. Upon information and belief, Tangshan Ayers formed Ayers to market and distribute Huida-manufactured products in the United States, such as toilets and bathroom sinks, despite Tangshan Ayers' knowledge of the existence of the Exclusive Distribution Agreement between Foremost and Huida.

26. In 2011, Foremost learned that Tangshan Ayers, through Ayers, had been approaching retail stores, wholesale channel and regional dealers in the United States and offering Huida products for sale.

27. On April 21, 2011, by way of letter, Foremost formally notified Ayers that, by importing products manufactured by Huida and making those products available customers of Foremost, Ayers was infringing on Foremost's exclusive

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00168-SVW-RZ Document 58 Filed 01/25/16 Page 7 of 12 Page ID #:1130
Exhibit A to declaration of F. Velocci Page 8 of 13

right of distribution with Huida with respect to bathroom and sanitary products in the United States and Canada.

28. Foremost informed Ayers that Ayers's conduct undercut Foremost's business relationships and damaged the good will that Foremost has developed for more than a decade in its intangible assets, including, but not limited to, customer relationships and market positions.

29. Foremost informed Ayers that Ayers's failure to immediately cease all sales, service and marketing activity would result in Foremost filing a lawsuit and seeking a restraining order to immediately discontinue Ayers's operations as they relate to Huida products.

30. Ayers failed to respond until July 2011, at which time it simply denied purchasing products from Huida and asserted that "[Foremost's] accusation that [Ayers] interferes with [the Exclusive Distribution Agreement] is absurd."

31. Following Ayers' receipt of the letter, Tangshan Ayers, though Ayers, continued to interfere and threaten Foremost's contractually exclusive pursuit of its North American distributorship of Huida bathroom and sanitary porcelain products by contacting and offering to Foremost's current and prospective business partners in the United States and Canada sanitary ware products manufactured by Huida.

### D. Ayers Litigation

32. On September 12, 2011, Foremost filed a complaint against Ayers in the United States District Court for the Central District of California (the "California District Court"), captioned *Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. v. Ayers Bath (USA) Corporation*, Civil Action No. CV11-7473 GAF (Ex) (the "Ayers Litigation").

33. Contemporaneously with the filing of the complaint, Foremost sought a preliminary injunction barring Ayers from selling, distributing or offering for sale Huida parts and products in the United States and Canada.

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Exhibit A to declaration of F. Velocci Page 9 of 13
Case 2:14-cv-00168-SVW-RZ Document 58 Filed 01/25/16 Page 8 of 12 Page ID #:1131

34. At issue in the Ayers Litigation was whether Ayers's distribution of Huida products interfered with Foremost's contractual relations and prospective economic advantage.

35. The California District Court rejected Ayers's argument that its toilets differed from Foremost's in terms of design or specifications, holding that any differences identified by Ayers in comparison photographs were immaterial.

36. The California District Court also noted that the toilets distributed by Ayers contained parts clearly manufactured by Huida.

37. The California District Court found "[s]trong evidence" that Foremost would have continued to reap economic benefits from the Exclusive Distribution Agreement absent Ayers's conduct:

> [Foremost's Exclusive Distribution Agreement with Huida] generated substantial economic benefit to Foremost for several years and plainly contemplated probable future benefits and economic advantage to Foremost. . . . Foremost sold Tangshan Huida porcelain goods to numerous large retail outlets in the United States for several years and reasonably expected to continue with such sales in the future.

38. The California District Court further opined that Ayers's "efforts to undercut Foremost in the marketplace present[ed] a serious question regarding the wrongful nature of Ayers's conduct":

> Evidence tending to show efforts to sell product[s] to . . . [Foremost's] clients at any price, let alone at prices below those at which Foremost could purchase the same item, supports an inference that Ayers[] sought to interfere with Foremost's agreement to act as the exclusive distributor of Tangshan Huida products in the United States.

39. Based on Foremost's Exclusive Distribution Agreement and its factual findings, the California District Court concluded that "Ayers engaged in conduct that would defeat the very purpose of that agreement."

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00166-SVW-RZ Document 58 Filed 01/25/16 Page 9 of 12 Page ID #:1132
Exhibit A to declaration of F. Velocci Page 10 of 13

40. On December 20, 2011, the California District Court granted Foremost's application for a preliminary injunction against Ayers. The Order provides, in relevant part:

> [Ayers] and its officers, agents, servants, employees, and all those in active concert or participation with [Ayers], shall stop selling, distributing and/or offering for sale any and all [Huida] bathroom vitreous china and/or porcelain and sanitary ware parts and products, including but not limited to toilets and kitchen and bathroom sinks, in the United States and Canada in violation of Foremost's exclusive distribution agreement.

**E.  Ayers Bankruptcy**

41. On March 22, 2013, Tangshan Ayers caused Ayers to file a voluntary petition under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, *In re Ayers Bath (USA) Co., Ltd.*, Case No. 2:13-bk-17409-RK (the "Ayers Bankruptcy").

42. Ayer's chapter 7 petition was signed by Junkuan Yao, who is Sales Manager for Tangshan Ayers.

43. In light of the Ayers Bankruptcy and the operation of the automatic stay, on March 25, 2013, the California District Court entered an Order removing the Ayers Litigation from the Court's active caseload.

44. In the Ayers Bankruptcy, Foremost sought to examine Ayers under Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1.

45. On November 13, 2013, Foremost conducted a Bankruptcy Rule 2004 examination of Peter Yao and Charles Wang, officers of Ayers who are also employees of Tangshan Ayers.

46. Messrs. Yao and Wang were represented by counsel for Tangshan Ayers.

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Exhibit A to declaration of F. Velocci    Page 11 of 13

Case 2:14-cv-00188-SVW-RZ    Document 58    Filed 01/25/16    Page 10 of 12    Page ID #:1133

47. Messrs. Yao and Wang's testimony revealed, for the first time, the grossly inadequate capitalization of Ayers and a significant overlap of directors and officers.

48. On December 12, 2013, Foremost filed a proof of claim in the Ayers Bankruptcy in an amount not less than $5,265,000 (the "Proof of Claim").

49. The Addendum to the Proof of Claim states that the Proof of Claim is for damages incurred by Foremost "as a result of [Ayers's] interference with Foremost's contractual relationship with Huida and Foremost's pursuit of prospective business advantage by [Ayers's] importation of Huida products and sale of those products to retail stores, wholesale channels and regional dealers in the United States."

50. Neither Ayers, the chapter 7 trustee or any other party in interest, including Tangshan Ayers, objected to Foremost's Proof of Claim.

51. Foremost's Proof of Claim was deemed allowed in the amount of $5,265,000.

52. The Proof of Claim constitutes a final judgment pursuant to Ninth Circuit precedent under *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998).

53. Despite having gross revenues of $424,713 in 2010, $2,011,663 in 2011 and $158,825 in 2012, the total assets of Ayers's bankruptcy estate were approximately $50,000. As a result, Foremost received a distribution of $7,757.24, or approximately 0.15% of its allowed claim.

## FIRST CAUSE OF ACTION
## ACTION ON JUDGMENT

54. Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 53, inclusive, as if fully set forth herein.

55. Foremost's Proof of Claim in the Ayers Bankruptcy was deemed allowed in the amount of $5,265,000.

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00188-SVW-RZ Document 58 Filed 01/25/16 Page 11 of 12 Page ID #:1134
Exhibit A to declaration of F. Velocci    Page 12 of 13

56. The allowance of the Proof of Claim constitutes a final judgment against Ayers.

57. Foremost's judgment remains outstanding in the amount of $5,257,242.76.

58. At all times during the Ayers Bankruptcy, Ayers was the alter ego of Tangshan Ayers, as alleged in Foremost's first cause of action.

59. At all times during the Ayers Bankruptcy, Tangshan Ayers had notice and control of the Ayers Bankruptcy, as evidenced by, among other things, Tangshan Ayer's Director of Sales signing Ayer's chapter 7 petition; Tangshan Ayers producing two employees of Tangshan Ayers for the Bankruptcy Rule 2004 examination of Ayers; and counsel for Tangshan Ayers defending the Bankruptcy Rule 2004 examination of Ayers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For an order of this Court finding Tangshan Ayers to be the alter ego of Ayers;

2. For monetary damages in an amount not less than $5,257,242.76, plus costs and pre-judgment and post-judgment interest and attorneys fees;

3. For exemplary damages;

4. For an order of this Court amending the judgment against Ayers to add Tangshan Ayers as a judgment debtor; and

5. For a writ of execution against Tangshan Ayers;

6. Such other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff, pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, hereby demands a trial by jury as to all issues so triable.

Case 2:13-bk-17409-RK Doc 66-3 Filed 01/13/17 Entered 01/13/17 17:32:03 Desc
Case 2:14-cv-00188-SVW-RZ Document 58 Filed 01/25/16 Page 12 of 12 Page ID #:1135
Exhibit A to declaration of F. Velocci   Page 13 of 13

| | | |
|---|---|---|
| 1 | Dated: January 25, 2016 | DRINKER BIDDLE & REATH LLP |
| 2 | | |
| 3 | | By: */s/ Suzanne V. Stouder* |
| 4 | | William A. Hanssen<br>Suzanne V. Stouder |
| 5 | | Frank F. Velocci [*pro hac vice*] |
| 6 | | Brian P. Morgan [*pro hac vice*]<br>DRINKER BIDDLE & REATH LLP |
| 7 | | 600 Campus Drive<br>Florham Park, NJ 07932 |
| 8 | | Telephone:   (973) 549-7000<br>Facsimile:    (973) 360-9831 |
| 9 | | Attorneys for Plaintiff |
| 10 | | FOREMOST GROUPS, INC. f/k/a<br>FOREMOST INTERNATIONAL |
| 11 | | TRADING CO., INC. |