William A. Hanssen (Bar No. 110613)
Ryan S. Fife (Bar No. 235000)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1825
William.hanssen@dbr.com
Ryan.fife@dbr.com

Attorneys for FOREMOST GROUPS, INC.

2

3

4

5

6

7

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC., | Case No.  2:14-cv-00188 SVW (RZx) Hon. Stephen V. Wilson Courtroom 6 |
| Plaintiff, | |
| vs. | |
| TANGSHAN AYERS BATH EQUIPMENT CO., LTD., | |
| Defendant. | |
| In re: | Case No. 2:13-bk-17409-RK |
| | Chapter 7 |
| **AYERS BATH (U.S.A.) CO., LTD.** | **RENEWED MOTION OF FOREMOST GROUPS, INC. TO AMEND THE JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO. LTD. AS JUDGMENT DEBTOR** |
| Debtor. | |
| | **Hearing:  January 24, 2018 at 2:00 p.m., Courtroom 1675** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR

CASE NO. 2:13-BK-17409-RK

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................................ 1

JURISDICTION AND VENUE ............................................................................................. 3

BACKGROUND ...................................................................................................................... 3

    A.    Foremost's Exclusive Distribution Agreement ......................................................... 3

    B.    Tangshan Ayers's Formation and Operation of Ayers Bath ................................. 4

    C.    Ayers Bath's Unlawful Conduct ................................................................. 5

    D.    Ayers Bath Litigation ................................................................................. 5

    E.    Ayers Bath Bankruptcy Case ..................................................................... 7

    F.    The Tangshan Ayers Litigation and Reopening of the Ayers Bath
          Bankruptcy Case ....................................................................................... 9

ARGUMENT: THE JUDGMENT SHOULD BE AMENDED TO INCLUDE
TANGSHAN AYERS AS A JUDGMENT DEBTOR ............................................................ 11

    A.    The Allowed Proof of Claim Constitutes a Final Judgment. ................................. 11

    B.    The Court Is Authorized to Amend the Judgment to Add a Judgment
          Debtor on Alter Ego Grounds. ................................................................... 12

    C.    Tangshan Ayers Satisfies the Judgment Debtor Criteria. ..................................... 13

          1.    Tangshan Ayers is the Alter Ego of Ayers Bath. ..................................... 13

          2.    Tangshan Ayers Exercised Sufficient Control Over the Bankruptcy
              Case. ........................................................................................................ 17

    D.    Alternatively, Foremost Should Be Given an Opportunity to Conduct
          Discovery. ................................................................................................. 17

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - i -    CASE NO. 2:13-BK-17409-RK

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Associated Vendors, Inc. v. Oakland Meat Co.*,
  210 Cal.App.2d 825 (1963)...................................................................................16

*Bank of Lafayette v. Baudoin*,
  981 F.2d 736 (5th Cir. 1993)...............................................................................12

*Bank of Montreal v. SK Foods, LLC*,
  476 B.R. 588 (N.D. Cal. 2012) ...........................................................................12

*Calvin Brian Int'l Co. v. Gustto, Inc.*,
  No. 13-cv-0218, 2014 WL 3548143 (S.D. Cal. July 17, 2014) ...................12, 13, 17

*Cigna Property & Cas. Ins. Co. v. Polaris Pictures Corp.*,
  159 F.3d 412 (9th Cir. 1998)...............................................................................12

*EDP Med. Computer Sys., Inc. v. U.S.*,
  480 F.3d 621 (2d Cir. 2007)................................................................................12

*Foremost International Trading Co., Inc. v. Ayers Bath (USA) Corporation*,
  Civil Action No. CV11-7473 GAF (Ex) ........................................................ *passim*

*Foremost International Trading Co., Inc. v. Tangshan Ayers Bath Equipment Co., Ltd.*,
  Civil Action No. 2:14-cv-00188 SVW ........................................................... *passim*

*In re Levander*,
  180 F.3d 1114 (9th Cir. 1999).........................................................................10, 12

*Mad Dogg Athletics, Inc. v. NYC Holding*,
  565 F.Supp.2d 1127 (C.D. Cal. 2008)....................................................................2

*Mid-Century Ins. Co. v. Gardner*,
  9 Cal. App. 4th 1205 (1992)................................................................................14

*NEC Electronics Inc. v. Hurt*,
  208 Cal.App.3d 772, 256 Cal.Rptr. 441 (1989)..............................................12, 17

*Pacific Frontier v. Pleasant Grove City*,
  414 F.3d 1221,1230 (10th Cir. 2005).....................................................................3

*Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.*,
  37 P.3d 1121,1128 (Utah 2001) ..........................................................................13

*Shanghai Minguang Int'l Grp. Co. v. Yang*,
   No. E044331, 2008 WL 4004697 (Cal. Ct. App. Aug. 29, 2008) ........................................... 12

*Siegel v. Federal Home Loan Mortg. Corp.*,
   143 F.3d 525 (9th Cir. 1998) ........................................................................................ 8, 11, 13

*U.S. v. Coast Wineries*,
   131 F.2d 643 (9th Cir. 1942) ................................................................................................. 11

*Wady v. Provident Life and Accident Ins. Co. of America*,
   216 F.Supp.2d 1060 (C.D. Cal. 2002) ................................................................................... 13

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 157(c) ........................................................................................................................... 3

28 U.S.C. § 1334 ............................................................................................................................. 3

28 U.S.C. § 1408 ............................................................................................................................. 3

28 U.S.C. § 1409 ............................................................................................................................. 3

California Code of Civil Procedure § 187 ..................................................................................... 12

Federal Rules of Bankruptcy Procedure Rule 2004 .......................................................... 7, 15, 17

Federal Rules of Bankruptcy Procedure Rule 7069 ................................................................. 1, 3

Federal Rules of Civil Procedure Rule 69(a) ........................................................................ *passim*

Local Bankruptcy Rule 2004-1 ............................................................................................ 1, 7, 17

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR     - iii -     CASE NO. 2:13-BK-17409-RK

## MEMORANDUM OF POINTS AND AUTHORITIES

Foremost Groups, Inc. ("Foremost"), a creditor in the above-captioned case, by and through its counsel, Drinker Biddle & Reath LLP, by way of the within Motion seeks entry of an order pursuant to Rule 69(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding by Rule 7069 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), amending the judgment against Ayers Bath (U.S.A.) Co., Ltd. ("Ayers Bath" or the "Debtor") to add Tangshan Ayers Bath Equipment Co. Ltd.'s ("Tangshan Ayers" and, together with Ayers Bath, "Ayers") as a judgment debtor.

## **PRELIMINARY STATEMENT**

1.      Foremost is a creditor of the Debtor.  The facts giving rise to Foremost's claim are straightforward.  The claims arise from Tangshan Ayers's attempt, through its alter ego, Ayers Bath, to usurp Foremost's exclusive right to distribute Tangshan Huida Ceramic Group Co., Ltd. ("Huida") products in the United States and Canada.  Despite having actual knowledge of Foremost's exclusive right of distribution, Tangshan Ayers formed Ayers Bath in order to facilitate its import and sale of such products to Foremost's customers.  Such conduct cost Foremost sales opportunities to which Foremost was otherwise entitled while simultaneously undermining Foremost's relationship with Huida.

2.      In September 2011, after Foremost learned of Ayers Bath's conduct, Foremost filed a complaint against Ayers Bath in the United States District Court for the Central District of California (the "District Court") and simultaneously sought a preliminary injunction barring Ayers Bath from selling, distributing or offering for sale Huida parts and products in the United States and Canada.  The injunction was entered in December 2011.  Faced with a motion to compel responses to discovery requests seeking information regarding, *inter alia*, the corporate relationship between Ayers Bath and Tangshan Ayers, Ayers Bath, at Tangshan Ayers's direction, filed for bankruptcy in this Court in March 2013.

3.      During Ayers Bath's bankruptcy case, Foremost renewed its efforts to ascertain the relationship between Ayers Bath and Tangshan Ayers.  Foremost sought to examine Ayers Bath under Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1.  Ayers Bath ultimately

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 1 -          CASE NO. 2:13-BK-17409-RK

1  consented to a Bankruptcy Rule 2004 examination, though only after it was confronted with yet

2  another motion to compel.  The individuals produced by Ayers Bath were employees of Tangshan

3  Ayers and were represented by counsel for Tangshan Ayers.  The Ayers Bath/Tangshan Ayers

4  representatives' testimonies revealed, for the first time, the grossly inadequate capitalization of

5  Ayers Bath and a significant overlap of directors and officers.

6      4.      Foremost timely filed a proof of claim for damages incurred as a result of Ayers

7  Bath's tortious conduct.   Foremost's proof of claim was deemed allowed in full ($5.265 million).

8  Despite having annual revenue in excess of $2 million dollars in 2011, the assets of Ayers Bath's

9  bankruptcy estate were limited to approximately $50,000, resulting in a *de minimis* recovery to

10  Foremost representing a mere .15% of its allowed claim.

11      5.      Ayers Bath's bankruptcy case closed on August 27, 2015.

12      6.      Foremost subsequently commenced suit in the District Court against Tangshan

13  Ayers, as Ayers Bath's alter ego, to recover the balance of its damages.  After attempting to evade

14  service and ultimately defaulting, Tangshan Ayers finally appeared and filed a series of motions

15  to dismiss.  Pursuant to Ninth Circuit precedent, the District Court ultimately held that Foremost's

16  allowed proof of claim constitutes a judgment.  However, the District Court also held that the

17  action against Tangshan Ayers should be stayed and directed Foremost "to seek an amended

18  judgment through the bankruptcy court" (the "Stay Order").  Accordingly, pursuant to the District

19  Court's Order, Foremost filed a motion to reopen Ayers Bath's bankruptcy case.  On November

20  15, 2016, this Court entered an Order granting Foremost's motion to reopen the bankruptcy case

21  and granting Foremost 60 days leave to file a motion to amend the judgment in accordance with

22  the District Court's Order.

23      7.      Foremost filed its first motion to amend on January 13, 2017.  The motion to

24  amend was never adjudicated, however, because questions regarding service and whether the Stay

25  Order constituted a formal referral to this Court prevented this Court from reaching a decision on

26  the merits.  Accordingly, Foremost applied to the District Court to lift the stay so that the Motion

27  to Amend could be filed in the District Court litigation and then referred to this Court, obviating

28  any need for additional service on Tangshan Ayers under the Hague Convention.   At the hearing,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 2 -    CASE NO. 2:13-BK-17409-RK

1    the District Court clarified that it was its intention to refer the matter to this Court by way of the

2    Stay Order, and issued, for the avoidance of doubt, a second order confirming that the matter has

3    been referred to this Court for proposed findings of fact and conclusions of law pursuant to 28

4    U.S.C. § 157.

5           8.       Accordingly, on December 13, 2017, this Court entered an Order denying

6    Tangshan's motion to dismiss or, in the alternative, quash Foremost's first motion to amend as

7    moot and reflecting that Foremost shall file the instant motion on or before December 15, 2017.

8           9.       This motion seeks the amendment of the judgment to add Tangshan Ayers as a

9    judgment debtor on alter ego grounds.  Federal Rule 69(a) authorizes this Court to apply

10   California's post-judgment procedures, and California law allows for the amendment of a

11   judgment to add a non-party alter ego as a judgment debtor.  As discussed in greater detail below,

12   Tangshan Ayers easily satisfies the alter ego criteria.  Tangshan Ayers was the sole owner of

13   Ayers Bath and installed its former and current employees as directors and officers.  When its

14   scheme to tortiously interfered with Foremost's contractual relationships was halted by the entry

15   of the injunction, Tangshan Ayers looted the company, leaving Ayers Bath an empty shell.

16   Counsel for Tangshan Ayers subsequently prepared and filed Ayers Bath's bankruptcy petition.

17   It would be inequitable if Tangshan Ayers was allowed to benefit from its misconduct and willful

18   abuse of the courts and bankruptcy process in an effort to shield itself from liability.  Foremost is

19   therefore entitled to the amendment of the judgment to add Tangshan Ayers as a judgment debtor.

20   **JURISDICTION AND VENUE**

21         10.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(c) and

22   1334.  This is a non-core matter.  Venue is properly before this Court under 28 U.S.C. §§ 1408

23   and 1409.  The basis for the relief sought herein is to Rule 69(a) of the Federal Rules, made

24   applicable to this proceeding by Rule 7069 of the Bankruptcy Rules.

25   **BACKGROUND**

26   A.     **Foremost's Exclusive Distribution Agreement**

27         11.     Foremost is a leader in the manufacturing of high-quality furniture and vitreous

28   china including toilets, bathroom vanities, bath accessories, home and office furniture, patio and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR   - 3 -       CASE NO. 2:13-BK-17409-RK

1  kids' furniture as well as original equipment manufacturer ("OEM") and food service equipment.

2  *See* Declaration of Frank F. Velocci ("Velocci Decl."), Ex. A (Second Amended Complaint), ¶ 7;

3  Ex. B (Order Re: Plaintiff's Application for Preliminary Injunction), p. 2.

4       12.    Foremost believed that there was a significant market opportunity in the United

5  States and Canada for the sale of bathroom and sanitary porcelain products manufactured by

6  Huida in China.  *See id.* Ex. A, ¶ 10.  After discussions and negotiations, Huida and Foremost

7  endeavored to pursue the successful introduction and promotion of Huida's bathroom and

8  sanitary porcelain products in the United States and Canada.  *See id.*

9       13.    On October 20, 2000, Huida executed a binding contract with Foremost granting

10  Foremost the exclusive right to distribute Huida bathroom and sanitary porcelain products and

11  toilet parts in the United States and Canada (the "Exclusive Distribution Agreement").  *See id.*

12  Ex. A, ¶ 11; Ex. B, p. 2.

13       14.    Pursuant to the Exclusive Distribution Agreement, Huida granted Foremost the

14  exclusive right to distribute all products manufactured by Huida, including toilets and kitchen and

15  bathroom sinks, in the United States and Canada.  *See id.* Ex. A, ¶ 12; Ex. B, p. 2.

16       15.    Since the execution of the Exclusive Distribution Agreement, Foremost has been

17  the exclusive distributor of Huida's products, including toilets and kitchen and bathroom sinks.

18  *See id.* Ex. A, ¶ 13.

19  **B.    Tangshan Ayers's Formation and Operation of Ayers Bath**

20       16.    Ayers Bath was incorporated in California in March 2010.  *See id.* Ex. A, ¶ 14; Ex.

21  C (Ayers Bath Statement of Information).

22       17.    Ayers Bath is a wholly owned and controlled subsidiary of Tangshan Ayers.  *See*

23  *id.* Ex. A, ¶ 15; Ex. D (Ayers Bath Voluntary Bankruptcy Petition), p. 8.

24       18.    Tangshan Ayers owns one-hundred (100%) percent of the shares of Ayers Bath.

25  *See id.* Ex. A, ¶ 16; Ex. D (Ayers Bath Voluntary Bankruptcy Petition), p. 8.

26       19.    There is substantial overlap of the directors and officers of Tangshan Ayers and

27  Ayers Bath.  *See id.* Ex. A, ¶ 17.

28       20.    Yan Qing Wang, the President of Tangshan Ayers, is a Director of Ayers Bath.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 4 -        CASE NO. 2:13-BK-17409-RK

1  *See id.* Ex. D, p. 31; Ex. E (Transcript of Bankruptcy Rule 2004 Examination of Peter Yao and

2  Charles Wang) 21:25-22:5.

3        21.    Upon information and belief, Huazhong Dong, a Director of Ayers Bath, is also a

4  Director of Tangshan Ayers.  *See id.* Ex. A, ¶ 19; Ex. D., p. 31.

5        22.    Junkuan (Peter) Yao, the President of Ayers Bath, is Sales Manager for Tangshan

6  Ayers.  *See id.* Ex. D, p. 31; Ex. E 6:3-17.

7        23.    Meng Liang (Charles Wang), the Chief Financial Officer of Ayers Bath, is

8  Director of Sales for Tangshan Ayers.  *See id.* Ex. Ex. D, p. 31; E 6:3-12.

9  **C.**    **Ayers Bath's Unlawful Conduct**

10        24.    Ayers Bath was a distributor of sanitary ware products, including toilets and

11  bathroom sinks.  Ayers Bath also operated and offered its products under the Dofiny brand.  *See*

12  *id.* Ex. B, p. 3.

13        25.    Upon information and belief, Tangshan Ayers formed Ayers Bath to market and

14  distribute Huida-manufactured products in the United States, such as toilets and bathroom sinks,

15  despite Tangshan Ayers's knowledge of the existence of the Exclusive Distribution Agreement

16  between Foremost and Huida.  *See id.* Ex. A, ¶ 25.

17        26.    In 2011, Foremost learned that Tangshan Ayers, through Ayers Bath, had been

18  approaching retail stores, wholesale channel and regional dealers in the United States and offering

19  Huida products for sale.  *See id.* Ex. B, pp. 5-8.

20        27.    Upon learning that Ayers Bath was approaching its customers to solicit the sale of

21  Huida products, Foremost informed Ayers Bath that its conduct infringed on Foremost's

22  exclusive right of distribution with Huida with respect to toilet and other bathroom products in the

23  United States and Canada.  *See id.* Ex. B, p. 8.

24        28.    Ayers Bath continued its unlawful conduct unabated, which compelled Foremost

25  to commence legal proceedings.  *See id.* Ex. B, p. 9.

26  **D.**    **Ayers Bath Litigation**

27        29.    On September 12, 2011, Foremost filed a complaint against Ayers Bath in the

28  District Court, captioned *Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. v.*

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 5 -    CASE NO. 2:13-BK-17409-RK

1   *Ayers Bath (USA) Corporation*, Civil Action No. CV11-7473 GAF (Ex) (the "Ayers Bath

2   Litigation").

3        30.    Contemporaneously with the filing of the complaint, Foremost sought a

4   preliminary injunction barring Ayers Bath from selling, distributing or offering for sale Huida

5   parts and products in the United States and Canada.  [Ayers Bath Litigation, Docket No. 5].

6        31.    At issue in the Ayers Bath Litigation was whether Ayers Bath's distribution of

7   Huida products interfered with Foremost's contractual relations and prospective economic

8   advantage.

9        32.    The District Court rejected Ayers Bath's argument that its toilets differed from

10  Foremost's in terms of design or specifications, holding that any differences identified by Ayers

11  Bath in comparison photographs were immaterial.  *See id.* Velocci Decl., Ex. B, p. 9.

12       33.    The District Court also noted that the toilets distributed by Ayers Bath contained

13  parts clearly manufactured by Huida.  *See id.* Ex. B, p. 8.

14       34.    The District Court found "[s]trong evidence" that Foremost would have continued

15  to reap economic benefits from the Exclusive Distribution Agreement absent Ayers Bath's

16  conduct:

17       [Foremost's Exclusive Distribution Agreement with Huida] generated substantial
         economic benefit to Foremost for several years and plainly contemplated probable
18       future benefits and economic advantage to Foremost. . . . Foremost sold Tangshan
         Huida porcelain goods to numerous large retail outlets in the United States for
19       several years and reasonably expected to continue with such sales in the future.
         Ex B, p. 12.
20

21       35.    The District Court further opined that Ayers Bath's "efforts to undercut Foremost

22  in the marketplace present[ed] a serious question regarding the wrongful nature of [Ayers Bath's]

    conduct":

23       Evidence tending to show efforts to sell product[s] to . . . [Foremost's] clients at
         any price, let alone at prices below those at which Foremost could purchase the
24       same item, supports an inference that [Ayers Bath] sought to interfere with
         Foremost's agreement to act as the exclusive distributor of Tangshan Huida
25       products in the United States.

26       Ex B, p. 13.

27       36.    Based on Foremost's Exclusive Distribution Agreement and its factual findings,

28

the District Court concluded that "Ayers [Bath] engaged in conduct that would defeat the very

purpose of that agreement."  Ex B, p. 15.

37.     On December 20, 2011, the District Court granted Foremost's application for a

preliminary injunction against Ayers Bath.  The Order provides, in relevant part:

> [Ayers Bath] and its officers, agents, servants, employees, and all those in active
> concert or participation with [Ayers Bath], shall stop selling, distributing and/or
> offering for sale any and all [Huida] bathroom vitreous china and/or porcelain and
> sanitary ware parts and products, including but not limited to toilets and kitchen
> and bathroom sinks, in the United States and Canada in violation of Foremost's
> exclusive distribution agreement.

Velocci Decl., Ex. F (Order Granting Application for Preliminary Injunction), p. 2.

**E.      Ayers Bath Bankruptcy Case**

38.     On March 22, 2013 (the "Petition Date"), Ayers Bath filed a voluntary petition

under chapter 7 of title 11 of the United States Code in this Court.  [Docket No. 1].

39.     Ayer Bath's chapter 7 petition was signed by Junkuan Yao, who is Sales Manager

for Tangshan Ayers.  *See* Velocci Decl., Ex. D, p. 3.

40.     Tangshan Ayers was listed on Ayers Bath's creditor mailing list and received

notice of Ayers Bath's bankruptcy filing.  *See* Velocci Decl., Ex. D, p. 37.

41.     In light of the Ayers Bath bankruptcy filing and the operation of the automatic

stay, on March 25, 2013, the District Court entered an Order removing the Ayers Bath Litigation

from the Court's active caseload.  [Ayers Bath Litigation, Docket No. 52].

42.     Shortly after the Petition Date, Alfred H. Siegel (the "Trustee") was duly

appointed as the Chapter 7 Trustee to manage the bankruptcy estate of Ayers Bath.

43.     In the Ayers Bath bankruptcy, Foremost sought to examine Ayers Bath under Rule

2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1.  [Motion

of Foremost for Examination of Ayers Bath and for Related Production of Documents under

Federal Rule of Bankruptcy 2004 and Local Bankruptcy Rule 2004-1, Docket No. 20].

44.     On November 13, 2013, Foremost conducted a Bankruptcy Rule 2004 examination

of Peter Yao and Charles Wang, officers of Ayers Bath who are also employees of Tangshan

Ayers.  *See*  Velocci Decl., Ex. E.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 7 -          CASE NO. 2:13-BK-17409-RK

45.     Messrs. Yao and Wang were represented by counsel for Tangshan Ayers.  *See id.*, Ex. E., p. 2.

46.     Messrs. Yao and Wang's testimony revealed, for the first time, the grossly inadequate capitalization of Ayers Bath and a significant overlap of directors and officers.  *See id.*, Ex. E., 6:3-17, 21:25 - 22:5.

47.     On December 12, 2013, Foremost filed a proof of claim in the Ayers Bath Bankruptcy in an amount not less than $5,265,000 (the "Proof of Claim").  *See* Velocci Decl., Ex. G (Proof of Claim).

48.     The Addendum to the Proof of Claim states that the Proof of Claim is for damages incurred by Foremost "as a result of [Ayers Bath's] interference with Foremost's contractual relationship with Huida and Foremost's pursuit of prospective business advantage by [Ayers Bath's] importation of Huida products and sale of those products to retail stores, wholesale channels and regional dealers in the United States."  *See id.*

49.     Neither Ayers Bath, the Trustee nor any other party in interest, including Tangshan Ayers, objected to Foremost's Proof of Claim.

50.     Foremost's Proof of Claim was deemed allowed in the amount of $5,265,000. [Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged, Docket No. 58, p. 5].

51.     The Proof of Claim constitutes a final judgment pursuant to Ninth Circuit precedent under *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998).

52.     Despite having gross revenues of $424,713 in 2010, $2,011,663 in 2011 and $158,825 in 2012, the total assets of Ayers Bath's bankruptcy estate were approximately $50,000. As a result, Foremost received a distribution of $7,757.24, or approximately 0.15% of its allowed claim.  [Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged, Docket No. 58, p. 5].

53.     Pursuant to the Trustee's Final Report, filed on April 14, 2015 [Docket No. 50] ("Trustee's Final Report"), Foremost was the only creditor of Ayers Bath to file a general unsecured claim against Ayers Bath.  There are no secured creditors of Ayers Bath.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 8 -                    CASE NO. 2:13-BK-17409-RK

54.     Pursuant to the Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged, filed on July 24, 2015, [Docket No. 58], the chapter 7 administrative fees and charges have been paid in full.

55.     On August 27, 2015, this Court entered a docket text Order closing the Ayers Bath Bankruptcy Case [Docket No. 59].

**F.      The Tangshan Ayers Litigation and Reopening of the Ayers Bath Bankruptcy Case**

56.     On January 9, 2014, Foremost filed a complaint against Tangshan Ayers in the District Court, captioned *Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. v. Tangshan Ayers Bath Equipment Co., Ltd.*, Civil Action No. 2:14-cv-00188 SVW (RZx) (the "Tangshan Ayers Litigation").  In the complaint, Foremost sought a determination that Tangshan Ayers, through its alter ego Ayers Bath, tortiously interfered with Foremost's prospective economic advantage and contractual relations and unjustly competed.

57.     After attempting to evade service, on June 8, 2015 Tangshan Ayers finally appeared and filed the first in a series of motions to dismiss.  [Tangshan Ayers Litigation, Docket No. 26].

58.     On October 28, 2015, the District Court entered an Order in which it held that the allowed Proof of Claim constitutes a judgment.  [Tangshan Ayers Litigation, Docket No. 49].

59.     On January 25, 2016, Foremost filed the Second Amended Complaint [Tangshan Ayers Litigation, Docket No. 58] (the "Second Amended Complaint").  In the Second Amended Complaint, Foremost is asserting a single claim for action on a judgment, by which Foremost sought a judgment against Tangshan Ayers on the grounds that Tangshan Ayers is the alter ego of Ayers Bath and therefore liable for the original judgment, *i.e.* the allowed Proof of Claim.

60.     Rather than answer the Second Amended Complaint, on February 8, 2016 Tangshan Ayers filed its fourth motion to dismiss.  [Tangshan Ayers Litigation, Docket No. 59].

61.     On March 8, 2016, the District Court entered an Order staying the Tangshan Ayers Litigation.  In the Order, the Honorable Stephen V. Wilson stated:

The Court has extensively considered the tangled procedural context of the present motion and concludes that, as a first measure, Foremost should seek an amended judgment through the bankruptcy court.  Whichever way Foremost has portrayed

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 9 -            CASE NO. 2:13-BK-17409-RK

its case, ultimately, it is an effort to amend the judgment of the bankruptcy court. In that regard, the action is STAYED in order to give Foremost the opportunity to seek an amended judgment through the bankruptcy court. *See In re Levander*, 180 F.3d 1114 (9th Cir. 1999).

In Chambers Order Staying Proceedings, dated March 8, 2016 (Tangshan Ayers Litigation, Docket No. 65) (the "Stay Order").

62.    Following the entry of the Stay Order, the parties explored the possibility of settlement.  However, those discussions did not result in a resolution of the issues raised in the Tangshan Ayers Litigation.

63.    Pursuant to the District Court's Stay Order, Foremost filed the motion to reopen Ayers Bath's bankruptcy case and the subsequent Motion to Amend, both of which were served on counsel of record for Tangshan Ayers in the Tangshan Ayers Litigation.  Tangshan Ayers's new attorneys, by way of special appearance, took the position that Foremost was required to re-serve Tangshan Ayers under the Hague Convention before the matter could proceed.

64.    This Court reopened the case and issued a tentative ruling establishing a briefing schedule and a hearing date on the underlying Motion to Amend and reserving the question of service until the hearing.  That ruling was never finalized, however, and the outstanding issues regarding service and whether the Stay Order constituted a formal referral to the Bankruptcy Court prevented this matter from proceeding to a decision on the merits.

65.    Following several rounds of briefing, on April 20, 2017, this Court entered an Order on Tangshan Ayer's first Motion to Dismiss, Or in the Alternative, Quash, denying Tangshan Ayer's Motion to Dismiss and granting Tangshan Ayer's Motion to Quash [Docket No. 84].  The Court granted Foremost leave to effectuate service upon Tangshan Ayers and held that "[t]he Motion to Amend shall be held in abeyance pending service of the Motion to Amend."

66.    On April 24, 2017, Foremost served Ayers Bath via its Agent for Service of Process pursuant to California state law.  [Proof of Service, Docket No. 86].

67.    Separately, however, Foremost applied to the District Court to lift the stay so that the Motion to Amend could be filed in the Tangshan Ayers Litigation and then referred to this Court, obviating any need for additional service on Tangshan Ayers under the Hague Convention

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 10 -                    CASE NO. 2:13-BK-17409-RK

1    [Tangshan Ayers Litigation, Docket No. 66] ("Motion to Lift Stay").

2         68.    The District Court held oral argument on the Motion to Lift Stay on October 23,

3    2017.  Upon learning that the question of whether the District Court intended to formally refer the

4    matter to the Bankruptcy Court has effectively ground the litigation to a halt, the Honorable

5    Stephen V. Wilson stated that it was his intention to refer the matter to this Court.  On November

6    1, 2017, the District Court issued the referral order, stating that:

> Foremost argued before this Court that it interpreted the Stay Order to be a
> referral to the Bankruptcy Court, and requested this Court issue an Order
> clarifying that the Stay Order be treated as such.  The Court agrees.  In issuing
> the Stay Order, the Court intended that the alter-ego issue to the Bankruptcy
> Court for proposed findings of fact and conclusions of law under 28 U.S.C. §
> 157.

Referral Order.

     69.    The District Court goes on to state:  "[t]he Court hereby refers this matter to the

Bankruptcy Court for proposed findings of fact and conclusions of law."

     70.    On December 13, 2017, this Court entered an Order denying Tangshan's renewed

motion to dismiss or, in the alternative, quash Foremost's first motion to amend as moot and

reflecting that Foremost shall file the instant motion on or before December 15, 2017 [Docket No.

114].

     71.    Accordingly, Foremost filed the instant Motion and seeks proposed findings of

fact and conclusions of law regarding the relief sought.

**ARGUMENT:**
**THE JUDGMENT SHOULD BE AMENDED TO INCLUDE**
**TANGSHAN AYERS AS A JUDGMENT DEBTOR**

**A.    The Allowed Proof of Claim Constitutes a Final Judgment.**

     72.    It is binding Ninth Circuit precedent that the allowance of the Proof of Claim

against Ayers Bath constitutes a final judgment by a court of competent jurisdiction.  *See Siegel v.*

*Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998) ("[T]he allowance or

disallowance of a proof of claim in bankruptcy is binding and conclusive on all parties or their

privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata.")

(internal citation and quotations omitted); *U.S. v. Coast Wineries*, 131 F.2d 643, 648 (9th Cir.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 11 -    CASE NO. 2:13-BK-17409-RK

1  1942) ("[T]he allowance or disallowance of a claim in bankruptcy should be given like effect as

2  any other judgment of a competent court, in a subsequent suit against the bankrupt or any one in

3  privity with him."); *see also EDP Med. Computer Sys., Inc. v. U.S.*, 480 F.3d 621, 624 (2d Cir.

4  2007) ("[A] bankruptcy court order allowing an uncontested proof of claim constitutes a 'final

5  judgment' and is thus a predicate for res judicata."); *Bank of Lafayette v. Baudoin*, 981 F.2d 736,

6  739 (5th Cir. 1993) ("[W]e read our prior holdings to establish that an order allowing a proof of

7  claim is … a final judgment.").

8      73.    Indeed, the District Court held, on multiple occasions, that the allowed Proof of

9  Claim constitutes a judgment, ultimately staying the Tangshan Ayers Litigation and directing

10  Foremost "to seek an amended judgment through the bankruptcy court."

11 **B.    The Court Is Authorized to Amend the Judgment to Add a Judgment Debtor on
          Alter Ego Grounds.**

12      74.    Federal Rule 69(a) "empowers federal courts to rely on state law to add judgment-

13  debtors." *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999).  Thus, "where a state law such

14  as California's allows a judgment creditor to add a judgment debtor to a judgment on an alter ego

15  theory, it is appropriate to do so under Rule 69(a)." *Calvin Brian Int'l Co. v. Gustto, Inc.*, No. 13-

16  cv-0218, 2014 WL 3548143, at *2 (S.D. Cal. July 17, 2014) (citing *Cigna Property & Cas. Ins.

17  Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998)).

18      75.    California Code of Civil Procedure section 187 allows the amendment of a

19  judgment to add "additional judgment debtors on the grounds that a person or entity is the alter

20  ego of the original judgment debtor." *NEC Electronics Inc. v. Hurt*, 208 Cal.App.3d 772, 778,

21  256 Cal.Rptr. 441 (1989).  The judgment creditor must show that:  (1) "the party to be added

22  satisfies the alter ego criteria," and (2) "the new party had control of the litigation and occasion to

23  conduct it with a diligence corresponding to the risk of personal liability involved." *Bank of

24  Montreal v. SK Foods, LLC*, 476 B.R. 588, 601 (N.D. Cal. 2012) (citing *NEC Electronics Inc. v.

25  Hurt*, 208 Cal.App.3d 772, 778-79 (Cal. Ct. App. 1989)); *see also Mad Dogg Athletics, Inc. v.

26  NYC Holding*, 565 F.Supp.2d 1127, 1130 (C.D. Cal. 2008) (adding individual alter ego to default

27  judgment against corporation); *Shanghai Minguang Int'l Grp. Co. v. Yang*, No. E044331, 2008

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 12 -        CASE NO. 2:13-BK-17409-RK

1   WL 4004697, at *5 (Cal. Ct. App. Aug. 29, 2008) (affirming adding party default judgment of

2   individual where party "made a strategic decision not to reinstate [suspended] corporations and

3   present a defense").

4         76.    In *Siegel*, the Ninth Circuit expressly held that an allowed proof of claim "is

5   binding and conclusive on all parties **or their privies**." *Siegel*, 143 F.3d at 529 (emphasis added).

6   Privies to a company include "officers or owners of a closely held corporation, partners, co-

7   conspirators, agents, ***alter egos*** or other parties with similar legal interests." *Pacific Frontier v.*

8   *Pleasant Grove City*, 414 F.3d 1221,1230 (10th Cir. 2005) (quoting *Press Publ'g, Ltd. v. Matol*

9   *Botanical Int'l, Ltd.*, 37 P.3d 1121,1128 (Utah 2001)) (emphasis added).  Thus, in the event the

10  Court finds that Tangshan Ayers is the alter ego of Ayers Bath and controlled the Ayers Bath

11  bankruptcy case, it is liable for all judgments (or, in this case, allowed proofs of claim), entered

12  against Ayers Bath.  *See Calvin Brian Int'l Co.*, 2014 WL 3548143 at *4 (amending default

13  judgment to add, under an alter-ego theory, an additional judgment debtor where judgment debtor

14  formed and owned 100% of defendant, appeared to have diverted the defendant's assets, caused

15  the defendant to retain counsel and appeared at an early dispute resolution proceeding).

16  **C.    Tangshan Ayers Satisfies the Judgment Debtor Criteria.**

17      **1.    Tangshan Ayers is the Alter Ego of Ayers Bath.**

18        77.    "Before the [alter ego] doctrine may be invoked, two elements must be

19  established: (1) that there be such unity of interest and ownership that the separate personalities of

20  the corporation and the individual no longer exist and (2) that, if the acts are treated as those of

21  the corporation alone, an inequitable result will follow." *Wady v. Provident Life and Accident*

22  *Ins. Co. of America*, 216 F.Supp.2d 1060, 1066 (C.D. Cal. 2002).

23        78.    When assessing whether there is a unity of interest and ownership between two

24  entities such that separate personalities no longer exist, courts have considered the following non-

25  exclusive factors:

26          the commingling of funds and other assets; the failure to segregate funds of the
        individual and the corporation; the unauthorized diversion of corporate funds to
27          other than corporate purposes; the treatment by an individual of corporate assets as
        his own; the failure to seek authority to issue stock or issue stock under existing
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 13 -    CASE NO. 2:13-BK-17409-RK

authorization; the representation by an individual that he is personally liable for corporate debts; the failure to maintain adequate corporate minutes or records; the intermingling of the individual and corporate records; the ownership of all the stock by a single individual or family; the domination or control of the corporation by the stockholders; the use of a single address for the individual and the corporation; the inadequacy of the corporation's capitalization; the use of the corporation as a mere conduit for an individual's business; the concealment of the ownership of the corporation; the disregard of formalities and the failure to maintain arm's-length transactions with the corporation; and the attempts to segregate liabilities to the corporation.

*Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 1213 n.3 (1992).

79.    Based on the following facts, Tangshan Ayers and Ayers Bath shared such a unity of interest and ownership that any separateness between them ceased to exist:

(a)    Tangshan Ayers owned one-hundred (100%) percent of the shares of Ayers Bath.  *See* Velocci Decl., Ex. D, p. 8.

(b)    Tangshan Ayers dominated and controlled Ayers Bath.  Tangshan Ayers formed Ayers Bath for the sole purpose of selling products made or distributed by Tangshan Ayers, such as toilets, faucets and tiles, to the United States market.  *See* Velocci Decl., Ex. E, 9:8-18.  The directors and officers of Ayers Bath consisted entirely of former and current employees of Tangshan Ayers.  *See id.* Ex. C; Ex. E. 6:3-17, 21:25 - 22:5.  Tangshan Ayers dictated prices for its products to Ayers Bath, except for "special products."  *See* Ex. E 16:14-21.  For such products, the Ayers Bath officer who "negotiated" the prices previously worked for Tangshan Ayers and subsequently assumed a position as Director of Sales for Tangshan Ayers.  *See id.*, Ex. E, 6:3-12, 16:18 – 17:9.  After the District Court enjoined Ayers Bath from continuing to distribute Huida products in the United States and Canada, counsel for Tangshan Ayers prepared and filed the Ayers Bath bankruptcy petition and Junkuan (Peter) Yao, the President of Ayers Bath and Sales Manager for Tangshan Ayers, signed the petition. *See* Ex. D, p. 3; Ex. E 20:22 – 21:1.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR          - 14 -          CASE NO. 2:13-BK-17409-RK

1    (c)    <u>Tangshan Ayers and Ayers Bath shared directors and officers.</u>  Yan Qing

2           Wang, the President of Tangshan Ayers, is a Director of Ayers Bath.  *See*

3           *id.* Ex. D, p. 31; Ex. E 21:25 – 22:5.  Upon information and belief,

4           Huazhong Dong, a Director of Ayers Bath, is also a Director of Tangshan

5           Ayers.  *See id.* Ex. A, ¶ 19; Ex. D., p. 31.  Junkuan (Peter) Yao, the

6           President of Ayers Bath, is Sales Manager for Tangshan Ayers.  *See id.* Ex.

7           D, p. 31; Ex. E 6:3-17.  Meng Liang (Charles Wang), the Chief Financial

8           Officer of Ayers Bath, is Director of Sales for Tangshan Ayers.  *See id.* Ex.

9           Ex. D, p. 31; E 6:3-12

10   (e)    <u>Tangshan Ayers failed to adequately capitalize Ayers Bath.</u>  Tangshan

11          Ayers provided Ayers Bath with start-up capital in the amount of $200,000.

12          *See id.* Ex. E 15:2-9.  Compared with the liability it faced for its tortious

13          conduct towards Foremost, Ayers Bath's capitalization was grossly

14          insufficient.

15   (d)    <u>Tangshan Ayers and Ayers Bath used the same attorney.</u>  Ayers Bath's

16          bankruptcy petition was prepared by Squire Sanders LLP.  *See* Ex. D, p. 3;

17          Ex. E 20:22 – 21:1.  Squire Sanders LLP also represented Tangshan Ayers

18          in the bankruptcy and defended the Bankruptcy Rule 2004 deposition of

19          Messrs. Wang and Yao – two Tangshan Ayers employees.

20   (f)    <u>Tangshan Ayers and Ayers Bath disregarded corporate formalities and</u>

21          <u>failed to maintain arms' length relationships.</u>  Ayers Bath lacked a board of

22          directors that Mr. Yao reported to or exercised control over the company.

23          *See id.* Ex. E 38:14-22.  Ayers Bath's sole reason for existing was to

24          distribute Huida and Tangshan Ayers's products in the United States, in

25          contravention of Foremost's Exclusive Distribution Agreement.  While

26          Tangshan Ayers dictated the prices for its products to Ayers Bath, Ayers

27          Bath did not pay Tangshan Ayers in the ordinary course of business.  As

28          Mr. Wang testified, there was "[n]o fixed time" for payment.  *See id.* Ex. E

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 15 -        CASE NO. 2:13-BK-17409-RK

1    37:13-15.  Rather, Ayers Bath only rendered payment to Tangshan Ayers

2    when it had "spare money."  *See id.* Ex. E 37:15-18.

3      (b)    <u>Tangshan Ayers commingled and diverted funds and other assets of Ayers</u>

4          <u>Bath</u>.  Ayers Bath had gross revenues of $424,713 in 2010, $2,011,663 in

5          2011 and $158,825 in 2012.  *See* Trustee's Final Report, Ex. A.  However,

6          the total assets of Ayers Bath's bankruptcy estate were a mere $51,953.56.

7          *See id.*  It is apparent that, when Ayers Bath was enjoined from continuing

8          its tortious behavior, Tangshan Ayers looted the company before putting it

9          into bankruptcy in an effort to make itself judgment proof.

10    80.    Based upon the foregoing, Tangshan Ayers and Ayers Bath shared such a unity of

11 interest and ownership as to be indistinguishable.  Tangshan Ayers formed Ayers Bath in order to

12 subvert the Exclusive Distribution Agreement, installed Tangshan Ayers employees as directors

13 and officers, operated it without observing corporate formalities, and then removed Ayers Bath's

14 illicitly obtained profits before putting an empty shell of a company into bankruptcy.

15    81.    Furthermore, an inequitable result will follow if Tangshan Ayers is not treated as

16 the alter ego of Ayers Bath.  Tangshan Ayers formed Ayers Bath to market and distribute Huida

17 products in the United States despite Tangshan Ayers's knowledge of the Exclusive Distribution

18 Agreement between Foremost and Huida.  After Foremost was forced to bring suit against Ayers

19 Bath in order to stop its tortious conduct, Tangshan Ayers caused Ayers Bath to file for

20 bankruptcy.  Tangshan Ayers transferred the assets of debtor Ayers Bath—but not its liabilities—

21 to non-debtor Tangshan Ayers, and these transfers rendered Ayers Bath incapable of meeting its

22 obligations to creditors, including Foremost.  Such "manipulation of assets and liabilities between

23 entities so as to concentrate the assets in one and the liabilities in another" to "the detriment of

24 creditors" is precisely the kind of inequitable result and bad faith conduct the alter ego doctrine

25 was formulated to address.  *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825,

26 840 (1963); *see also* 1 Fletcher Cyclopedia of Corporations § 41.70 (1990 & Supp. 1994)

27 ("Where a creditor proves that <u>controlling shareholders</u> organized or used the corporation to

28 deceive or defraud personal creditors, the separate existence shall be disregarded and the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 16 -      CASE NO. 2:13-BK-17409-RK

1   corporation and the <u>shareholders</u> will be treated as one and the same.") (emphasis added).

2        **2.**     **Tangshan Ayers Exercised Sufficient Control Over the Bankruptcy Case.**

3        82.     Tangshan Ayers had sufficient control of Ayers Bath's bankruptcy case and

4   occasion to conduct with a diligence corresponding to the risk of personal liability involved.

5   "Control of the litigation sufficient to overcome due process objections may consist of a

6   combination of factors, usually including the financing of the litigation, the hiring of attorneys,

7   and control over the course of the litigation." *NEC Elecs.*, 208 Cal.App.3d at 781.

8        83.     Tangshan Ayers caused Ayers Bath to file for bankruptcy and a Tangshan Ayers

9   executive signed its bankruptcy petition. Counsel for Tangshan Ayers, not Ayers Bath, executed

10   a stipulation agreeing to produce one or more representatives of the Debtor for the Bankruptcy

11   Rule 2004 examination. [Stipulation and Consent Order Setting Date for Examination of Ayers

12   Bath under Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1,

13   Docket No. 27]. Employees of Tangshan Ayers subsequently appeared for a Bankruptcy Rule

14   2004 examination of the debtor, Ayers Bath, and were represented by counsel for Tangshan

15   Ayers. The same law firm, Squire Sanders LLP, prepared and filed Ayers Bath's bankruptcy

16   petition.

17        84.     The fact that Tangshan Ayers did not object to the Proof of Claim is, like the entry

18   of a default judgment, "of no moment." *Calvin Brian Int'l Co.*, 2014 WL 3548143 at *4

19   (amending judgment to add judgment debtor where judgment debtor was provided with sufficient

20   notice of proceedings and had the opportunity to participate in litigation). Tangshan Ayers not

21   only had notice of the bankruptcy proceedings, it initiated them and was an active participant.

22        85.     For all of the foregoing reasons, the judgment should be amended to add Tangshan

23   Ayers as a judgment debtor.

24   **D.**     **Alternatively, Foremost Should Be Given an Opportunity to Conduct Discovery.**

25        86.     There is ample evidence in the record of this bankruptcy case and the Ayers Bath

26   and Tangshan Ayers Litigation to support a finding of alter ego status between Tangshan Ayers

27   and Ayers Bath. Notwithstanding, should the Court find otherwise, Foremost should be allowed

28   to conduct discovery on the issues of alter ego and the filing and control of Ayer's Bath

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 17 -    CASE NO. 2:13-BK-17409-RK

1   bankruptcy.  Foremost has not yet had the benefit of written discovery on these issues.

2         87.     In the Ayers Bath Litigation, following the entry of the preliminary injunction,

3   Foremost propounded written discovery on Ayers Bath.  The discovery included requests for

4   information regarding the corporate relationship between Ayers Bath and Tangshan Ayers.

5   Specifically, Document Request No. 11 asked Ayers Bath to produce "[a]ll documents relating to

6   your corporate structure, history and affiliations," and Document Request No. 13 sought the

7   production of "[a]ll documents which discuss, mention or relate to any relationship, connection

8   and/or affiliation between Tangshan Ayers and [Ayers Bath]."  *See* Velocci Decl., Ex. H.

9   Similarly, Interrogatory No. 7 asked Ayers Bath to "[i]dentify any and all persons with

10   knowledge and/or information concerning any relationship, connection and/or affiliation between

11   [Ayers Bath] and Tangshan Ayers" and Interrogatory No. 9 required Ayers Bath to "[i]dentify by

12   date, author, and addressee, any communications between[Ayers Bath] and Tangshan Ayers

13   (either to or from Tangshan Ayers) regarding the alleged conduct that forms the basis of the

14   Ayers Litigation and describe in detail the contents of each such communication."  *See id.*, Ex. I.

15   Ayers Bath willfully failed to engage in the discovery process, refusing to produce any documents

16   to Foremost or even respond to Foremost's requests to meet and confer.  On the eve of Foremost

17   filing a motion to compel, Ayers Bath filed for bankruptcy.

18         88.     The Tangshan Ayers Litigation did not progress beyond the threshold motion stage

19   before the District Court stayed the matter and directed Foremost to seek an amended judgment

20   from this Court.

21         89.     Thus, in the event the Court does not grant the motion, Foremost should be

22   allowed to propound discovery on Tangshan Ayers on the issues of alter ego and control of the

23   litigation.

24       **WHEREFORE** Foremost requests that this Court enter an Order (a) amending the Proof

25   of Claim to add Tangshan Ayers as a judgment debtor; and (b) granting such other and further

26   relief as this Court deems just and proper.

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR    - 18 -    CASE NO. 2:13-BK-17409-RK

1  Dated: December 14, 2017                    DRINKER BIDDLE & REATH LLP

2

3                                             By:/s/ Ryan S. Fife _____

4
                                              Attorneys for FOREMOST GROUPS, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO AMEND JUDGEMENT OF
BANKRUPTCY CT. TO ADD JUDGMENT DEBTOR        - 19 -              CASE NO. 2:13-BK-17409-RK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1800 Century Park East, Suite 1500, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*):

- **RENEWED MOTION OF FOREMOST GROUPS, INC. TO AMEND THE JUDGMENT OF THE BANKRUPTCY
COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO. LTD. AS JUDGMENT DEBTOR**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___12/14/17_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Judge Robert N. Kwan by Personal Delivery
United States Bankruptcy Court, Central District of California
255 E. Temple Street, Suite 1682 / Courtroom 1675
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 14, 2017 | Ryan S. Fife | /s/ Ryan S. Fife |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

Case No. Case No. 2:13-bk-17409-RK

In re:

### AYERS BATH (U.S.A.) CO., LTD.

Debtor.

- Jeffrey S Renzi jrenzi@ssd.com, clopez@ssd.com, ptsui@ssd.com
- Anthony A Friedman aaf@lnbyb.com
- John A Moe john.moe@dentons.com, glenda.spratt@dentons.com, laurie.soledad@dentons.com, jennifer.wall@dentons.com, andy.jinnah@dentons.com
- Alfred H Siegel (TR) Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com; Margo.tzeng@asiegelandassoc.com; asiegel@ecf.epiqsystems.com

- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**