HAGENS BERMAN SOBOL SHAPIRO LLP
Philip Graves, Bar No. 153441
philipg@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: 213-330-7150
Facsimile: 213-330-7152

OBERDIER RESSMEYMER LLP
Carl W. Oberdier (*pro hac vice*)
Kellen G. Ressmeyer (*pro hac vice*)
Sara K. Hunkler (*pro hac vice*)
655 Third Avenue; 28th Floor
New York, New York  10017
Telephone:  (212) 659-5141
Facsimile:   (646) 349-4925

Attorneys For TANGSHAN AYERS BATH EQUIPMENT CO., LTD.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TANGSHAN AYERS BATH EQUIPMENT CO., LTD.,<br><br>Defendant. | Case No. 2:14-cv-00188 SVW (RZx)<br>Hon. Stephen V. Wilson<br>Courtroom 6 |
| In re:<br><br>AYERS BATH (U.S.A.) CO., LTD.,<br><br>Debtor. | Case No.: 2:13-bk-17409-RK<br><br>Chapter 7<br><br>**DECLARATION OF YANG CHUN IN OPPOSITION TO THE RENEWED MOTION OF FOREMOST GROUPS, INC. TO AMEND THE JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO. LTD. AS JUDGMENT DEBTOR**<br><br>Hearing: January 24, 2018 at 2:00 p.m.,<br>**Place: Courtroom 1675**<br>**Docket No. 118** |

CASE NO. 2:13-bk-17409-RK

I, Yang Chun, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of twenty-one and am competent to make this Declaration. I have personal knowledge of the facts stated herein. If I appeared as a witness, I could and would testify to these facts.

2. I make this Declaration in my native language of Chinese. I have limited fluency in spoken English and would need to testify using a translator. I have limited proficiency in reading and writing in English.

3. I am employed as the General Manager of Tangshan Ayers Bath Equipment Co., Ltd. ("**Tangshan**"). I have held that position since March, 2010. My responsibilities as General Manager include daily management of the company and sales of products.

## BACKGROUND OF TANGSHAN

4. Tangshan was set up in 2005 to manufacture and sell primarily its own Dofiny brand of bath products. Tangshan has distributed only a relatively small number of products manufactured by Huida. In the past five years, Tangshan has sold products in Ireland, Brazil, Russia, South Korea, The Netherlands, Mongolia, Sri Lanka, India, Bangladesh, and England. During that time, Tangshan has averaged around 600 to 800 employees.

5. Tangshan has never had any direct business presence in the United States. Tangshan has never filed tax returns in the United States.

## BACKGROUND OF AYERS BATH

6. Ayers Bath (U.S.A.) Co., Ltd. ("**Ayers USA**") was formed in March 2010. I have never held any position with Ayers Bath.

7. From 2010 through the time it ceased operations in 2013, Ayers USA typically employed a receptionist and about two or three sales representatives. None of these persons was an employee of Tangshan. Although Ayers USA's President, Junkuan (Peter) Yao, and Vice President, Meng Liang (Charles) Wang, were formerly employed by Tangshan, they terminated their employment with Tangshan at the time they began working for Ayers USA. They were not employed by Tangshan during the entire time they worked for Ayers USA. Until Ayers USA effectively ceased operations, it (not Tangshan) paid its management's and employees' salaries.

8. Tangshan and Ayers USA never shared any of the following:

    a. Bank accounts

    b. Corporate funds

    c. Address(es)

    d. Office space

    e. Employees

9. Ayers USA's day-to-day business decisions were made by its management independently of Tangshan. Ayers USA employed its own accountants and filed its own tax returns in the United States.

10. Ayers USA was not undercapitalized relative to its operating needs. Ayers USA operated at a net profit until its business was effectively shut down by the preliminary injunction obtained against it by Foremost in December 2011. As of that date, Ayers USA's revenue essentially ceased, yet it continued to incur expenses such as rent, legal expenses, salaries, and payments for inventory previously purchased.

**THE DISPUTE WITH FOREMOST AND AYERS USA'S BANKRUPTCY FILING**

11. Foremost filed its lawsuit against Ayers Bath in 2011. Foremost never contacted Tangshan regarding the lawsuit nor attempted to negotiate any resolution of the dispute with Tangshan. Foremost never gave any indication that it viewed Tangshan as controlling the defense of that lawsuit.

12. Tangshan did not monitor or direct the conduct of Ayers Bath in connection with the bankruptcy proceedings. Tangshan's management was not aware of Foremost's proof of claim filed in the bankruptcy until after Foremost sued Tangshan in 2014. Tangshan was never informed that either it or Ayers Bath had any right to oppose Foremost's proof of claim. Before Foremost commenced its lawsuit against Tangshan in 2014, Tangshan was not aware that Foremost believed it had any claim against Tangshan.

13. At no time did Tangshan ever receive any funds of any sort from Ayers USA, except for payments for inventory that Ayers USA purchased from Tangshan. Each of these payments was for fair, market price value and was properly accounted for. The last payment that

- 2 -

1 | Tangshan received from Ayers USA was in October 2011 in the amount of $150,000. Tangshan
2 | received no funds or anything else of value from Ayers USA for more than a year before Ayers
3 | USA filed for bankruptcy.
4 |     14.    As of March 22, 2013, Ayers USA owed Tangshan $668,982.69 for inventory it had
5 | purchased.
6 |     I declare under penalty of perjury under the laws of the United States of America and the
7 | State of California that the foregoing is true and correct.
8 |     Executed on January 10, 2018 at Shanghai, People's Republic of China.

                                                                                                                YANG CHUN

## CERTIFICATE OF TRANSLATION

I, ZhangZexi, a translator employed by Beijing Spirit Translation Co., Ltd., in Beijing, People's Republic of China, am competent to translate from Chinese into English, and certify that the translation of the foregoing document is true and accurate to the best of my abilities.

Name of Translator:

_ZhangZeXi_

Address of Translator:

Room 1703, Tower 7, Jianwai SOHO, No.39, East 3rd Ring Middle Road, Chaoyang District, Beijing, 100022

| | |
|---|---|
| 1 | Philip Graves, Bar No. 153441 |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | philipg@hbsslaw.com |
| | 301 North Lake Avenue, Suite 920 |
| 3 | Pasadena, California 91101 |
| | Telephone: 213-330-7150 |
| 4 | Facsimile: 213-330-7152 |
| 5 | OBERDIER RESSMEYMER LLP |
| | Carl W. Oberdier (*pro hac vice*) |
| 6 | Kellen G. Ressmeyer (*pro hac vice*) |
| | Sara K. Hunkler (*pro hac vice*) |
| 7 | 655 Third Avenue; 28th Floor |
| | New York, New York 10017 |
| 8 | Telephone: (212) 659-5141 |
| | Facsimile: (646) 349-4925 |
| 9 | |
| | Attorneys for TANGSHAN AYERS |
| 10 | BATH EQUIPMENT CO., LTD. |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC., | Case No. 2:14-cv-00188 SVW (RZx) Hon. Stephen V. Wilson Courtroom 6 |
| Plaintiff, | |
| vs. | |
| TANGSHAN AYERS BATH EQUIPMENT CO., LTD., | |
| Defendant. | |
| In re: | Case No.: 2:13-bk-17409-RK |
| | Chapter 7 |
| AYERS BATH (U.S.A.) CO., LTD., | DECLARATION OF YANG CHUNG IN OPPOSITION TO RENEWED MOTION OF FOREMOST GROUPS, INC. TO AMEND THE JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO. LTD. AS JUDGMENT DEBTOR |
| Debtor. | |

本人，杨春，根据美国法典第28卷第1746节规定提交如下证言：

1. 我已年满21岁，有能力提交此证言。此处所述事实是基于本人的所知。如果出庭作证，我能够并且将会对以下事实作证。

2. 我的此份证言以母语中文书就。我的英语口语能力有限，因此在作证时需要翻译。我的英文读写水平有限。

3. 我在唐山艾尔斯卫浴有限公司（下称"唐山艾尔斯"）担任总经理。我从2010年3月起一直担任该职务。我作为总经理的职责包括：负责公司日常管理和销售。

### *唐山艾尔斯的背景情况*

4. 唐山艾尔斯于2005年设立，其设立是为了制造和主要销售其自有品牌"杜菲尼（Dofiny）"的卫浴产品。唐山艾尔斯只经销数量相对较少的由惠达制造的产品。在过去的5年里，唐山艾尔斯在爱尔兰、巴西、俄罗斯、韩国、荷兰、蒙古国、斯里兰卡、印度、孟加拉共和国和英国等地销售产品。在此期间，唐山艾尔斯雇佣的员工年均人数为600-800名员工。

5. 唐山艾尔斯从未在美国有过任何直接的经营活动。唐山艾尔斯也从未在美国提交过纳税申报单。

### *美国艾尔斯的背景情况*

6. 艾尔斯卫浴（美国）有限公司（下称"美国艾尔斯"）于2010年3月成立。我从未在美国艾尔斯担任过任何职务。

7. 从2010年至2013年（美国艾尔斯停止营业），美国艾尔斯通常雇佣1名前台接待员和大约2-3名销售代表。他们中没有人受雇于唐山艾尔斯。尽管美国艾尔斯的董事长姚俊宽和副董事长王孟良曾经受雇于唐山艾尔斯，但是从他们开始为美国艾尔斯工作时起，他们就终止了与唐山艾尔斯的劳动关系。在为美国艾尔斯工作的整个期间，他们都没有受雇于唐山艾尔斯。美国艾尔斯实际上终止营业之前，其自行（而非唐山艾尔斯）支付了美国艾尔斯的管理费用和雇员工资。

8. 唐山艾尔斯与美国艾尔斯从未共用过以下罗列事项：
   a. 银行账户

b.　　公司基金

c.　　地址

d.　　办公地点

e.　　雇员

9.　　美国艾尔斯的日常商业决定由自己的管理人员做出，独立于唐山艾尔斯。美国艾尔斯在美国雇佣了自己的会计师并提交了自己的纳税申报单。

10.　　相较于美国艾尔斯的运营需求，其并不存在资金不足的情况。2011 年 12 月富凯申请获得了临时禁令，使得美国艾尔斯的运营被实际上终止，在此之前，美国艾尔斯的经营一直有净利润。自那时起，美国艾尔斯基本没有收入了，但是它仍然在继续产生费用，例如租金、法律费用、工资和此前采购的货物的货款等。

### *与富凯的纠纷及美国艾尔斯的破产申请*

11.　　富凯于 2011 年向美国艾尔斯提起诉讼后，其从未就诉讼事宜联系过唐山艾尔斯，也从未试图与唐山艾尔斯进行任何谈判，以解决纠纷。富凯从未表示过其认为唐山艾尔斯控制了该案件的抗辩。

12.　　唐山艾尔斯没有监督或指示美国艾尔斯从事与破产程序相关的行为。直到 2014 年富凯起诉唐山艾尔斯之前，唐山艾尔斯的管理层并不知道富凯在破产程序中申报的债权。唐山艾尔斯从未被告知其或美国艾尔斯有任何权利对富凯申报的债权提出异议。在富凯于 2014 年起诉唐山艾尔斯之前，唐山艾尔斯并不知道富凯自认为其有针对唐山艾尔斯提起任何主张的权利。

13.　　唐山艾尔斯从未收到过来自美国艾尔斯的任何形式的任何资金，除了美国艾尔斯为从唐山艾尔斯购买的货物所支付的货款。每一笔货款都是市场公允价格，并且均妥善入账。唐山艾尔斯从美国艾尔斯收到的最后一笔货款是在 2011 年 10 月，数额为 150,000 美元。在美国艾尔斯申请破产之前的一年多时间里，唐山艾尔斯没有收到过来自美国艾尔斯的任何资金或任何其他有价的东西。

14.　　截至 2013 年 3 月 22 日，美国艾尔斯欠唐山艾尔斯 668,982.69 美元，系其购买货物的货款。

根据美国和加州的法律项下对于伪证的处罚规定，我声明上述证言是真实和正确的。

2018 年 1 月 10 日在中国上海签署。

_____
杨春

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                  *Printed Name*                                                  *Signature*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

Case No. 2:13-bk-17409-RK

In re:

**AYERS BATH (U.S.A.) CO., LTD.**

Debtor.

- **Ryan S Fife** (ryan.fife@dbr.com, cesar.ibanez@dbr.com, docketgeneral@dbr.com)
- **Anthony A Friedman** (aaf@lnbyb.com)
- **Philip J Graves** (philipg@hbsslaw.com, lizc@hbsslaw.com)
- **John A Moe** (john.moe@dentons.com, glenda.spratt@dentons.com, derry.kalve@dentons.com, jennifer.wall@dentons.com, andy.jinnah@dentons.com)
- **Jeffrey S Renzi** (jrenzi@ssd.com, clopez@ssd.com, ptsui@ssd.com)
- **Alfred H Siegel (TR)** (Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com, Margo.tzeng@asiegelandassoc.com, asiegel@ecf.epiqsystems.com)
- **United States Trustee (LA)** (ustpregion16.la.ecf@usdoj.gov)