# Exhibit B

Case 2:13-bk-17409-RK Doc 122-5 Filed 01/10/18 Entered 01/10/18 23:54:21 Desc
Case 2:11-cv-07473-GAF-E Document 1 Filed 09/12/11 Page 1 of 25 Page ID #:35
Exhibit B to Oberdier Dec.    Page 2 of 26

1  William A. Hanssen (Bar No. 110613)
   Suzanne V. Stouder (Bar No. 161077)
2  DRINKER BIDDLE & REATH LLP
   1800 Century Park E, Suite 1400
3  Los Angeles, CA 90067
   Telephone:   (310) 203-4000
4  Facsimile:   (310) 229-1285
   william.hanssen@dbr.com
5  suzanne.stouder@dbr.com

6

7  Attorneys for Plaintiff
   FOREMOST GROUPS, INC. f/k/a FOREMOST
8  INTERNATIONAL TRADING CO., INC.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  FOREMOST GROUPS, INC. f/k/a          Case No.
    FOREMOST INTERNATIONAL
13  TRADING CO., INC.,                   LACV11-7473 GAF (Ex)

                                         COMPLAINT FOR:
14           Plaintiff,
                                         (1) INFRINGEMENT ON EXCLUSIVE
15       vs.                                 RIGHT OF DISTRIBUTION;
                                         (2) INTENTIONAL INTERFERENCE
16  AYERS BATH (USA)                         WITH PROSPECTIVE ECONOMIC
    CORPORATION,                             ADVANTAGE;
17                                       (3) NEGLIGENT INTERFERENCE
             Defendant.                      WITH PROSPECTIVE ECONOMIC
18                                           ADVANTAGE;
                                         (4) TORTIOUS INTERFERENCE WITH
19                                           CONTRACTUAL RELATIONS;
                                         (5) FEDERAL UNFAIR
20                                           COMPETITION;
                                         (6) UNFAIR COMPETITION UNDER
21                                           STATE LAW [Cal. B&P Code
                                             §17200];
22                                       (7) UNFAIR COMPETITION UNDER
                                             STATE LAW;
23                                       (8) UNJUST ENRICHMENT;
                                         (9) INFRINGEMENT OF
24                                           UNREGISTERED TRADEMARK; and
                                         (10) SLANDER OF TITLE
25
                                         Jury Trial Demanded
26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                 1

COMPLAINT AND DEMAND FOR TRIAL BY JURY

FILED
2011 SEP 12  AM10: 11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

1    Plaintiff Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc.

2    (collectively, "Foremost" or "Plaintiff"), as and for its Complaint against Defendant

3    Ayers Bath (USA) Corporation ("Ayers" or "Defendant"), hereby complains and

4    alleges as follows:

5                                    **PARTIES**

6    1.    Foremost is a corporation incorporated in and existing under the laws

7    of the State of New Jersey and maintains an address at 906 Murray Road,

8    East Hanover, New Jersey 07936.

9    2.    Upon information and belief, Ayers is a corporation maintaining its

10   principal place of business at 10713 Norwalk Boulevard, Santa Fe Springs,

11   CA 90670.

12                          **JURISDICTION AND VENUE**

13   3.    Jurisdiction exists pursuant to 28 U.S.C. § 1332 because complete

14   diversity of citizenship exists between Foremost and Ayers.

15   4.    The amount in controversy, exclusive of interest and costs,

16   exceeds $75,000.

17   5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)

18   because this court may properly exercise personal jurisdiction over Ayers because

19   they reside in the judicial district.

20                          **FACTUAL BACKGROUND**

21   6.    Foremost is a leader in the manufacturing of high-quality furniture and

22   vitreous china including toilets, bathroom vanities, bath accessories, home and

23   office furniture, patio and kids furniture as well as original equipment manufacturer

24   ("OEM") and food service equipment.

25   7.    Since its founding in 1988, Foremost has developed four product

26   divisions (Bathroom Furniture, Outdoor Furniture, Indoor Furniture and Food

27   Service Equipment) that produce world-class goods that offer superior design,

28   engineering and value for consumers and industry.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT AND DEMAND FOR TRIAL BY JURY

8.     Foremost does not sell its products directly to the public.  Rather, Foremost develops regional distribution networks of dealers in specifically researched and targeted, high-volume retail home centers, hardware stores and kitchen and bath showrooms throughout the United States and Canada, including Lowe's, Home Depot, HD Supply and Menards.

9.     The strategy of Foremost for developing and maintaining regional networks of dealers is to provide each dealer with products that surpass all competitors in key aspects including, but not limited to, price, style, warranty and quality.

A.     **Foremost's Exclusive Distribution Agreement**

10.     Foremost believed that there was a significant market opportunity in the United States and Canada for the sale of bathroom and sanitary porcelain products manufactured by Tangshan Huida Ceramic Group Co., Ltd. ("Huida") in China.  After discussions and negotiations, Huida and Foremost endeavored to pursue the successful introduction and promotion of Huida's bathroom and sanitary porcelain products in the United States and Canada.

11.     On October 20, 2000, Huida executed a binding contract with Foremost granting Foremost the exclusive right to distribute Huida bathroom and sanitary porcelain products and toilet parts in the United States and Canada (the "Exclusive Distribution Agreement").

12.     Pursuant to the Exclusive Distribution Agreement, Huida granted Foremost the exclusive right to distribute all products manufactured by Huida, including toilets and kitchen and bathroom sinks, in the United States and Canada.

13.     Since the execution of the Exclusive Distribution Agreement, Foremost has been the exclusive distributor of Huida's products, including toilets and kitchen and bathroom sinks.

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1

3

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-BK Doc 122-5 Filed 01/10/18 Entered 01/10/18 23:54:21 Desc
Case 2:13-cv-17075-CAJP Document 1 Filed 09/12 Entered 09/12 Page 4 of 25 Page ID #:

Exhibit B to Oberdier Dec.    Page 5 of 26

14.    All of the toilets distributed by Foremost are subjected to Maximum Performance ("MaP") Testing and are MaP Certified, which is a highly desirable designation in the industry.

15.    Prior to the implementation of MaP Testing in 2003, the industry standards for testing the performance of toilets were inconsistent and unhelpful to consumers.  The then-existing testing frequently failed to replicate "real world" conditions, did not require 100% waste removal and was conducted on a pass/fail basis, thus there was no rating or ranking by which consumers could compare available options.

16.    In response to complaints from customers and water utilities, the toilet industry developed MaP testing in 2003.  MaP testing replicates "real world' performance with special test media.  The testing is conducted by an independent third-party.  Unlike prior testing, MaP testing provides consumers with a user-friendly basis for toilet selection.

17.    As part of its promotion and distribution of toilets manufactured by Huida, in 2007 Foremost developed a unique label to communicate to customers and consumers that their toilets had been subject to MaP testing and received the highest certification available (the "Foremost MaP Label").

18.    The presence of the Foremost MaP Label on a toilet manufactured or distributed by Foremost communicates to Foremost's customers, not only end-users but also retail home centers and kitchen and bath showrooms, that the toilet meets the industry's highest standards for testing and certification.

19.    Foremost has packaged its toilets with the Foremost MaP Label since 2007.  Foremost has never authorized any other party's use of the Foremost MaP Label.

/ / /

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                        4

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK Doc 122-5 Filed 01/10/18 Entered 01/10/18 23:54:21 Desc
Case 2:15-cv-07075-GAF-E Document 1 Filed 09/11/15 Page 6 of 25 Page ID #:8
Exhibit B to Oberdier Dec.    Page 6 of 26

**B.    Ayers' Unlawful Conduct**

20.    Ayers is a distributor of sanitary ware products, including toilets and bathroom sinks.  Ayers also operates and offers its products under the Dofiny brand.

21.    Upon information and belief, Ayers either knew or should have known about the existence of the Exclusive Distribution Agreement between Foremost and Huida.

### 1.    *Approach of Ferguson*

22.    Ferguson Enterprises, Inc. ("Ferguson") is the largest plumbing wholesaler in North America.  Ferguson showrooms offer customers a wide variety of quality products, including bathroom fixtures such as toilets and sinks.

23.    Foremost's relationship with Ferguson began with the provision of toilet seats.  Foremost recently began providing Ferguson with vitreous china toilets and sinks.

24.    The "Mirabelle" line is Ferguson's private label line.  Ferguson purchases products from manufacturers and distributors, such as Foremost, and then offers them to customers under the brand "Mirabelle."

25.    Foremost and Ferguson entered into negotiations regarding the expansion of the parties' relationship to include Foremost's provision of vitreous china toilets specifically for Ferguson's "Mirabelle" line.

26.    Before the parties could reach an agreement, Ferguson alerted Foremost to a potential problem with Foremost's provision of toilets for the "Mirabelle" line.

27.    Fred Finger, a buyer for Ferguson, informed Jennifer Earl, the Vice President of Product Development for Foremost, that Ayers was distributing toilets manufactured by Huida at costs lower than those being offered by Foremost.

28.    Having both been manufactured by Huida, the toilets being distributed by Ayers are identical to the toilets distributed by Foremost.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                              5

COMPLAINT AND DEMAND FOR TRIAL BY JURY

29.    Mr. Finger told Ms. Earl that were he to purchase toilets from Foremost and distribute them under the "Mirabelle" line, the Ayers' toilets would be competitive with the Mirabelle toilets.

30.    In August 2011, Mr. Finger informed Robert Kermelewicz, the Executive Vice President of Sales for Foremost, that certain Ferguson branch locations had purchased Ayers' toilets.  Ferguson cannot control what products its branch locations purchase and then package for sale to customers.

31.    The Ayers' toilets were being sold at a lower price then Ferguson proposed to sell Foremost's toilets.

32.    As a direct result, Ferguson refused to enter into a contractual agreement with Foremost for the provision of Foremost's toilets for Ferguson's "Mirabelle" line.

### 2.    *Approach of Lowe's*

33.    Lowe's Companies, Inc. ("Lowe's") is a chain of retail home improvement and appliance stores with over 1,700 locations in the United States and Canada.

34.    Foremost has supplied Lowe's with vitreous china toilets since 2008.

35.    In 2011 Foremost and Lowe's entered into negotiations regarding the expansion of the parties' relationship to include Foremost's provision of Huida-manufactured sinks to Lowe's.

36.    In April 2011, Todd Page, the International Merchandise Manager – Kitchen and Bath for LG Sourcing, Inc., a wholly-owed subsidiary of Lowe's, informed Bradley Rannow, a National Account Manager for Foremost, that Ayers had offered to sell Huida-manufactured vitreous china products to Lowe's.

37.    Mr. Page informed Mr. Rannow that Ben Liu emailed Mr. Page on behalf of Ayers to sell Huida-manufactured vitreous china products to Lowe's.

38.    Ayers offered to sell the Huida-manufactured vitreous china products to Lowe's for a lower price than Foremost could sell its toilets and sinks to Lowe's.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                          6

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK Doc 122-5 Filed 01/10/18 Entered 01/10/18 23:54:21 Desc
Case 2:13-cv-04093-SAF Document 1 Filed 06/12 Page 1 of 25 Page ID #:10
Exhibit B to Oberdier Dec.    Page 8 of 26

39.     As a direct result of Ayers' approach of Lowe's, Ayers has jeopardized Foremost's business relationship with Lowe's.

### 3.    *Approach of HD Supply*

40.     HD Supply is one of the largest wholesale distributors of construction and maintenance products in the United States and Canada.  The products provided by HD Supply include toilets and kitchen and bathroom sinks.

41.     Foremost provided HD Supply with sinks manufactured by Huida.

42.     Charles Wang of Ayers approached HD Supply on at least two occasions and offered to sell it Huida-manufactured toilets and sinks for less than the price HD Supply was paying to Foremost.

43.     In addition, representatives of HD Supply informed Chris Murray, a former sales manager for Foremost, that Ayers was selling Huida-manufactured toilets and sinks in the same market as HD Supply for less than HD Supply was paying Foremost.

44.     Upon information and belief, Ayers represented to retail stores and wholesale distributors in HD Supply's market that Ayers imported sanitary ware products directly from Huida and could provide those products for a lower price than Foremost.  HD Supply complained to Foremost that Ayers' provision of Huida-manufactured products in HD Supply's market was undercutting its prices.

45.     As a direct result of Ayers' approach of HD Supply and sale of Huida-manufactured toilets and sinks in HD Supply's market, Ayers has jeopardized Foremost's business relationship with HD Supply.

### C.    **The April Letter**

46.     On April 21, 2011, David Bruce, the Executive Vice President of Foremost, wrote to Mr. Wang and informed him that Foremost had learned that Ayers imported sanitary ware products manufactured by Huida and made those products available to retail stores, wholesale channels and regional dealers in the United States.  (the "April Letter").

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                7

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK   Doc 132-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:31-cv-07493-GAF-PLA   Document 1   Filed 09/12   Page 8 of 25   Page ID #:28
Exhibit B to Oberdier Dec.     Page 9 of 26

47.     In the April Letter, Mr. Bruce also informed Mr. Wang that Foremost's customers contacted Foremost and notified them of Ayers' attempts to sell Huida sanitary ware products at or below the cost of such products.

48.     Mr. Bruce informed Mr. Wang that Ayers' conduct undercut Foremost's business relationships and damaged the good will that Foremost has developed for more than a decade in its intangible assets, including, but not limited to, customer relationships and market positions.  The April Letter also stated that Ayers' conduct infringed on Foremost's exclusive right of distribution with Huida with respect to sanitary ware products in the United States and Canada.

49.     Finally, Mr. Bruce informed Mr. Wang that Ayers' failure to immediately cease all sales, service and marketing activity would result in Foremost filing a lawsuit and seeking a restraining order to immediately discontinue Ayers' operations as they relate to Huida products.

50.     In July 2011, Mr. Wang responded to Mr. Bruce.  In his response, Mr. Wang denied purchasing products from Huida and asserted that "[Foremost's] accusation that [Ayers] interferes with [the Exclusive Distribution Agreement] is absurd."

**D.     Ayers' Unlawful Conduct Following Its Receipt of the Cease and Desist Letter**

51.     Menards is a chain of home improvement stores in the Midwestern United States.  Menards offers a wide variety of products, including toilets and kitchen and bathroom sinks.

52.     Foremost has been attempting to sell Menards its vitreous china products.  On May 4, 2011, Foremost attended a "line review" with Menards.  A "line review" involves a retailer's evaluation of a potential supplier's products and prices.

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                      8

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK Doc 122-5 Filed 01/10/18 Entered 01/10/18 23:54:21 Desc
Case 2:11-cv-07493-GAF-FFM Document 1 Filed 09/09/12 Page 9 of 16 Page ID #:12
Exhibit B to Oberdier Dec.   Page 10 of 26

53.     During the line review, Foremost provided Menards with detailed information on its vitreous china toilets.  Menards decided not to purchase toilets from Foremost at that time.

54.     On July 26, 2011, Mr. Bruce and another Foremost representative entered a Menards store in Indiana and noticed an Ayers' branded toilet prominently displayed in a promotional endcap.  The toilet was on sale for $79.00, well below Foremost's market price.

55.     Mr. Bruce purchased two (2) of the Ayers' toilets from Menards.  The instruction manual included with each toilet clearly states that the toilets contain parts manufactured by Huida.

56.     The toilets sold by Foremost are also virtually identical to the toilets sold by Ayers to Menards.

57.     In addition, Ayers' website (www.ayersbath.com; www.dofinyusa.com) includes instruction manuals for a number of toilets that are manufactured with Huida parts.

58.     The boxes that the Ayers toilets were packaged in each feature the Foremost MaP Label that Foremost designed and places on its toilets.

59.     Ayers has interfered and threatened, and continues to interfere and threaten, Foremost's contractually exclusive pursuit of its North American distributorship of Huida bathroom and sanitary porcelain products by contacting and offering to Foremost's current and prospective business partners in the United States and Canada sanitary ware products manufactured by Huida.

60.     Upon information and belief, Ayers has infringed the trademark of Foremost by placing the Foremost MaP Label on the packaging for Ayers' toilets.

61.     Because Ayers has failed to cease its unlawful conduct despite its receipt of the April Letter, judicial intervention is required to preclude Ayers from further tortious interference with contractual relations and prospective economic advantage, infringement on a trademark and to prevent irreparable harm.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                        9

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:13-cv-07473-GAF   Document 1   Filed 09/12/13   Page 10 of 25   Page ID #:33
Exhibit B to Oberdier Dec.    Page 11 of 26

## FIRST CLAIM

## INFRINGMENT ON EXCLUSIVE RIGHT OF DISTRIBUTION

62.     Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 61, inclusive, as if fully set forth herein.

63.     Foremost has an exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada.

64.     Ayers intentionally, maliciously and without justification or excuse has unreasonably and actually infringed on Foremost's exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada by importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States.

65.     As a direct and proximate result of Ayers' intentional infringement on Foremost's exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada, Foremost has sustained significant damages.

## SECOND CLAIM

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE
## ECONOMIC ADVANTAGE

66.     Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 65, inclusive, as if fully set forth herein.

67.     Pursuant to the Exclusive Distribution Agreement, Foremost was in continuous pursuit of future business with retail stores, wholesale channels and regional dealers in the United States and Canada.

68.     Foremost therefore cultivates and maintains relationships with many prospective customers in the industry.

69.     Ayers, who is not party to these relationships or party to the Exclusive Distribution Agreement, has knowledge of the aforesaid relationships.

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:13-bk-17473-RK   AF   Document   Filed 09/12/   Page 11 of 25   Page ID #:   c
Exhibit B to Oberdier Dec.    Page 12 of 26

70.    Ayers intentionally, maliciously and without justification or excuse has unreasonably and actually interfered with Foremost's pursuit of prospective economic gain under the Exclusive Distribution Agreement from the aforesaid customers by importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States.

71.    Foremost has a reasonable expectation of economic advantage with the aforesaid prospective customer relationships.

72.    As a direct and proximate result of Ayers' continued intentional interference with Foremost's relationships, Foremost has lost the prospective gain it would otherwise have enjoyed but for Ayers' actions.

## THIRD CLAIM

## NEGLIGENT INTERFERENCE WITH PROSPECTIVE

## ECONOMIC ADVANTAGE

73.    Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 72, inclusive, as if fully set forth herein.

74.    Pursuant to the Exclusive Distribution Agreement, Foremost was in continuous pursuit of future business with retail stores, wholesale channels and regional dealers in the United States and Canada.

75.    Foremost therefore cultivates and maintains relationships with many prospective customers in the industry.

76.    Ayers, who is not party to these relationships or party to the Exclusive Distribution Agreement, has knowledge of the aforesaid relationships and was aware or should have been aware that if it did not act with due care its actions would interfere with the relationships.

77.    Ayers negligently interfered with Foremost's pursuit of prospective economic gain under the Exclusive Distribution Agreement from the aforesaid customers by importing Huida sanitary ware products and making those products

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                11

COMPLAINT AND DEMAND FOR TRIAL BY JURY

1  available for sale to retail stores, wholesale channels and regional dealers in the

2  United States.

3      78.    Foremost has a reasonable expectation of economic advantage with the

4  aforesaid prospective customer relationships.

5      79.    As a direct and proximate result of Ayers' negligent interference with

6  Foremost's relationships, Foremost has lost the prospective gain it would otherwise

7  have enjoyed but for Ayers' actions.

8  **FOURTH CLAIM**

9  **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

10      80.    Foremost repeats and realleges the allegations set forth in Paragraphs 1

11  through 79, inclusive, as if fully set forth herein.

12      81.    Foremost has a contractual relationship with Huida.

13      82.    Pursuant to the Exclusive Distribution Agreement, Plaintiffs have a

14  binding contract for the exclusive distributorship of Huida's bathroom and sanitary

15  porcelain products in the United States and Canada.

16      83.    Ayers, who is not party to the Exclusive Distribution Agreement, had

17  or should have had knowledge of Foremost's contractual commitments with Huida.

18      84.    Ayers intentionally, maliciously and without justification or excuse has

19  unreasonably and actually interfered with Foremost's contractual relationship with

20  Huida by importing Huida sanitary ware products and making those products

21  available for sale to retail stores, wholesale channels and regional dealers in the

22  United States, thereby disrupting Foremost's contractual relationship with Huida.

23      85.    As a direct and proximate result of Ayers' intentional interference with

24  Foremost's exclusive contractual relationship with Huida, Foremost has sustained

25  significant damages.

26  / / /

27  / / /

28  / / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1

12

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK Doc 122-5 Filed 01/10/18 Entered 01/10/18 23:54:21 Desc
Case 2:13-bk-17403-RK Document 1 Filed 09/12/13 Page 13 of 25 Page ID #:18
Exhibit B to Oberdier Dec.    Page 14 of 26

## FIFTH CLAIM

## FEDERAL UNFAIR COMPETITION

### [LANHAM ACT § 43(A)]

86.    Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 85, inclusive, as if fully set forth herein.

87.    By the acts and omissions set forth above, Ayers has infringed and continues to infringe Foremost's rights, in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).  Ayers' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Foremost's ability to use its Foremost MaP Label to indicate a single quality controlled source of goods.  Ayers' acts also constitute unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

88.    Foremost has suffered, is suffering, and will continue to suffer irreparable harm for which Foremost has no adequate remedy at law.  Foremost is therefore entitled to a preliminary injunction against Ayers' further infringing conduct.

89.    Ayers has profited and is profiting from such infringement, and Foremost has been and is being damaged by such infringement.  Foremost is therefore entitled to recover damages in an amount to be proved at trial as a consequence of Ayers' infringing activities.

## SIXTH CLAIM

## UNFAIR COMPETITION UNDER STATE LAW

### [CALIFORNIA BUS. & PROF. CODE §§ 17200 AND 17203]

90.    Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 89, inclusive, as if fully set forth herein.

91.    Foremost has an exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada.

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                    13

COMPLAINT AND DEMAND FOR TRIAL BY JURY

92.     The Foremost MaP Label is wholly associated with Foremost due to its extensive use.  As such, Foremost is deserving of having its mark adequately protected with respect to the conduct of its business.

93.     Upon information and belief, by virtue of Ayers' importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, and by placing the Foremost-designed MaP Label on the packaging for Ayers' toilets, Ayers has competed, and is competing, unfairly with Foremost to the benefit of Ayers and to the detriment of Foremost.

94.     By importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, and by placing the Foremost-designed MaP Label on the packaging for Ayers' toilets, Ayers has maliciously and willfully sought to usurp Foremost's business through unfair competition.

95.     Ayers' wrongful conduct as alleged herein constitutes unfair competition and unfair business practices.

96.     Based on the wrongful, unlawful, fraudulent and unfair acts described herein, Ayers is in violation of California Business and Professions Code §§ 17200 and 17203.

97.     Foremost has suffered, is suffering, and will continue to suffer irreparable harm for which Foremost has no adequate remedy at law.  Foremost is therefore entitled to a preliminary injunction against Ayers' further infringing conduct.

98.     Ayers has profited and is profiting from such unfair conduct.

99.     Foremost is therefore entitled to recover restitution in the form of Ayers' profits, in an amount to be proved at trial, as a consequence of Ayers' wrongful activities.

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1

14

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:13-bk-17473-GAF   Document   Filed 09/12/   Page 1 of 25   Page ID #:18
Exhibit B to Oberdier Dec.   Page 16 of 26

## SEVENTH CLAIM

## UNFAIR COMPETITION UNDER STATE LAW

### [CALIFORNIA COMMON LAW]

100.  Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 99, inclusive, as if fully set forth herein.

101.  Foremost has an exclusive right to distribute Huida's bathroom and sanitary porcelain products in the United States and Canada.

102.  The Foremost MaP Label is wholly associated with Foremost due to its extensive use.  As such, Foremost is deserving of having its mark adequately protected with respect to the conduct of its business.

103.  Upon information and belief, by virtue of Ayers' importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, and by placing the Foremost-designed MaP Label on the packaging for Ayers' toilets, Ayers has competed, and is competing, unfairly with Foremost to the benefit of Ayers and to the detriment of Foremost.

104.  By importing Huida sanitary ware products and making those products available for sale to retail stores, wholesale channels and regional dealers in the United States, and by placing the Foremost-designed MaP Label on the packaging for Ayers' toilets, Ayers has maliciously and willfully sought to usurp Foremost's business through unfair competition.

105.  Ayers' aforesaid wrongful conduct has been wrongful, unlawful, unfair, fraudulent, willful, wanton and malicious, done with intent, in conscious disregard for the rights of Foremost in violation of California Civil Code § 3294(a).  Foremost is therefore entitled to punitive damages pursuant to California Civil Code § 3294(a).

/ / /

/ / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1

15

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK  Doc 122-5  Filed 01/10/18  Entered 01/10/18 23:54:21  Desc
Case 2:11-cv-07493-GAF  Document  Filed 09/12/11  Page 16 of 25  Page ID #:19
Exhibit B to Oberdier Dec.    Page 17 of 26

## **EIGHTH CLAIM**

## **UNJUST ENRICHMENT**

106.   Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 105, inclusive, as if fully set forth herein.

107.   Upon information and belief, Ayers has received compensation for its sale of Huida sanitary ware products to retail stores, wholesale channels and regional dealers in the United States.

108.   Upon information and belief, Ayers has received compensation for its sale of toilets whose packaging features the Foremost-designed MaP label.

109.   Ayers' retention of such compensation would be unjust.

110.   Foremost is entitled to all compensation received by Ayers for compensation for its sale of Huida sanitary ware products to retail stores, wholesale channels and regional dealers in the United States and toilets whose packaging features the Foremost-designed MaP label.

## **NINTH CLAIM**

## **INFRINGMENT OF UNREGISTERED TRADEMARK**

111.   Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 110, inclusive, as if fully set forth herein.

112.   California common law provides a basis for bringing an action for infringement of an unregistered trademark.

113.   Foremost designed, uses and has used since 2007 the "Foremost MaP Label."

114.   Ayers has marketed products which bear the Foremost MaP Label on its packaging.

115.   Ayers' use of the Foremost MaP Label is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Ayers with Foremost, or as to the origin, sponsorship, or approval of Ayers' products by Foremost.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                              16

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:13-bk-17409-RK-AF   Document   Filed 09/12/   Page 1 of 25   Page ID #:
Exhibit B to Oberdier Dec.    Page 18 of 26

116.   The infringement of Foremost's unregistered trademark is a violation of California common law.

117.   Foremost is likely to lose income or business by the Ayers' infringement of Foremost's unregistered trademark.

## TENTH CLAIM

## SLANDER OF TITLE

118.   Foremost repeats and realleges the allegations set forth in Paragraphs 1 through 117, inclusive, as if fully set forth herein.

119.   Ayers, without a privilege to do so, placed the Foremost-designed MaP Label on the packaging for Ayers' toilets as though it was the owner or had the right to use the MaP Label in violation of Foremost's rights.

120.   By marketing toilets whose packaging contained the MaP Label, Ayers slandered the title of Foremost and led customers in the United States to purchase said products from Ayers resulting in damages and lost profits to Foremost.

121.   Foremost has suffered pecuniary losses resulting in the form of the impairment of vendibility and other profits made by Ayers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1.   For a temporary restraining order, a preliminary injunction and a permanent injunction enjoining Defendant, and its agents, servants, employees and all persons acting under or in concert with it to cease and desist from distributing Huida's sanitary ware products in the United States and Canada;

2.   For monetary damages in an amount to be proven at trial, plus costs and pre-judgment and post-judgment interest and attorneys fees;

3.   For exemplary damages;

4.   For an order of restitution and a disgorgement of Defendant's ill-gotten gains;

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                    17

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:11-cv-07473-GAF   Document   Filed 09/12/   Entered   Page 18 of 25   Page ID #:23
Exhibit B to Oberdier Dec.    Page 19 of 26

5.     For all general, special and equitable relief to which the Plaintiff is entitled by law; and

6.     Such other relief as this Court may deem just and proper.

## JURY DEMAND

Foremost, pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:   September 12, 2011                DRINKER BIDDLE & REATH LLP

By: _____
William A. Hanssen
Suzanne V. Stouder

Attorneys for Plaintiff
FOREMOST GROUPS, INC. f/k/a
FOREMOST INTERNATIONAL
TRADING CO., INC.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

LA01/ 1044874.1                                   18

COMPLAINT AND DEMAND FOR TRIAL BY JURY

Case 2:13-bk-17409-RK    Doc 122-5    Filed 01/10/18    Entered 01/10/18 23:54:21    Desc
Case 2:21-cv-07473-GAF    Document    Filed 09/12/11    Page 19 of 25    Page ID #:22
Exhibit B to Oberdier Dec.    Page 20 of 26

Case 2:13-bk-17409-RK  Doc 122-5  Filed 01/10/18  Entered 01/10/18 23:54:21  Desc
Case 2:11-cv-07473-GAF-E  Document 1  Filed 09/12/11  Page 20 of 25  Page ID #:23
Exhibit B to Oberdier Dec.    Page 21 of 26

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV11- 7473 GAF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:21-cv-07409-GAF-E   Document   Filed 09/12/   Page 21 of 25   Page ID #:23
Exhibit B to Oberdier Dec.    Page 22 of 26

Case 2:13-bk-17409-RK  Doc 122-5  Filed 01/10/18  Entered 01/10/18 23:54:21  Desc
Exhibit B to Oberdier Dec.    Page 23 of 26
Case 2:11-cv-07473-GAF  Document 1  Filed 09/12/11  Page 22 of 25  Page ID #:25

William A. Hanssen (Bar No. 116461)
Suzanne V. Stouder  (Bar No. 161077)
DRINKER BIDDLE & REATH LLP
1800 Century Park E, Suite 1400
Los Angeles, CA 90067
PH:  (310) 203-4000
Attorneys for Plaintiff FOREMOST GROUPS, INC.
f/k/a/ FOREMOST INTERNATIONAL TRADING
CO., INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC.<br><br>PLAINTIFF(S)<br><br>V.<br><br><br>AYERS BATH (USA) CORPORATION<br>DEFENDANT(S). | **CASE NUMBER**<br><br>LACV11-7473 GAF(Ex)<br><br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>AYERS BATH (USA) CORPORATION</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>William A. Hanssen</u>, whose address is <u>1800 Century Park E, Suite 1400 Los Angeles, CA 90071-1504</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  <u>SEP 1 2 2011</u>

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**SUMMONS**

American LegalNet, Inc.
www.USCourtForms.com

Case 2:13-bk-17409-RK   Doc 122-5   Filed 01/10/18   Entered 01/10/18 23:54:21   Desc
Case 2:21-cv-07473-GAF-F   Document   Filed 09/12/11   Page 23 of 25   Page ID #:28
Exhibit B to Oberdier Dec.     Page 24 of 26

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC. | AYERS BATH (USA) CORPORATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| William A. Hanssen (SBN 110613)<br>Suzanne V. Stouder (SBN 161077)<br>DRINKER BIDDLE & REATH LLP<br>1800 Century Park E, Suite 1400<br>Los Angeles, CA 90067 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332 Infringement on contract and on trademark; Interference with contractual relations and unfair competition.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**LACV11-7473**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New Jersey |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date September 12, 2011
William A. Hanssen

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com