HAGENS BERMAN SOBOL SHAPIRO LLP
Philip Graves, Bar No. 153441
philipg@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: 213-330-7150
Facsimile: 213-330-7152

OBERDIER RESSMEYMER LLP
Carl W. Oberdier (*pro hac vice*)
Kellen G. Ressmeyer (*pro hac vice*)
Sara K. Hunkler (*pro hac vice*)
655 Third Avenue; 28th Floor
New York, New York 10017
Telephone: (212) 659-5141
Facsimile: (646) 349-4925

Attorneys For TANGSHAN AYERS BATH EQUIPMENT CO., LTD.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> TANGSHAN AYERS BATH EQUIPMENT CO., LTD., <br><br> Defendant. | Case No. 2:14-cv-00188 SVW (RZx) <br> Hon. Stephen V. Wilson <br> Courtroom 6 |
| In re: <br><br> AYERS BATH (U.S.A.) CO., LTD., <br><br> Debtor. | Case No. 2:13-bk-17409-RK <br><br> Chapter 7 <br><br> **TANGSHAN AYERS BATH EQUIPMENT CO.'S SUR-REPLY IN FURTHER OPPOSITION TO THE RENEWED MOTION OF FOREMOST GROUPS, INC. TO AMEND THE JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO. LTD. AS JUDGMENT DEBTOR** <br><br> **Hearing: March 7, 2018 at 9:00 a.m.,** <br> **Place: Courtroom 1675** <br> **Docket No. 118** |

# TABLE OF CONTENTS

**Page(s)**

I.    Preliminary Statement ........................................................................... 1

II.    Argument ............................................................................................. 2

    A.    Tangshan's Due Process And Estoppel Arguments
         Are Not Barred by Law of the Case............................................ 2

    B.    Enforcing The Unopposed Proof Of Claim Against
         Tangshan Violates Due Process.................................................. 4

        1.    The Proof of Claim Was Not "Actively Defended"
             Or "Fully And Fairly Tried" ......................................... 4

        2.    Neither Tangshan Nor The Debtor Had Any Incentive
             Or Ability To Object To Foremost's Proof Of Claim ................ 8

    C.    Foremost Abandoned Its Alter Ego Claim ............................... 11

    D.    Foremost Has Not Established Even A *Prima Facie* Case of Alter Ego ................ 14

    E.    Foremost Is Not Entitled To Discovery .................................. 18

Conclusion.......................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*21st Century Fin. Servs., LLC v. Manchester Fin. Bank,*
  255 F. Supp. 3d 1012 (S.D. Cal. 2017) .................................................................... 4, 8, 9

*Bank of Montreal v. SK Foods, LLC,*
  476 B.R. 588 (N.D. Cal. 2012) .................................................................................. 9

*Banyan Ltd. P'ship v. Baer,*
  No. G045584, 2013 WL 4094373 (Cal. Ct. App. Fourth Dist. Aug. 12, 2013) .............. 11, 13, 14

*Calvin Brian Int'l Co. v. Gustto, Inc.,*
  No. 3:13-cv-0218, 2014 WL 3548143 (S.D. Cal. July 17, 2014)) ........................................ 6, 7

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) .................................................................................... 15

*Eldorado Stone, LLC v. Renaissance Stone, Inc.,*
  No. 3:04-cv-02562, 2009 WL 347005 (S.D. Cal. Feb. 5, 2009) ...................................... 8

*Enter. Tech. Holdings, Inc. v. Noveon Sys., Inc.,*
  No. 05-CV-2236, 2008 WL 11338356 (S.D. Cal. July 29, 2008) .................................... 15

*Evans v. Evans (In re Evans),*
  BAP No. WW–05–1425, 2006 WL 6810927 (9th Cir. B. A. P. 2006) ............................ 4

*Fejeran v. United Airlines, Inc.,*
  Case No. 2:16-cv-00026, 2017 WL 3174908 (D. Nev. July 26, 2017) ...................... 16

*Gottlieb v. Kest,*
  141 Cal. App. 4th 110, 46 Cal. Rptr. 3d 7 (Cal. Ct. App. Second Dist. 2006) ........................... 9

*Greenspan v. LADT, LLC,*
  191 Cal. App. 4th 486, 121 Cal. Rptr. 3d 118 (Cal. Ct. App. Second Dist. 2010) ................ 12, 13

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.,*
  328 F.3d 1122 (9th Cir. 2003) .................................................................................. 14

*Harris v. Curtis,*
  8 Cal. App. 3d 837, 839, 87 Cal. Rptr. 614 (Cal. Ct. App. Fifth Dist. 1970) ........................... 16

*Hegler v. Borg,*
  50 F. 3d 1472 (9th Cir. 1995) .................................................................................. 3

*In re Brosio,*
  505 B.R. 903 (9th Cir. BAP 2014) ............................................................................ 6

*In re Garcia,*
  313 B.R. 307 (9th Cir. BAP 2004) ............................................................................ 5

*In re Sharma,*
  607 Fed. App'x 713 (9th Cir. 2015) .......................................................................... 5

*In re Sharma,*
    BAP Nos. CC-12-1302, CC-12-1520, 2013 WL 1987351 (9th Cir. BAP May 14, 2013) ........... 5

*In re Today's Destiny, Inc.,*
    388 B.R. 737 (Bankr. S.D. Tex. 2008) ....................................................................................... 6

*Jines v. Abarbanel,*
    77 Cal. App. 3d 702, 143 Cal. Rptr. 818 (Cal. Ct. App. Second Dist. 1978) ........................... 12

*Katzir's Floor & Home Design, Inc. v. M-MLS.com,*
    394 F.3d 1143 (9th Cir. 2004) .................................................................................................... 8

*Liberty Mut. Ins. Co. v. E.E.O.C,*
    691 F.2d 438 (9th Cir. 1982) ...................................................................................................... 3

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.,*
    275 F.3d 762 (9th Cir. 2001) ...................................................................................................... 4

*Mad Dogg Athletics, Inc. v. NYC Holding,*
    565 F. Supp. 2d 1127 (C.D. Cal. 2008) ................................................................................... 6, 7

*Martinez v. Aero Caribbean,*
    764 F.3d 1062 (9th Cir. 2014) .................................................................................................. 18

*Mid-Century Ins. Co. v. Gardner,*
    9 Cal. App. 4th 1205, 11 Cal. Rptr. 2d 918 (Cal. Ct. App. Third Dist. 1992) .......................... 14

*Motores De Mexicali, S. A. v. Superior Court,*
    51 Cal. 2d 172, 331 P. 2d 1 (1958) .................................................................................. *passim*

*Nat'l Cont'l Ins. Co. v. Swift Trucking USA, Inc.,*
    No. A131588, 2012 WL 590588 (Cal. Ct. App. First Dist. Feb. 22, 2012) ................................. 5

*NEC Elecs. Inc. v. Hurt,*
    208 Cal. App. 3d 772, 256 Cal. Rptr. 441 (Cal. Ct. App. Sixth Dist. 1989) ...................... *passim*

*O'Neill v. Cont'l Airlines (In re Cont'l Airlines),*
    928 F.2d 127 (5th Cir. 1991) ...................................................................................................... 6

*Orantes-Hernandez v. Gonzales,*
    504 F. Supp. 2d 825 (C.D. Cal. 2007) ....................................................................................... 3

*Orantes-Hernandez v. Holder,*
    321 Fed. App'x 625 (9th Cir. 2009) ............................................................................................ 3

*Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship,*
    222 Cal. App. 4th 811, 166 Cal. Rptr. 3d 421 (Cal. Ct. App. Second Dist. 2013) .............. 12, 18

*Rockin Rest., Inc. v. Bolton Const. Co., Inc.,*
    No. G039698, 2008 WL 4868647 (Cal. Ct. App. Fourth Dist.Nov. 10, 2008) ................11, 13, 18

*Sawyer Nurseries v. Galardi,*
    181 Cal. App. 3d 663, 226 Cal. Rptr. 502 (Cal. Ct. App. Second Dist. 1986) ....................... 9, 10

*Shahedi v. Trimble,*
    No. H040809, 2015 WL 1393315 (Cal. Ct. App. Sixth Dist. Mar. 26, 2015) ............................. 6

*Shanghai Minguang Int'l Grp. Co. v. Yang*,
   No. E044331, 2008 WL 4004697 (Cal. Ct. App. Fourth Dist. Aug. 29, 2008)............................7

*T. Jones, Inc. v. Simmons (In re Simmons)*,
   No. WW-04-1344, 2005 Bankr. LEXIS 2954,
   97 A. F. T. R. 2d (RIA) 2286 (BAP 9th Cir. 2005) ....................................................10

*Triplett v. Farmers Ins. Exch.*,
   24 Cal. App. 4th 1415, 1421, 29 Cal. Rptr. 2d 741 (Cal. Ct. App. Fourth Dist. 1994) ................3

*United States v. Bestfoods*,
   524 U.S. 51 (1998)....................................................................................15

*United States v. Healthwin-Midtown Convalescent Hosp. & Rehab. Ctr., Inc.*,
   511 F. Supp. 416 (C.D. Cal. 1981) ......................................................................17

*United States v. Jingles*,
   702 F. 3d 494 (9th Cir. 2012) ...........................................................................4

*United States v. Lummi Indian Tribe*,
   235 F.3d 443 (9th Cir. 2000) ...........................................................................4

*Wheeler v. Superior Mortg. Co*.,
   196 Cal. App. 2d 822, 216 P. 2d 476 (Cal. Ct. App. Second Dist. 1961) .................................16

*Whitney v. Arntz*,
   320 Fed. App'x 799 (9th Cir. 2009) .....................................................................15

*Whitney v. Wurtz*,
   No. 5:04-cv-5232, 2007 WL 1593221 (N.D. Cal. June 1, 2007) ...........................................15

*Wilson Logistics Nev., Inc. v. Lincoln Gen. Ins. Co*.,
   No. 2:11-cv-00225, 2011 WL 5080176 (D. Nev. Oct. 26, 2011)..........................................15

*Wolkowitz v. Redland Ins. Co.*,
   112 Cal. App. 4th 154, 5 Cal. Rptr. 3d 95 (Cal Ct. App. Second Dist. 2003)............................15

**Statutes**

11 U.S.C. § 1109(b) ......................................................................................10

Cal. Civ. Proc. Code § 187 ............................................................................... *passim*

**Treatises**

Hon. Alan M. Ahart (Ret.),
   *Amending Judgment to Add Nonparty Alter Egos as Judgment Debtors*,
   CALIFORNIA PRACTICE GUIDE: ENFORCING JUDGMENTS AND DEBTS,
   CAL. PRAC. GUIDE ENF. J. & DEBT CH. 6G-16 § 6:1567 (May 2017 Update)........................6, 11

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2          Tangshan, by and through its undersigned counsel, respectfully submits this sur-reply in

3   further opposition to Foremost's renewed motion to amend its unopposed proof of claim to add

4   Tangshan as a judgment debtor.[1]

5                    ## I.     PRELIMINARY STATEMENT

6          1.     Foremost's Reply does nothing to refute the glaring inequity at the core of its

7   Motion:  that Foremost intentionally pursued and obtained an uncollectable, uncontested proof of

8   claim in an arbitrarily-inflated amount against the assetless Debtor, declining to join Tangshan in

9   the bankruptcy proceeding despite full awareness of its relationship to the Debtor, yet now seeks to

10  add Tangshan as a judgment debtor without affording it any opportunity to defend itself on the

11  merits.  No court has ever permitted such an unfair tactic; indeed, research reveals no instance in

12  which a creditor has even tried it.  This Court should not be the first to countenance such an

13  inequitable windfall.

14         2.     Foremost's contention that the District Court "rejected" Tangshan's challenges to

15  Foremost's claim is meritless.  The District Court did not even address Tangshan's arguments; it

16  expressly referred the entirety of the parties' claims and defenses to this Court for proposed

17  findings and determinations.

18         3.     Foremost's effort to enforce its uncontested proof of claim against Tangshan plainly

19  fails to satisfy the due process requirements of Section 187.   Foremost does not even contend that

20  there was any "active defense" of its proof of claim such that it was "fully and fairly tried," which

21  California law requires before adding a non-party to a judgment as an alter ego of the named

22

23

24  _____

25  [1] Accompanying Tangshan's sur-reply is the Declaration of Kellen G. Ressmeyer ("**Ressmeyer
    Dec.**"). Capitalized terms used without definition shall have their meanings set forth in Tangshan
26  Ayers Bath Equipment Co.'s Opposition To The Renewed Motion Of Foremost Groups, Inc. To
    Amend The Judgment Of The Bankruptcy Court To Add Tangshan Ayers Bath Equipment Co.
    Ltd. As Judgment Debtor ("**Opposition**" or "**Opp.**" (Dkt. 122)). Citations to the Reply In Support
27  Of Renewed Motion Of Foremost Groups, Inc. To Amend The Judgment Of The Bankruptcy
    Court To Add Tangshan Ayers Bath Equipment Co. Ltd. As Judgment Debtor (Dkt. 132) shall be
28  to "**Reply**."

1    defendant.  California courts have uniformly rejected Foremost's contention that such a non-party

2    bears the onus of intervening for fear that the judgment may later be enforced against it.

3        4.    Foremost's failure to join Tangshan in a proceeding where the merits of its claim

4    could be tried, despite full knowledge of the facts on which its alter ego claim is based, constituted

5    abandonment of its alter ego claim.  Foremost's reliance on its District Court action against

6    Tangshan as an adequate substitute for a proceeding on the merits is unavailing.  Foremost waited

7    until its proof of claim was allowed, then withdrew its claims on the merits and substituted its

8    claim under Section 187 to add Tangshan as a judgment debtor.  The ultimate outcome, thus, was

9    the same:  Foremost never had to prove its claim on the merits, and Tangshan never had the

10    opportunity to defend on the merits.

11        5.    Were Foremost's claim to survive these legal bars, it has failed to make even a

12    *prima facie* showing that Tangshan and the Debtor are alter egos, sufficient to entitle it to further

13    discovery.  But in any event, Foremost's gamesmanship in knowingly obtaining a worthless

14    judgment against a bankrupt debtor, then seeking to enforce it against a solvent affiliate, precludes

15    it from making the required showing that "an inequitable result" will follow if Tangshan is not

16    treated as the alter ego of the Debtor.  Additional discovery would thus be futile and should be

17    denied.

18                    **II.    ARGUMENT**

19    **A.    Tangshan's Due Process And Estoppel Arguments Are Not Barred by Law of the Case**

20        6.    Foremost's newly invented tale that the District Court, in referring the case to this

21    Court, "rejected" "by necessary implication" Tangshan's due process and estoppel arguments

22    (Reply ¶¶ 5, 7) is pure fiction.  The District Court never addressed, much less decided, ***any*** of the

23    parties' arguments on the merits of Foremost's Section 187 claim.  The Court's order referring the

24    case states simply, in its entirety:

25            The Court has extensively considered the tangled procedural context of the
            present motion and concludes that, as a first measure, Foremost should seek
26            an amended judgment through the Court. Whichever way Foremost has
            portrayed its case, ultimately, it is an effort to amend the judgment of the
27            bankruptcy court. In that regard, the action is STAYED in order to give
            Foremost the opportunity to seek an amended judgment through the
28            bankruptcy court.

Ressmeyer Dec. Ex. A. *See also* Ressmeyer Dec. Ex. C (order clarifying the District Court's intent to "refer[] **this matter** [*i.e.,* the entire dispute] to the Bankruptcy Court for proposed findings of fact and conclusions of law" (emphasis added)).

7.      Foremost's contention that the District Court wordlessly sliced and diced the required elements of Foremost's claim on which Foremost bears the burden of proof—secretly deciding some, while referring others to this Court—but never telling the parties or this Court which was which. Due process, after all, is not a defense to Section 187 amendment—it is a required element of Foremost's claim. *See, e.g., Triplett v. Farmers Ins. Exch.*, 24 Cal. App. 4th 1415, 1421, 29 Cal. Rptr. 2d 741, 743 (Cal. Ct. App. Fourth Dist. 1994) (Section 187 "requires both (1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns."). *See also* Opp. ¶¶ 19-21.[2]

8.      The law of the case doctrine does not apply to issues that the District Court never decided. *See Hegler v. Borg*, 50 F. 3d 1472, 1475 (9th Cir. 1995) (law of the case doctrine "does not extend to issues an appellate court did not address"). Contrary to Foremost's argument (Reply ¶¶ 6-7), issues the District Court did not address were not decided "by necessary implication" merely because the parties briefed them; they were left for proposed determinations by this Court. *See, e.g., Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441–42 (9th Cir. 1982) (appellate court's silence on contested issue on appeal left the issue open for consideration by the district court on remand); *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825, 836–37 (C.D. Cal. 2007) (rejecting argument that the appeal court "implicitly decided" issues presented on appeal, because "[t]he law

---

[2] Foremost itself has never before characterized the District Court's referral order as rejecting Tangshan's due process or estoppel arguments. When Foremost returned to the District Court last year for clarification of the terms of its referral, it never suggested that due process or estoppel had already been decided. *See* Ressmeyer Dec. Ex. B. Foremost's subsequently-filed Motion, currently before this Court, also does not allege that the District Court has already decided those issues.

1    of the case doctrine does not extend to issues the appellate court did not address."), *aff'd sub nom.*

2    *Orantes-Hernandez v. Holder*, 321 Fed. App'x 625 (9th Cir. 2009).[3]

3        9.    Foremost cites no precedent in which a referring court "implicitly" decided a subset

4    of the issues it purported to refer. Rather, Foremost cites only cases declining to apply law of the

5    case or precluding relitigation of issues already *expressly* decided.[4] Plainly, Tangshan's due

6    process and estoppel arguments should be included in this Court's proposed findings and

7    determinations.

8    **B.    Enforcing The Unopposed Proof Of Claim Against Tangshan Violates Due Process**

9        **1.    The Proof of Claim Was Not "Actively Defended" Or "Fully And Fairly Tried"**

10        10.    Adding Tangshan as a defendant to Foremost's proof of claim would plainly violate

11    due process. Foremost does not even attempt to show that its unopposed proof of claim was

12    "active[ly] defen[ded]" and "fully and fairly tried," as Section 187 and due process require. *See*

13    Opp. ¶¶ 22-23 (citing *NEC Elecs. Inc. v. Hurt*, 208 Cal. App. 3d 772, 781, 256 Cal. Rptr. 441 (Cal.

14    Ct. App. Sixth Dist. 1989) and collecting other cases). Instead, Foremost attempts to deflect the

15    issue by insisting that its allowed proof of claim is technically distinct from a default judgment. *See*

16    Reply ¶¶ 8-9. But Section 187's requirement of an actively defended, fully and fairly tried claim

17    does not apply only to default judgments. It applies to *any* judgment to which an additional

18    defendant is sought to be added. *See, e.g.*, *21st Century Fin. Servs., LLC v. Manchester Fin. Bank*,

19    255 F. Supp. 3d 1012, 1033, 1035 (S.D. Cal. 2017) (uncontested arbitration award was

---

[3] "Necessary implication" means *necessary* implication; *i.e.*, it is legally or logically *impossible* to reach the court's express conclusion absent its implied one. "An argument is rejected by necessary implication when the holding stated or result reached is *inconsistent* with the argument." *United States v. Jingles*, 702 F. 3d 494, 502 (9th Cir. 2012) (emphasis added and citation omitted). There is no inconsistency in the District Court's referral of the entire dispute regarding Foremost's Section 187 claim, including Tangshan's due process and estoppel arguments, to this Court.

[4] *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (issue in question "was explicitly decided" in a prior proceeding); *Evans v. Evans (In re Evans)*, BAP No. WW–05–1425, 2006 WL 6810927, at *6 (9th Cir. B. A. P. 2006) (issues raised by appellants were "essentially the same issues raised during the [initial] litigation, resolved by the bankruptcy court and affirmed by the district court"); *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766-67 (9th Cir. 2001) (where district court held appellant had established a *prima facie* violation of § 7 of the Clayton Act but "did not reach the merits" of the claim, law of the case did not bar court from revisiting questions related to the merits).

"equivalent" of default judgment, and adding alleged alter ego as an additional judgment debtor would "violate its due process rights"). *See also* Opp. ¶ 23 (citing *Nat'l Cont'l Ins. Co. v. Swift Trucking USA, Inc.*, No. A131588, 2012 WL 590588, at *5 (Cal. Ct. App. First Dist. Feb. 22, 2012) (declining to amend non-default judgment entered on uncontested summary judgment motion)).

11.    Foremost notes, apparently with unintended irony, that Tangshan cites no cases declining to amend an unopposed proof of claim to add additional judgment debtors. *See* Reply ¶ 8. That is only because no creditor before Foremost has had the temerity to try—Foremost certainly cites no case **permitting** such an amendment. The absence of such cases further undermines Foremost's claim. One can only conclude that creditors would long ago have lined up for miles outside the bankruptcy courthouse were they permitted by Section 187 to convert uncollectable proofs of claims against assetless debtors into million dollar judgments against solvent affiliates.

12.    In any event, Foremost's unopposed proof of claim plainly is the equivalent of a default judgment. Foremost's argument to the contrary rests on a false premise: that a default judgment (unlike an allowed proof of claim) is not a "***final***" judgment. *See* Reply ¶ 8. But a default judgment is a final judgment that (no less than an allowed proof of claim) is *res judicata* against the named defendant(s). *See In re Garcia*, 313 B.R. 307, 312 (9th Cir. BAP 2004) ("Default judgments are considered 'final judgments on the merits' and are thus effective for the purposes of claim preclusion" (internal citations omitted)). Default judgments and unopposed proofs of claim alike are ineligible for amendment under Section 187, not because they are non-final, but because they are not "actively defended" or "fully and fairly litigated." *NEC*, 208 Cal. App. 3d at 780, 256 Cal. Rptr. at 445.

13.    Indeed, contrary to Foremost's unsupported comment that its proof of claim "does not raise the same due process concerns" as a default judgment (Reply ¶ 2), it raises even greater concerns. Unlike a default judgment, which requires the plaintiff to prove its damages to the court's satisfaction, Foremost was not required to prove either liability or damages. *Cf. In re Sharma*, BAP Nos. CC-12-1302, CC-12-1520, 2013 WL 1987351, at *7 (9th Cir. BAP May 14, 2013) (a "prove up" hearing is "required where the damages on default judgment are unliquidated

or not capable of mathematical calculation," and "the burden of proof remains with the plaintiff after the entry of default . . . the Bankruptcy court has an independent duty to determine the sufficiency of a claim"), *aff'd* 607 Fed. App'x 713 (9th Cir. 2015). To this day, Foremost has never provided any evidence—or even explained its calculations—supporting its $5,265,000.00 proof of claim. Converting such an arbitrary claim against an assetless debtor into a real judgment against a solvent entity, without ever having proved either liability or damages on the merits, raises grievous due process concerns.[5]

14.    Foremost's alternative argument—that Section 187 does not apply to default judgments (Reply ¶ 9)—ignores *NEC*, *Motores De Mexicali, S. A. v. Superior Court*, 51 Cal. 2d 172, 176, 331 P. 2d 1 (1958), and other controlling California precedents prohibiting such amendments. *See* Hon. Alan M. Ahart (Ret.), *Amending Judgment to Add Nonparty Alter Egos as Judgment Debtors*, CALIFORNIA PRACTICE GUIDE: ENFORCING JUDGMENTS AND DEBTS, CAL. PRAC. GUIDE ENF. J. & DEBT CH. 6G-16 § 6:1567 (May 2017 Update) ("But because of due process concerns, a default judgment is not subject to an amendment." (citing *NEC* and *Motores*)).

15.    Foremost cites instead three inapposite cases—two of which make **no reference** to *NEC*, *Motores*, or otherwise address the due process element of Section 187 at all. *See* Reply ¶ 9 (citing *See Mad Dogg Athletics, Inc. v. NYC Holding*, 565 F. Supp. 2d 1127 (C.D. Cal. 2008); *Calvin Brian Int'l Co. v. Gustto, Inc.,* No. 3:13-cv-0218, 2014 WL 3548143 (S.D. Cal. July 17, 2014)).[6] Two of Foremost's cases involved a separate, inapplicable context where an individual does business under a "***fictitious***" or non-existent corporate name, such that amending the

---

[5] Courts have noted the equivalence of proofs of claim and civil complaints—including the consequences of not answering or objecting to them. The "filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankruptcy's objection the same as the answer." *In re Brosio*, 505 B.R. 903, 912 (9th Cir. BAP 2014) (quoting *O'Neill v. Cont'l Airlines (In re Cont'l Airlines)*, 928 F.2d 127, 129 (5th Cir. 1991)). "[T]he procedural consequences of filing a proof of claim or civil action are materially similar." *In re Today's Destiny, Inc.*, 388 B.R. 737, 757 (Bankr. S.D. Tex. 2008). "If the defendant in a civil action does not file an answer, a default judgment may be entered for the amount claimed in the lawsuit. If no party objects, the proof of claim will be fixed by the court for the amount claimed in the proof of claim." *Id.* at 758.

[6] *Mad Dogg* has since been criticized for failing to cite *NEC* or *Motores* on the basis that "the due process issue was not raised in that case." *Shahedi v. Trimble*, No. H040809, 2015 WL 1393315, at *3 (Cal. Ct. App. Sixth Dist. Mar. 26, 2015) (citation omitted).

judgment is merely a clerical correction of the defendant's actual name. *See Mad Dogg*, 565 F. Supp. 2d at 1130 (permitting substitution of the "legally-identical" actual defendant doing business as the named "fictitious" business entity, because "California courts consider post-judgment amendments, in cases concerning fictitious business entities, as acts similar to corrections of clerical errors"); *Shanghai Minguang Int'l Grp. Co. v. Yang*, No. E044331, 2008 WL 4004697, at *1, 3, 6 (Cal. Ct. App. Fourth Dist. Aug. 29, 2008) (permitting substitution of individual doing business as the named corporate defendants, which had long since "***ceased to exist***," after the individual reneged on his undertaking to the court to reinstate the named defendants' corporate status to permit them to appear and present a defense). The courts in both *Shanghai* and *Mad Dogg* explicitly recognized that they were not "***amending the judgment to add a new defendant*** but [were] merely inserting the correct name of the real defendant." *Shanghai*, 2008 WL 4004697, at *7 (emphasis added and quotations omitted); *Mad Dogg*, 565 F. Supp. 2d at 1130 (amendment merely "identif[ied] the correct name of a fictitious entity").

16.     Foremost's reliance on *Calvin* is further misplaced, because that case involved an ***uncontested*** Section 187 motion, which the sole shareholder of the named defendant—despite proper notice—chose to ignore in order to forestall execution of the judgment on the defendant. The Court granted the unopposed motion, finding that the shareholder had "sufficient notice" to, "at a minimum, oppose Plaintiff's instant request to add [her] as a judgment debtor." *Calvin*, 2014 WL 3548143, at *4. *Calvin* thus stands only for the unremarkable proposition that Section 187's prohibition on amending default judgments can be ***waived*** by a defendant who strategically elects not to oppose the amendment.

17.     Each of the cases cited by Foremost also involved opposing equities to those presented here. Neither *Mad Dogg*, *Shanghai* nor *Calvin* involved a named defendant already in bankruptcy or known by the plaintiff to be insolvent. In each of those cases, the plaintiff sued what it believed to be the correct defendant and obtained what it believed to be an enforceable judgment—discovering only later that, because of the machinations of the alter-ego, the defendant did not even exist (in *Mad Dogg* and *Shanghai*) or enforcement of the judgment was actively being evaded (in *Calvin*). By contrast, Foremost intentionally pursued and obtained an uncollectable

- 7 -

"judgment" against the assetless Debtor without joining Tangshan, despite full knowledge of all the facts regarding Tangshan's alleged "control" of the Debtor on which it now relies. Equity will not wield the "extreme" remedy of the alter-ego doctrine encompassed by Section 187 (Opp. ¶ 21) to bestow on Foremost an unearned windfall: rewarding its decision to obtain a worthless default judgment at negligible cost by transforming that judgment into an enforceable $5 million judgment against a solvent party deprived of the ability to defend itself on the merits. *See 21st Century*, 255 F. Supp. 3d at 1026-1027 (denying Section 187 motion because amendment was "an inequitable solution for what is effectively a problem of 21 Century's own making" (citing *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, No. 3:04-cv-02562, 2009 WL 347005, at *4-5 (S.D. Cal. Feb. 5, 2009) ("denying motion to add judgment debtor under Section 187 where moving party failed to explain its delay in proceeding against purported alter egos))).

18.    In any event, to the extent (if any) that any of Foremost's citations contradict *NEC*'s bar on amending default judgments, they are inconsistent with the Ninth Circuit's adoption of *NEC* as the authoritative exposition of Section 187's due process requirement. *See Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1150 (9th Cir. 2004) ("We believe that *NEC* represents the law that the California Supreme Court would apply if faced with this issue, and we therefore follow it.").

## 2.    Neither Tangshan Nor The Debtor Had Any Incentive Or Ability To Object To Foremost's Proof Of Claim

19.    Foremost's Motion must also be denied because, as a matter of well-settled law, Tangshan lacked "control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved." *NEC*, 208 Cal. App. 3d at 778-79, 256 Cal. Rptr. at 444 (citation omitted).

20.    ***First***, Foremost glides over the fact that Tangshan's ability (as a non-party to Foremost's proof of claim) to "control" the response to that claim was limited by the ***Debtor's*** ability and incentive to actively oppose the claim. California courts have repeatedly rejected Foremost's contention (Reply ¶ 13) that a non-party is required to intervene based on its assessment of the risk to ***itself*** from an as-yet unasserted alter ego claim. *See, e.g., Motores*, 51 Cal.

2d at 176, 331 P. 2d 1 (rejecting argument that alleged alter egos "should have intervened . . . if they desired to assert any personal defenses against the [plaintiff's claim]. They were under no duty to appear and defend personally in that action, since no claim had been made against them personally."); *NEC*, 208 Cal. App. 3d at 780, 256 Cal. Rptr. at 444 (rejecting argument that alleged alter ego "had an opportunity to present a defense in the original action . . . . [H]e was not named as a party, had no risk of personal liability and therefore was not required to intervene."); *21st Century*, 255 F. Supp. 3d at 1035 (alleged alter ego "was not named in the arbitration proceedings, its interests do not appear to have been aligned with the [named respondent], and the Court cannot conclude that [it] had occasion to conduct the arbitration 'with a diligence corresponding to the risk' involved" (quoting *NEC*)).[7]

21.    ***Second***, Foremost nowhere disputes the obvious, well-recognized proposition that, as an assetless company in liquidation, the Debtor had neither incentive nor means to oppose a claim for monetary damages and thus could not "effectively represent" the interests of its solvent alleged alter ego. *See, e.g.*, *NEC*, at 780, 778-79, 256 Cal. Rptr. at 444-45 (company "on the verge of bankruptcy" "simply had no incentive to defend the [underlying] lawsuit" and thus could not "effectively represent[] the interests of the alter ego). *Accord Gottlieb v. Kest*, 141 Cal. App. 4th 110, 152-53, 46 Cal. Rptr. 3d 7, 37–38 (Cal. Ct. App. Second Dist. 2006) (sole shareholder had no incentive to defend claims against his insolvent companies). Foremost's rote reiteration of "the events leading to Ayers Bath's bankruptcy filing" (Reply ¶ 11) (which Tangshan disputes) is irrelevant to this basic proposition.

---

[7] Foremost mis-cites *Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588 (N.D. Cal. 2012) as tasking alter egos with predicting the risk to themselves of a judgment against their affiliate. In fact, *SK Foods* recognized that such alter egos "were not named in the earlier litigation, had no immediate risk of personal liability, and were under no duty to appear or intervene." *Id.* at 601. The Court amended the judgment to include them because, ***unlike*** the case in *NEC*, the named defendant "actively litigated the case," and "the interests of the corporate defendant and the alter ego were similar so that the trial strategy of the corporate defendant effectively represent[ed] the interests of the alter ego." *Id.* at 601 (applying *NEC*'s "contrast" between "most cases" where the defendant is solvent with those in which defendant is "on the verge of bankruptcy and ***elect[s] not to defend the action for that reason***." (emphasis added)).

22.    **Third**, Foremost's contention that Tangshan, as a creditor of the Debtor, had an independent interest in defending against Foremost's proof of claim (Reply ¶¶ 11, 13) is self-defeating and misguided. As a **creditor**, Tangshan's interests were **adverse** to the Debtor's, thus preventing the identity of interests between them necessary to establish Tangshan's "control." *NEC*, at 780, 256 Cal. Rptr. at 445; *Sawyer Nurseries v. Galardi*, 181 Cal. App. 3d 663, 672, 226 Cal. Rptr. 502 (Cal. Ct. App. Second Dist. 1986) (creditor's interests were "adverse to the interests of the bankrupt and not derivative of those interests so as to be in 'privity' with the bankrupt"). Moreover, Tangshan's interest as a creditor in opposing Foremost's proof of claim was negligible at best. Despite being a "scheduled" creditor (Reply ¶¶ 11, 13), Tangshan never filed a proof of claim. *See* Dkt. 58 at 1, 2, 5. It thus had no right to any recovery regardless of the disposition of Foremost's claim. And even if Tangshan had filed a claim, its interest would have been no greater than the negligible $7,757.24 in assets available for distribution to creditors. *See* Dkt. 50 at p. 2, 9; Mot. ¶ 52. Such a slight interest as a creditor bore no "correspond[ence] to [Tangshan's] risk of **personal** liability" from later being added as an additional defendant liable for the entire $5,265,000.00 amount of the claim. *NEC*, 208 Cal. App. at 778-79, 256 Cal. Rptr. at 444.

23.    **Fourth**, Tangshan obviously could not "control" the defense against Foremost's proof of claim when it lacked standing to object. Contrary to Foremost's contention (Reply ¶ 13) Tangshan's status as a "scheduled" creditor that filed no proof of claim did not make it a "party in interest" under 11 U.S.C. § 1109(b). In any event, even parties in interest lacked standing to object. In a Chapter 7 case, while "a creditor may object **before** a trustee is qualified or when there is no trustee," "once the trustee has been duly appointed it is the duty of the trustee to examine and take action concerning the disallowance of claims[.]" *T. Jones, Inc. v. Simmons (In re Simmons)*, No. WW-04-1344, 2005 Bankr. LEXIS 2954, at *9, 97 A. F. T. R. 2d (RIA) 2286 (BAP 9th Cir. 2005) (citation omitted)). *See also* Opp. ¶ 27; *Sawyer Nurseries*, 181 Cal. App. 3d at 673, 226 Cal. Rptr. 502 ("The trustee in bankruptcy, once he qualifies, is the party in interest within the meaning of section 502(a) of the Bankruptcy Act to object to claims filed by creditors."). Since the trustee was appointed long before Foremost filed its Proof of Claim (*see* Opp. ¶¶ 8, 11), Tangshan never had standing to contest it. *See T. Jones*, 2005 Bankr. LEXIS 2954, at *10 ("The majority of courts have

ruled that, in a case where there is a bankruptcy trustee, general unsecured creditors do not have

standing to object to claims of other creditors, unless the trustee has refused after request to object

to the claim, and the court has then authorized the creditor to object" (collecting cases)).[8]

**C.    Foremost Abandoned Its Alter Ego Claim**

24.    Foremost is barred from amending its proof of claim to add Tangshan as an

additional defendant, because, as it nowhere denies, it knew of all the facts on which it bases its

alter ego claim before filing its proof of claim. *See* Opp. ¶¶ 30-33. Tangshan was not in hiding.

Foremost knew of its relationship with the Debtor, and, indeed, claimed that Tangshan and the

Debtor were involved in "an unlawful scheme . . . to deprive Foremost of its rights" as early as

November 2011. *See* Dkt. 122-4 at 6. Foremost chose not to litigate its claims against Tangshan on

the merits, and, "at this point, it would be unfair to simply add [Tangshan] as a judgment debtor

without affording [it] an opportunity to put on a defense." *Rockin Rest., Inc. v. Bolton Const. Co.,

Inc.*, No. G039698, 2008 WL 4868647, at *9 (Cal. Ct. App. Fourth Dist.Nov. 10, 2008) (denying

Section 187 claim where the alleged alter ego's "identity was never concealed from [the plaintiff],

who was aware of his existence" before commencing the underlying arbitration). *See also Banyan

Ltd. P'ship v. Baer*, No. G045584, 2013 WL 4094373, at *25 (Cal. Ct. App. Fourth Dist. Aug. 12,

2013) (alter ego claim was abandoned, where plaintiff was aware of the claim through the

underlying litigation but did not assert it until after judgment was entered); *Motores*, 51 Cal.2d at

176, 331 P.2d 1 ("to summarily add [alleged alter egos] to the judgment . . . without allowing them

to litigate any question beyond their relation to the allegedly alter ego corporation would patently

violate [due process]"); ¶ 14, *supra* (citing CAL. PRAC. GUIDE ENF. J. & DEBT CH. 6G-16 § 6:1567).

25.    Foremost's complaint that the Debtor "refused to engage in any discovery that

would shed light on the parties' corporate relationship" (Reply ¶ 14) is incorrect, given that

Foremost, by its own admission, obtained substantial information regarding the parties'

relationship in its Rule 2004 examination of the Debtor. *See, e.g.*, Mot. ¶ 3 (Rule 2004 examination

---

[8] Elsewhere, Foremost concedes that Tangshan might have needed to "request that the chapter 7
trustee object to the Proof of Claim." Reply ¶ 18. But the mere ability to "request," obviously, is
not "control."

"revealed . . . the grossly inadequate capitalization of Ayers Bath and a significant overlap of directors and officers [with Tangshan].") Equally importantly, Foremost never identifies any relevant information that it obtained subsequent to the allowance of its proof of claim. All of the evidence Foremost cites as establishing an alter ego relationship between Tangshan and the Debtor (Mot. ¶ 79) predates the filing of its proof of claim. *See* Opp. ¶ 30.[9] Thus, while Foremost seeks to distinguish *Jines v. Abarbanel*, 77 Cal. App. 3d 702, 143 Cal. Rptr. 818 (Cal. Ct. App. Second Dist. 1978) on the ground that "the plaintiffs expressly conceded that they were aware of facts sufficient to establish an alter ego relationship before the case was tried" (Reply ¶ 14 n. 3), Foremost concedes no less in its Motion.[10]

26.    The cases Foremost cites (Reply ¶ 16-17) do not excuse a plaintiff's delay in asserting its alter-ego claim once it has possession of the facts on which its claim is based. Rather, these cases rejected a much broader rule requiring that "*any* alter ego status" must be litigated in the underlying action. *See Relentless Air Racing, LLC v. Airborne Turbine Ltd. P'ship*, 222 Cal. App. 4th 811, 816-17, 166 Cal. Rptr. 3d 421, 426 (Cal. Ct. App. Second Dist. 2013) ("plaintiff in *every* corporate contract case" is not required to sue the corporation's "owners and affiliated companies and then engage in pretrial discovery in an attempt to establish alter ego liability." (quoting *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 517, 121 Cal. Rptr. 3d 118, 142 (Cal. Ct. App. Second Dist. 2010) (emphasis added))). In both cases, the courts found that the plaintiff did ***not*** have prior knowledge of the alleged alter ego relationship before the underlying judgment was entered. *See Relentless*, at 816-17, 166 Cal. Rptr. 3d at 425 (alter egos' claim that "[plaintiff] was aware of the alter ego relationship before judgment" was "without citation to the record"),

---

[9] Foremost's suggestion that its alter ego claim cannot be both belated and insufficient (Reply ¶ 15) is rhetorical flimflam. Foremost has no alter ego claim because the facts do not support such a claim. It chose to pursue an alter ego claim nonetheless, based entirely on facts it had in November 2013. Its delay in asserting that claim until after its proof of claim was allowed constitutes abandonment of its alter ego claim.

[10] In fact, the plaintiffs in *Jines* did ***not*** concede they were previously aware of the alter ego relationship—only the existence of the entity they sought to add to the judgment. *Jines*, 77 Cal. App. 3d at 717, 143 Cal. Rptr. at 826. Foremost was aware of much more than Tangshan's mere existence.

*Greenspan*, at 507, 121 Cal. Rptr. 3d at 134 (claimant was not "under any obligation to pursue [the alleged] alter ego in the arbitration given that he did not suspect" the alter ego relationship).

27.    *Relentless* and *Greenspan* are further inapplicable, because their policy against needless, inefficient alter ego proceedings is based on likelihood that the original defendant will satisfy the judgment. *See Relentless*, at 816-17, 166 Cal. Rptr. 3d at 425 ("it may be prudent for a plaintiff to sue only the corporation. Should problems later arise in satisfying a judgment against the corporation, the plaintiff may resort to appropriate postjudgment proceedings, including [the] procedure for adding judgment debtors" (quoting *Greenspan*, 1891 Cal. App. 4th at 517, 518, 121 Cal. Rptr. 3d at 142. *See also Banyon*, 2013 WL 4094373, at *25 ("A motion under . . . section 187 is generally brought to add a ***nonparty*** to a judgment for collection purposes, when the judgment creditor has been unsuccessful in its efforts at collecting on the judgment against the named judgment debtor." (emphasis in original)).[11]

28.    But here, Foremost knew from the outset that the assetless Debtor would never satisfy Foremost's inflated proof of claim. *Cf.* Opp. ¶¶ 29-30. No policy of efficiency or prudence excuses Foremost's strategy of obtaining a virtually-worthless judgment before seeking to enforce it against Tangshan under Section 187. The ***only*** purpose of that strategy, which equity does not permit, is to sandbag Tangshan with the allowed proof of claim in order to deprive it of the opportunity to defend against the merits of the claim. *See Rockin Rest.*, 2008 WL 4868647, at *9; *Motores*, 51 Cal.2d at 176, 331 P.2d 1.

29.    Foremost's contention that its suit against Tangshan in District Court, commenced after it filed its proof of claim, was an adequate substitute for assertion of its alter ego claim in the Bankruptcy Court (Reply ¶ 18) is inaccurate and misleading. Foremost's claims in District Court were more akin to a bait and switch: its original complaint in District Court asserted substantive claims for tortious interference and unfair competition but did not even mention Foremost's proof

---

[11]*See also Banyon*, 2013 WL 4094373, at *25 ("Occasionally, a judgment creditor obtains a judgment against a corporation only to discover later that the corporation has few or no assets and is controlled by a nonparty alter ego. ***In this event***, the judgment creditor may be able to amend the judgment to add the alter ego as a judgment debtor and enforce the judgment against that debtor (who, presumably, has assets)." (emphasis added)).

of claim in the bankruptcy case—let alone seek to enforce it against Tangshan. *See* Opp. ¶ 14. Only after its proof of claim was allowed did Foremost amend its complaint to withdraw its claim on the merits and assert, for the first time, its claim under Section 187 to add Tangshan as a judgment debtor. *See* Opp. ¶ 16. The ultimate outcome was the same—an effort to "summarily add [Tangshan] to the judgment . . . without allowing [it] to litigate any question beyond [its] relation to the [Debtor]." *Motores*, 51 Cal.2d at 176, 331 P.2d. Far from excusing Foremost's failure to join Tangshan to its claim in the Bankruptcy Court, Foremost's alter ego allegations in the District Court only demonstrate Foremost's knowledge and abandonment of its claim. *See Banyan*, 2013 WL 4094373, at *25 (Section 187 claim denied, because plaintiff's "alter ego claims [were] front and center in their pleadings throughout [the underlying] litigation" but not raised with the court for determination until after judgment was entered).[12]

**D.    Foremost Has Not Established Even A *Prima Facie* Case of Alter Ego**

30.    Neither Foremost's Motion nor its reply submission comes close to making a *prima facie* showing that Tangshan and the Debtor are alter egos. Tangshan has never maintained that Foremost must prove ***every*** factor enumerated in *Mid-Century Ins. Co. v. Gardner*, 9 Cal. App. 4th 1205, 11 Cal. Rptr. 2d 918 (Cal. Ct. App. Third Dist. 1992). *Compare* Opp. ¶¶ 31-32(a)-(g) *with* Reply ¶ 20. But Foremost must do much more than allege (as it does) based on conjecture and mischaracterized evidence, that ***merely five*** of the ***sixteen factors*** are met. Foremost's allegations are insufficient for the following reasons:

a.    Even Foremost agrees that Tangshan's 100% ownership of Ayers Bath's is, in and of itself, "insufficient to establish alter ego liability." Reply ¶ 21(a). *See also* Opp. ¶ 35(a).

b.    Foremost's allegation that "Tangshan dominated and controlled Ayers Bath, shared directors and officers, and employed the same attorney" relies on exactly the same mischaracterizations previously addressed and rebutted in Tangshan's Opposition.

---

[12]Whether Tangshan would have "welcomed" an adversary proceeding in this Court (Reply ¶ 18)—anymore than any defendant "welcomes" being sued—is hardly relevant to Foremost's obligation to assert its claim, if at all, at the proper time in the proper forum.

1    *Compare* Reply ¶ 21(b) *with* Opp. ¶ 35(b)(i)-(v). Even if Foremost's allegations

2    were accurate, the presence of "100% control through stock ownership" and "the

3    same senior officers and directors" is "not enough to meet the alter ego [test.]"

4    *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th

5    Cir. 2003). Foremost ignores Tangshan's cited cases recognizing that "officers and

6    directors of the parent serv[ing] as officers and directors of the subsidiary" is "a

7    *normal* attribute of ownership[.]" Opp. ¶ 35(b)(2) (emphasis added and citation

8    omitted). *See also Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) ("[I]t is

9    entirely appropriate for directors of a parent corporation to serve as directors of its

10    subsidiary, and that fact alone may not serve to expose the parent corporation to

11    liability for its subsidiary's acts." (quoting *United States v. Bestfoods*, 524 U.S. 51,

12    69 (1998))); *Wilson Logistics Nev., Inc. v. Lincoln Gen. Ins. Co.*, No. 2:11-cv-

13    00225, 2011 WL 5080176, at *3 (D. Nev. Oct. 26, 2011) (rejecting plaintiff's claim

14    that corporation and wholly owned subsidiary sharing legal counsel were alter

15    egos).

16    c.    In alleging that "Tangshan failed to adequately capitalize Ayers Bath," Foremost

17    *still* does not carry its burden of demonstrating that $200,000.00 was "illusory or

18    trifling compared with the business to be done and the risks of loss." Reply ¶ 21(c).

19    To demonstrate undercapitalization, Foremost is required first to establish "what

20    amount of money would have been necessary for adequate capitalization . . . at the

21    *inception* of the business." *Whitney v. Wurtz*, No. 5:04-cv-5232, 2007 WL 1593221,

22    at *6 (N.D. Cal. June 1, 2007), *aff'd sub nom.* =320 Fed. App'x 799 (9th Cir. 2009)

23    (emphasis added) ("When a corporation is adequately funded at the outset, bad

24    financial times later do not raise an inference of fraudulent intent."); *Enter. Tech.*

25    *Holdings, Inc. v. Noveon Sys., Inc.*, No. 05-CV-2236, 2008 WL 11338356, at *11

26    (S.D. Cal. July 29, 2008) (plaintiff must "introduce evidence demonstrating what

27    would have been an adequate initial capitalization for [defendant] or a similar

28    corporation" (citation omitted)). Tangshan does *not* concede that the Debtor "had no

- 15 -

1   legitimate business," and, in any event, Tangshan certainly was not required to

2   anticipate and provide capital sufficient to pay Foremost's inflated proof of claim

3   three years later. *See, e.g.*, *Wolkowitz v. Redland Ins. Co.*, 112 Cal. App. 4th 154,

4   165, 5 Cal. Rptr. 3d 95, 105 (Cal Ct. App. Second Dist. 2003) (unopposed

5   bankruptcy claim, though preclusive against the debtor, "clear[ly]" does not provide

6   an "accurate[]" or "reliable" basis permitting others to estimate the debtor's actual

7   liabilities). Foremost's single cited case, *Wheeler v. Superior Mortg. Co.*, 196 Cal.

8   App. 2d 822, 830-31, 216 P. 2d 476 (Cal. Ct. App. Second Dist. 1961), involved an

9   inapposite situation where neither of the alleged alter ego corporations "had ***any***

10  capitalization whatsoever" at the time defendant extended usurious loans to plaintiff

11  (emphasis added).[13]

12  d.    In support of its allegation that "Tangshan and Ayers Bath disregarded corporate

13  formalities and failed to maintain arms' length relationships[,]" Foremost argues

14  "Ayers Bath did not have a board of directors" and that Ayers Bath "failed to pay

15  Tangshan in the ordinary course [of business.]" (Reply ¶ 21(d)). Foremost's first

16  contention is belied by the "Unanimous Written Consent of the Board of Directors

17  of Ayers Bath (U.S.A.), Co., Ltd." in the bankruptcy petition (*see* Dkt. 1 at 5).

18  Moreover, Foremost fails to indicate how lack of a board of directors demonstrates a

19  "unity of interest" with Tangshan. *Cf. Fejeran v. United Airlines, Inc.*, Case No.

20  2:16-cv-00026, 2017 WL 3174908, at *3 (D. Nev. July 26, 2017) ("Plaintiff has

21  failed to meet the first factor of the alter ego test . . . Plaintiff contends that [the

22  alleged alter ego subsidiary] has no board of directors . . . yet, he does not claim that

23  [the subsidiary] shares the same board of directors . . . with [its parent]."). Even if it

24  were true that Ayers Bath only paid Tangshan when it had spare money and there

25

26  [13]*See also Harris v. Curtis*, 8 Cal. App. 3d 837, 839, 842, 87 Cal. Rptr. 614, 616 (Cal. Ct. App.
    Fifth Dist. 1970) (rejecting alter-ego claim even though initial capitalization for "corporation

27  organized for the purpose of owning and operating motels and engaging in related businesses"
    was $1,000 and the corporation had a net book loss of $62,000 a year later, noting

28  undercapitalization is a merely a "'factor' to be considered" in determining alter ego status).

was no fixed time for payment (Reply ¶ 21(f)), nothing in the record indicates this was a result of an alter ego relationship as opposed to the natural result of Ayers Bath's financial limitations. *See* Opp. ¶ 35(d).

e.    Foremost's allegation that "Tangshan commingled and diverted funds and other assets of Ayers Bath" again relies solely on the unsupported conjecture Ayers Bath's "loss of nearly $2 million between the entry of the preliminary injunction and the bankruptcy filing" is *per se* evidence of commingling. Reply ¶ 21(g). Foremost ignores that the Chapter 7 trustee examined the Debtor's books and records and found nothing amiss. *See* Dkt. 58 at 7 (the trustee noted "[t]here are . . . potential fraudulent transfers that we are investigating" on March 22, 2013) & 1 (the trustee certified the estate had been fully administered and applied for discharge on July 16, 2015). Foremost also ignores that "[t]he preliminary injunction terminated Ayers Bath's only source of revenue—although it continued to incur expenses such as rent, legal expenses, salaries, and payments for inventory previously purchased." Opp. ¶ 7. Indeed, Foremost acknowledges that Tangshan was left holding unpaid invoices to the Debtor of $660,000. (Reply ¶ 21(g)). To support its argument, Foremost cites a single inapposite case, *United States v. Healthwin-Midtown Convalescent Hosp. & Rehab. Ctr., Inc.*, 511 F. Supp. 416 (C.D. Cal. 1981), in which the court found a corporation's finances had become "inextricably intertwined" with those of an individual shareholder where, *inter alia*, the shareholder signed corporate checks without prior approval of another corporate officer, the corporation issued a check directly to the shareholder for the corporation's taxes, the shareholder's partnership loaned the corporation money, and the corporation paid the mortgage on at the facility rented to it by the shareholder's partnership. *Id.* at 419. Foremost offers no such specific indicia of commingling of assets or looting by Tangshan.

31.    Foremost's attempt to demonstrate that "an inequitable result will follow if Tangshan is not treated as the alter ego of Ayers Bath" (Reply ¶ 22) also fails. Foremost cites no

1    case in which a plaintiff ***knowingly*** pursued a judgment against an assetless debtor but not its

2    solvent affiliate, then claimed that failure to add the affiliate to the judgment under Section 187

3    would be inequitable. The converse is true: Adding Tangshan to the judgment—thus depriving it of

4    the opportunity to defend on the merits—would be "unfair." *Rockin Rest.,* 2008 WL 4868647, at

5    *9; *Motores*, 51 Cal.2d at 176, 331 P.2d 1.[14]

6    **E.      Foremost Is Not Entitled To Discovery**

7            32.      Foremost's inability to satisfy Section 187's due process requirements, and its

8    abandonment of its alter ego claim (Sections II(B) & (C), *supra*) require denial of Foremost's

9    Motion as pure matters of law. Foremost does not contend that these issues require further

10   discovery—it seeks discovery only as to the merits of its alleged alter ego relationship between

11   Tangshan and the Debtor. *See* Reply ¶¶ 23-24. Discovery should be denied where, as here, it is

12   futile. *See, e.g., Martinez v. Aero Caribbean,* 764 F.3d 1062, 1071 (9th Cir. 2014) (affirming denial

13   of request for further discovery as "futile" and dismissing suit).

14           33.      Even with respect to Foremost's alter ego claim, it is not entitled to discovery.

15   Foremost cannot demonstrate the requisite "inequitable result" from treating Tangshan as a

16   separate corporate entity, based on the undisputed fact that it knowingly pursued a judgment

17   against the assetless Debtor, declining to join Tangshan as a defendant despite knowledge of all the

18   facts on which its alter ego claim is based, thus depriving Tangshan of the opportunity to defend on

19   the merits. *See* ¶¶ 13, 17, 21, 28, 31, *supra*. No further discovery can shed further light on those

20   undisputed facts or yield additional facts warranting a different outcome.

21

22

23

24   [14]Foremost's cases are not to the contrary. In *Wady v. Provident Life and Accident Ins. Co. of
     America,* 216 F. Supp. 2d 1060 (C.D. Cal. 2002), the court found there was no "unity of interest"

25   sufficient to justify a finding of alter ego where the plaintiff—like Foremost—failed to
     demonstrate undercapitalization, commingled funds or disregard for cooperate formalities. *Id.* at

26   1068-70. *Relentless* involved alleged alter-egos who were the sole limited partners of the
     corporation (a husband and wife); observed no corporate formalities; fully controlled the

27   underlying litigation; paid personal debts with corporate funds and (***unbeknownst to the plaintiff***)
     defunded the company prior to trial. *Relentless*, 222 Cal. App. 4th at 816-17, 166 Cal. Rptr. at

28   425.

1

## CONCLUSION

2

For the foregoing reasons, the Court should enter proposed findings and conclusions

3

denying Foremost's Motion with prejudice and grant such other and further relief as this Court

4

deems just and proper.

5

Dated: February 28, 2018                              Respectfully submitted,

6

                                                      OBERDIER RESSMEYER LLP

7

8

9

                                                      By:___/s/ Carl W. Oberdier_____
                                                              Carl W. Oberdier

10

                                                      OBERDIER RESSMEYMER LLP
11                                                    Carl W. Oberdier (*pro hac vice*)
                                                      Kellen G. Ressmeyer (*pro hac vice*)
12                                                    Sara K. Hunkler (*pro hac vice*)
                                                      655 Third Avenue; 28th Floor
13                                                    New York, New York 10017
                                                      Telephone: (212) 659-5141
14                                                    Facsimile: (646) 349-4925

15                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
                                                      Philip Graves, Bar No. 153441
16                                                    philipg@hbsslaw.com
                                                      301 North Lake Avenue, Suite 920
17                                                    Pasadena, California 91101
                                                      Telephone: 213-330-7150
18                                                    Facsimile: 213-330-7152

19                                                    *Attorneys for Tangshan Ayers*
                                                      *Bath Equipment Co., Ltd.*
20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                 *Printed Name*                    *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# SERVICE LIST

Case No. 2:13-bk-17409-RK

In re:

## AYERS BATH (U.S.A.) CO., LTD.

Debtor.

- **Ryan S Fife** (ryan.fife@dbr.com, cesar.ibanez@dbr.com, docketgeneral@dbr.com)
- **Anthony A Friedman** (aaf@lnbyb.com)
- **Philip J Graves** (philipg@hbsslaw.com, lizc@hbsslaw.com)
- **John A Moe** (john.moe@dentons.com, glenda.spratt@dentons.com, derry.kalve@dentons.com, jennifer.wall@dentons.com, andy.jinnah@dentons.com)
- **Jeffrey S Renzi** (jrenzi@ssd.com, clopez@ssd.com, ptsui@ssd.com)
- **Alfred H Siegel (TR)** (Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com, Margo.tzeng@asiegelandassoc.com, asiegel@ecf.epiqsystems.com)
- **United States Trustee (LA)** (ustpregion16.la.ecf@usdoj.gov)