

**FILED & ENTERED**

**MAR 05 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

AYERS BATH (U.S.A.), CO.,LTD.,

Debtor.

Case No. 2:13-bk-17409-RK

Chapter 7

**ORDER ON RENEWED MOTION OF FOREMOST GROUPS, INC., TO AMEND THE JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO., LTD., AS JUDGMENT DEBTOR VACATING HEARING ON MARCH 7, 2018, SETTING MATTER FOR EVIDENTIARY HEARING AND SETTING STATUS CONFERENCE TO SCHEDULE PRETRIAL PROCEEDINGS**

Date: March 7, 2018
Time: 9:00 a.m.
Courtroom:  1675

Pending before the court is the renewed motion of Foremost Groups, Inc. (Foremost), to amend the judgment of the Bankruptcy Court to add Tangshan Ayers Bath Equipment Co., Ltd. (Tangshan Ayers), as judgment debtor, which is currently set for hearing before the undersigned United States Bankruptcy Judge on March 7, 2018 at 9:00 a.m.  Having reviewed the moving and opposing papers of the parties, including

the reply and sur-reply papers, the court determines that an evidentiary hearing is required to resolve the disputed and material factual issues in this contested matter under Federal Rule of Bankruptcy Procedure 9014 and will reserve ruling on the merits of the motion until the evidentiary hearing. In the meantime, the court sets a status conference in this matter for April 10, 2018 at 2:00 p.m. to hear from the parties on setting a schedule of pretrial proceedings, including discovery, and a date and time for an evidentiary hearing, and the parties should meet and confer regarding their pretrial needs and proposed schedule of pretrial proceedings.

By its motion to amend judgment, citing Federal Rule of Civil Procedure 69, Federal Rule of Bankruptcy Procedure 7069 and California Code of Civil Procedure § 187, Foremost seeks an order amending its judgment from allowance of its proof of claim filed in this bankruptcy case of Debtor Ayers Bath (U.S.A.) Co., Ltd., to add Tangshan Ayers as a judgment debt on grounds that Tangshan Ayers is an alter ego of Debtor. *See also, In re Levander,* 180 F.3d 1114, 1121 (9th Cir. 1999). Foremost contends that under California Code of Civil Procedure § 187, it may amend the judgment to add Tangshan Ayers as a judgment debtor because it is the alter ego of Debtor and it controlled the litigation in which the judgment based on the proof of claim was allowed, and thus, may be held to be an additional judgment debtor without trial. *Id., citing, Triplett v. Farmers Insurance Exchange,* 24 Cal.App.4th 1415, 1421 (1994). Foremost argues that based on the evidence in its papers of alter ego and litigation control, it is entitled to an order granting the motion on the merits, or in the alternative, it is entitled to take discovery. Generally speaking, an alter ego claim under California law is a factual determination for which the courts have identified a number of factors to evaluate whether there is a liability. *See Mid-Century Insurance Co. v. Gardner,* 9 Cal.App.4th 1203, 1213 n. 3 (1992), *citing, Associated Vendors, Inc. v. Oakland Meat Co., Inc.,* 210 Cal.App.2d 825, 838-840 (1962). To show alter ego liability, Foremost submitted evidence which indicates: (1) Tangshan Ayers is the 100% owner of the shares of Debtor; (2) Tangshan Ayers dominated and controlled Debtor; (3) Tangshan

1  Ayers and Debtor had shared directors and officers; (4) Debtor was undercapitalized;
2  (5) Tangshan Ayers and Debtor used the same counsel; (6) Tangshan Ayers and
3  Debtor did not observe corporate formalities and did not maintain an arms' length
4  relationship; (7) Tangshan Ayers diverted Debtor's funds and assets; and (8) Tangshan
5  Ayers formed and operated Debtor to market and distribute Huida ceramic household
6  products in the United States and Canada despite knowledge of Foremost's exclusive
7  license to market and distribute these products in the United States and Canada.
8  Motion at 15-16, *citing Velocci Declaration and exhibits attached thereto.* To show
9  litigation control, Foremost offered evidence showing that Tangshan Ayers caused
10 Debtor to file for bankruptcy, funded the bankruptcy case, retained its counsel to file the
11 bankruptcy case and otherwise controlled the bankruptcy case. *Id.* at 15-17 and *Velocci*
12 *Declaration and exhibits attached thereto.*
13     In opposition, Tangshan Ayers argues that the motion should be denied because
14 granting the motion on an unopposed proof of claim would violate its rights to
15 procedural due process under California Code of Civil Procedure § 187, Foremost
16 should be equitably estopped from obtaining relief because it was aware of the facts to
17 support the alleged alter ego relationship before entry of judgment and could have
18 commenced an adversary proceeding to determine alter ego liability and the evidence in
19 the record fails to establish a prima facie case for alter ego liability of Tangshan Ayers.
20     Based on the record before the court in the papers filed by the parties, whether
21 there was an alter ego relationship between Debtor and Tangshan Ayers and whether
22 Tangshan Ayers controlled Debtor's bankruptcy case are disputed and material factual
23 issues which require an evidentiary hearing for the court to resolve. Generally
24 speaking, alter ego liability and litigation control are inherently and intensely factual
25 determinations. *See Bell Atlantic Business Systems Services v. Hitachi Data Systems*
26 *Corp.,* 849 F.Supp. 702, 707 (N.D. Cal. 1994); *Monaco v. Liberty Life Assurance Co.,*
27 No. No. C06-07021 MJJ, 2007 WL 1140460 (N.D. Cal. 2007). While courts have
28 dismissed alter ego claims at the pleadings stage despite the fact intensive nature of the

claims, *see, e.g., Sawyer v. Bill Me Later, Inc.*, No. CV 10-04461 SJO (JCGx), 2010 WL 11492736 (C.D.Cal. 2010), the court views the evidence submitted by Foremost as susceptible of conflicting inferences that reasonable minds could draw to support a claim of alter ego liability or to negate such a claim.  In essence, both sides are seeking judgment on the papers, which may be the informal equivalent of cross-motions for summary judgment, and here, the evidence before the court generates competing inferences that create genuine issues of material fact for trial. Based on the current record, whether there was an alter ego relationship between Debtor and Tangshan Ayers and whether the latter controlled Debtor's bankruptcy case are disputed and material factual issues which require an evidentiary hearing for the court to resolve. *See Katzir's Floor and Home Design v. M-MLS.com,* 394 F.3d 1144, 1148-1150 (9th Cir. 2004). Based on the current record, whether Foremost engaged in conduct that warrants an equitable estoppel precluding it from asserting an alter ego claim against Tangshan Ayers is a disputed and material factual issue which requires an evidentiary hearing for the court to resolve.

      The Bankruptcy Appellate Panel of the Ninth Circuit has observed: "An evidentiary hearing is generally appropriate when there are disputed and material factual issues that the bankruptcy court cannot readily determine from the record.  Thus, if a contested matter in a bankruptcy case 'cannot be decided without resolving a disputed material issue of fact, an evidentiary hearing must be held at which testimony of witnesses is taken in the same manner as testimony is taken in an adversary proceeding or at trial in a district court civil case.' " *In re Nicholson,* 435 B.R. 622, 636 (9th Cir. BAP 2010), *partially abrogated on other grounds by, Law v. Siegel,* 134 S.Ct. 1188, 1196-1198 (2014), *citing and quoting,* Federal Rule of Bankruptcy Procedure 9014, Advisory Committee Note to 2002 Amendment; *see also, In re Medpoint Management, LLC,* BAP No. AZ-15-1130-KuJaJu, 2016 WL 3251581 (9th Cir. BAP 2016)(unpublished memorandum opinion), slip op. at *8 ("At bottom, the bankruptcy court enjoys considerable discretion in deciding whether to hold an evidentiary hearing,

but that discretion is circumscribed by the requirements of due process"), *citing, In re Nicholson,* 435 B.R. at 635-637.  As further observed by the Bankruptcy Appellate Panel in *In re Nicholson,* "[t]his advisory committee note 'makes clear that this requirement is intended to require a trial when there is a genuine factual dispute.' " *Id., citing and quoting, In re Khachikyan,* 335 B.R. 121, 126 and n. 4 (9th Cir. BAP 2005).

     In this matter, the court determines that Foremost's motion to amend judgment to add Tangshan Ayers as a judgment debtor is a contested matter that cannot be decided without resolving the disputed and material factual issues discussed herein which the court cannot determine from the record in its current state, and thus, the court should exercise its discretion to set an evidentiary hearing to resolve these issues.  The court notes that this matter has been referred to this court by the United States District Court for the Central District of California hearing the civil action brought by Foremost against Tangshan Ayers in its minute order of November 1, 2017 and that this court has been directed by the district court to submit proposed findings of fact and conclusions of law on Foremost's alter ego claim to it for de novo review.  In order for the court to comply with the district court's directive, the court determines that the above-described disputed and material factual issues in this contested matter require an evidentiary hearing for this court to make and submit its proposed findings of fact and conclusions of law to the district court.

     The amount of liability at stake is $5 million, and the court has the overall feeling that the record is not fully developed to render a final decision on the motion.  Having said this, if the parties believes that the court is incorrect and that the material facts are uncontroverted, that they may bring formal motions for summary judgment pursuant to Federal Rules of Bankruptcy Procedure 7056 and 9014 and Federal Rule of Civil Procedure 56 for a clearly delineated and fully developed evidentiary record set forth in proposed statements of uncontroverted fact and statements of genuine issues.  If, for example, Foremost believes that it is entitled to discovery, it can test this against a possible motion for summary judgment by Tangshan Ayers pursuant to Federal Rule of

Civil Procedure 56(d)(2). The court anticipates that the ruling on the motion by this court will not be the end of the matter because the ruling with supporting factual findings and legal conclusions will be reviewed de novo by the district court and possible further review on appeal. Thus, the court believes that it has a duty to present a fully developed evidentiary record to the reviewing courts and to accord due process to the parties.

Based on the foregoing, the court rules as follows:

1. The court determines that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the motion is not necessary at this time, dispenses with it, vacates the hearing on March 7, 2018, and takes the motion under submission.

2. The court determines that an evidentiary hearing is required to resolve the motion which is a contested matter under Federal Rule of Bankruptcy Procedure 9014 because there are disputed and material factual issues that the court cannot readily determine from the record, and thus, the court exercises its discretion to set an evidentiary hearing in this contested matter.

3. The court sets this contested matter for a status conference on April 10, 2018 at 2:00 p.m. at which time the court will hear from the parties regarding their pretrial needs, including discovery, and their proposed schedule of pretrial proceedings and proposed date and time for an evidentiary hearing.

///

///

4. No appearances are required on the motion on March 7, 2018 because the court vacates the hearing.

IT IS SO ORDERED.    ###

Date: March 5, 2018

_____
Robert Kwan
United States Bankruptcy Judge