FAEGRE DRINKER BIDDLE & REATH LLP
William A. Hanssen (Bar No. 110613)
William.Hanssen@faegredrinker.com
Scott F. Gautier (Bar No. 211742)
Scott.Gautier@faegredrinker.com
Ryan M. Salzman (Bar No. 299923)
Ryan.Salzman@faegredrinker.com
Maria J. Cho (Bar No. 327388)
Maria.Cho@faegredrinker.com
1800 Century Park East, Ste. 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1825

Attorneys for FOREMOST GROUPS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC., <br><br> Plaintiff, <br><br> vs. <br><br> TANGSHAN AYERS BATH EQUIPMENT CO., LTD., <br><br> Defendant. | Case No. 2:14-cv-00188 SVW (RZx) <br> Hon. Stephen V. Wilson <br><br> Courtroom 6 <br><br> Case No. 2:13-bk-17409-RK <br> Chapter 7 <br><br> **FOREMOST GROUP, INC.'S POST-HEARING SUPPLEMENTAL BRIEF** |
| In re: <br><br> **AYERS BATH (U.S.A.) CO., LTD.** <br><br> Debtor. | |

# TABLE OF CONTENTS

I.  THE AVAILABILITY OF RULE 69(A) IS LAW OF THE CASE..............1

II. TANGSHAN AYERS HAD NOTICE OF THE PROOF OF CLAIM
    AND THE OPPORTUNITY TO OBJECT................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*,
77 F.3d 278 (9th Cir. 1996) ................................................................................. 1

*In re Arnold*,
No. 08-13479, 2010 WL 3810862 (Bankr. N.D.N.Y. Sept. 27, 2010) .............. 6

*In re Hobbs*,
141 B.R. 466 (Bankr. N.D. Ga. 1992) ............................................................... 6

*In re Levander*,
180 F.3d 1114 (9th Cir. 1999) .................................................................. 2, 3, 4

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
275 F.3d 762 (9th Cir. 2001) .............................................................................. 1

*Siegel v. Federal Home Loan Mortg. Corp.*,
143 F.3d 525 (9th Cir. 1998) ............................................................................. 2

*U.S. v. Alexander*,
106 F.3d 874 (9th Cir. 1997) ............................................................................. 1

*United States v. Lummi Indian Tribe*,
235 F.3d 443 (9th Cir. 2000) ............................................................................. 1

**FEDERAL STATUTES**

28 U.S.C. § 157 ........................................................................................................ 4

**STATE STATUTES**

California Code of Civil Procedure § 187 ......................................................... 2, 4

**RULES**

Federal Rules of Bankruptcy Procedure Rule 5009 ............................................. 6

Federal Rules of Bankruptcy Procedure Rule 7069 ............................................. 3

Federal Rules of Civil Procedure Rule 12(b) ................................................... 2, 3

Federal Rules of Civil Procedure Rule 69(a) .............................................. *passim*

Foremost Groups, Inc. ("Foremost"), a creditor in the above-captioned case, by and through its counsel, Faegre Drinker Biddle & Reath LLP, submits this post-hearing supplemental brief in further support of Foremost's Renewed Motion to Amend [Docket No. 118].

## I. THE AVAILABILITY OF RULE 69(a) IS LAW OF THE CASE

1. Under the doctrine of law of the case, a court is precluded from reconsidering an issue already decided by the same or a higher court in the same case. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001) (citations omitted). For the doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). Failure to apply the doctrine, unless one or more exception is met, constitutes an abuse of discretion. *See U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).[1]

2. The issue of the applicability of Rule 69(a) of the Federal Rules was raised in the Tangshan Ayers Litigation[2] and necessarily decided by the District Court prior to the limited referral to this Court for a determination of alter ego. As such, the District Court's decision constitutes the law of the case and should not be reconsidered.

3. Foremost first invoked Rule 69(a) in its First Amended Complaint, filed on November 17, 2015, after the District Court held that, while Foremost could not bring standalone claims for tortious interference and unjust enrichment against Tangshan Ayers due to the res judicata effect of the Proof of Claim, claims based on

---

[1] The Ninth Circuit has instructed that the prior decision should be followed unless: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 281 (9th Cir. 1996) (citation omitted).

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in Foremost's Pre-Hearing Brief [Docket No. 216].

alter ego or action upon the judgment could be pursued. *See* Supplemental Request for Judicial Notice ("Supp. RJN"), Ex. K (In Chambers Order Granting Defendant's Motion to Dismiss, Denying Defendant's Motion to Dismiss as Moot and Denying Plaintiff's Motion for Leave to File Surreply); Ex. L (First Amended Complaint). In the two motions to dismiss that followed, Tangshan Ayers did not argue that that the Proof of Claim cannot, as a matter of law, be amended under Rule 69(a). To the contrary, earlier in the case, Tangshan Ayers expressly acknowledged that:

> It is true Bankruptcy courts are allowed to amend their orders to add third-party judgment debtors under certain circumstances.
>
> It is equally true under Rule 69(a) federal courts authorized to rely on state law which "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits" and, "Under California Code of Civil Procedure §187, a court has authority to amend a judgment to add additional to additional judgment debtors, *In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999).

Supp. RJN, Ex. I (Tangshan's Reply to Foremost's Opposition to Rule 12(b)(6) Motion to Dismiss).[3]

    4.    In ruling on Tangshan Ayers's Motion to Dismiss the First Amended Complaint, the District Court held only that Rule 69(a) is a procedural device and does not provide a cause of action. *See* Supp. RJN, Ex. P (In Chambers Order Granting In Part and Denying in Part Defendant's Motion to Dismiss, dated January 6, 2016). The District Court did not hold that the Proof of Claim, which it had previously determined was a final judgment under *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525 (9th Cir. 1998), was a not a "money judgment" within

---

[3] Notwithstanding, Tangshan went on to argue that certain aspects of California law regarding the judgment creditor's knowledge and the timing of the motion to amend barred the relief sought by Foremost. *See id.* at 13-15.

the meaning of Rule 69(a).[4]  Had it believed that to be the case, it would have so ruled and ended litigation which, at that point, had been going on for nearly four-and-a-half years across multiple forums.  Instead, the District Court allowed Foremost to file an amended pleading which preserved its claim to enforce the judgment on the basis of alter ego, without asserting standalone causes of action for alter ego or execution under Rule 69(a).  *See id.*

5.  After Foremost filed its Second Amended Complaint, which asserts a single cause of action for "Action on Judgment," Tangshan Ayers again moved to dismiss.  In its motion papers, Tangshan Ayers did not deviate from its previous acknowledgement that Rule 69(a) was available, but argued that due process concerns cautioned against the amendment of an uncontested proof of claim.  *See* Supp. RJN, Ex. T (Tangshan's Reply to Foremost Opposition to its Motion to Dismiss the SAC Pursuant to FRCP 12(b)(1) and 12(b)(6)), at 11-13.  Tangshan Ayers also argued that the Second Amended Complaint should be dismissed for lack of subject matter jurisdiction and on equitable estoppel and issue and claims preclusion grounds.  *See id.*, Ex. R (Defendant Tangshan Ayers Bath Equipment Co. Ltd.'s Memorandum of Law Submitted in Support of Motion to Dismiss the Second Amended Complaint Pursuant to FRCP Rule 12(b)(1) and Rule 12(b)(6)).

6.  In response, the District Court issued the Stay Order, which states that the Tangshan Ayers Litigation "is STAYED in order to give Foremost the opportunity to seek an amended judgment through the bankruptcy court.  *See In re Levander*, 180 F.3d 1114 (9th Cir. 1999)."  *See id.*, Ex. U (In Chambers Order Staying Proceedings, dated March 8, 2016).  In *Levander*, the only case cited by the District Court, the Ninth Circuit expressly held that the bankruptcy court was authorized to amend an order awarding attorneys' fees to add an additional judgment debtor under

---

[4] The District Court acknowledged that it was not making a finding as to the procedural manner in which Rule 69(a) would apply to the Ayers Bath Bankruptcy Case, i.e., through Rule 7069 of the Federal Rules of Bankruptcy Procedure or otherwise.

Rule 69(a) if the requirements of California law (specifically, California Code of Civil Procedure section 187) are met. 180 F.3d at 1120-1121. The Stay Order necessarily assumes that amendment under Rule 69(a) is possible (which had never been disputed), but leaves to this Court to determine, in the first instance, whether the elements of California Code of Civil Procedure section 187 – alter ego and control of the litigation – are satisfied.

7. If there was any question as to the District Court's intent, it was resolved when the District Court issued the Referral Order in November 2017. In that Order, which was the result of Tangshan Ayers's frivolous argument that Foremost was required to re-serve Tangshan Ayers under the Hague Convention before proceedings in the Bankruptcy Court could resume, the District Court confirmed that, in issuing the Stay Order, it "***intended that the alter-ego issue [be referred] to the Bankruptcy Court for proposed findings of fact and conclusions of law under 28 U.S.C. § 157***." Supp. RJN, Ex. Y (In Chambers Order Lifting Stay, dated November 1, 2017) (emphasis added). The Referral Order does not contemplate this Court opining on any issue in the Tangshan Ayers Litigation (which had been pending with the District Court for nearly four years) other than alter ego.

8. The Stay Order and Referral Order reflect the District Court's assumption that the Proof of Claim is capable of being amended; the only question for this Court is whether the alter ego test is met, as the District Court stated. Foremost respectfully submits that this Court lacks the discretion to opine on the applicability of Rule 69(a) or decline to make proposed findings of fact and conclusions of law with respect to alter ego. If the District Court's holding that the Proof of Claim is a final judgment subject to enforcement against Tangshan Ayers was in error, Tangshan Ayers may appeal the District Court's ultimate decision with respect to this Court's proposed findings of facts and conclusions on the issue of alter ego. But this Court should not second-guess the District Court with respect to

whether the Proof of Claim is capable of amendment; it should simply determine whether amendment is proper on the basis of alter ego.

## II. TANGSHAN AYERS HAD NOTICE OF THE PROOF OF CLAIM AND THE OPPORTUNITY TO OBJECT

9. Like the undisputed applicability of Rule 69(a) to the Proof of Claim, the record also reflects that Tangshan Ayers had notice of the Proof of Claim and an opportunity to object, of which it failed to avail itself.

10. As discussed in Foremost's prior memoranda and during the June 7, 2021 hearing on the Renewed Motion to Amend, Tangshan Ayers was on notice, from the beginning of Ayers Bath's bankruptcy case, and certainly no later than the filing of the Complaint in January 2014, that Foremost believed Tangshan Ayers to be the alter ego of Ayers Bath. Supp. RJN, Ex. A (Complaint) ¶¶ 15-26 (alter ego allegations). Tangshan Ayers's counsel received a copy of the Complaint when it was filed; Tangshan Ayers itself was served on August 12, 2014. Supp. RJN, Ex. B (Certificate of Service). Tangshan Ayers thus knew, or should have known, that it faced potential liability for the debts of Ayers Bath.

11. Despite having closely monitored the bankruptcy proceedings and retained counsel who received electronic notification of filings in the case, Tangshan Ayers implausibly claims that it was unaware of the Proof of Claim prior to its allowance. Tangshan Ayers's professed lack of knowledge is conclusively rebutted, however, by the Court's Certificate of Notice of *Notice of the Trustee's Final Report and Applications for Compensation and Deadline to Object (NFR)* ("Objection Notice") and *Summary of Trustee's Final Report and Applications for Compensation* ("Claims Summary"), which expressly identified Foremost's Proof of Claim and its proposed treatment, and invited Tangshan Ayers to object. PX 25 (Certificate of Notice) [Docket No. 55]. On April 17, 2015, the Objection Notice and Claims

Summary were mailed to Tangshan Ayers by the Court. *See id.*[5] The Claims Summary identifies Foremost's Proof of Claim by claim number, claimant and the proposed allowed amount of the claim. *See id.* at 4. The Objection Notice states that a hearing on the Trustee's Final Report and Applications for Compensation will be held on May 19, 2015, and that "any person wishing to object" should do so not later than 14 days before the hearing date. *Id.* at 2. The Objection Notice further states that, pursuant to Rule 5009 of the Federal Rules of Bankruptcy Procedure,[6] "[i]n the absence of a timely objection by the U.S. Trustee or any other party in interest," the Court may discharge the Trustee and close the case. *Id.* Tangshan Ayers was well positioned to object to the Trustee's allowance of the Proof of Claim, as by May 2015, Tangshan Ayers had engaged counsel to defend it in the Tangshan Ayers Litigation (in addition to Squire Sanders, the firm which represented both Ayers Bath and Tangshan Ayers in the bankruptcy case). Notwithstanding, in accordance with its strategy of liquidating its failed investment in the North American market as cheaply as possible, Tangshan Ayers let the deadline pass and the hearing on the Final Report go forward without objection.

---

[5] At the hearing, counsel for Tangshan Ayers speculated that the address used by the Court when mailing the Objection Notice and Claims Summary may not have been correct. However, the mailing address for Tangshan Ayers is the same address that is listed in Ayers Bath's schedules, which Junkuan (Peter) Yao, then a Tangshan Ayers employee, swore were true and correct. *See* Chapter 7 Voluntary Petition of Ayers Bath (U.S.A.), Co., Ltd. [Docket No. 1]; Amended Schedule F [Docket No. 15]. The address used by the Court is also the same address set forth on the master mailing list, which the debtor is required to certify as complete and correct. LBR 1007-1. There is a presumption that the addresses provided by a debtor on the list of creditors are correct addresses for noticing purposes. *See In re Arnold*, No. 08-13479, 2010 WL 3810862, at *3 (Bankr. N.D.N.Y. Sept. 27, 2010); *see also In re Hobbs*, 141 B.R. 466, 468-69 (Bankr. N.D. Ga. 1992) (where clerk of court mailed notice of debtor's bankruptcy filing to creditor at its scheduled address, the creditor's denial of receipt was insufficient to rebut presumption that notice was properly delivered).

[6] Bankruptcy Rule 5009(a) provides: "If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered."

12. In light of this record evidence, the Court should find that amendment of the judgment satisfies due process, as Tangshan Ayers had sufficient opportunity to object to the allowance of the Proof of Claim but chose not to do so, confident that its abuse of the corporate form would shield it from being held accountable for its tortious conduct.

**WHEREFORE** Foremost requests that this Court enter an Order (a) amending the Proof of Claim to add Tangshan Ayers as a judgment debtor; and (b) granting such other and further relief as this Court deems just and proper.

Dated:    June 21, 2021

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Maria J. Cho*
Maria J. Cho

Attorneys for Plaintiff
FOREMOST GROUPS, INC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1800 Century Park East, Suite 1500, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): FOREMOST GROUP, INC.'S POST-HEARING SUPPLEMENTAL BRIEF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 21, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached.

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 21, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Judge Robert N. Kwan:
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1682
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 21, 2021 | Maria Cho | /s/ Maria Cho |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* — **F 9013-3.1.PROOF.SERVICE**

**Electronic Mail Notice List for Case No.: 2:13-bk-17409-RK**

The following is the list of parties who are currently on the list to receive email notice/service for this case.

- **Maria Cho**   Maria.Cho@faegredrinker.com, ann.grosso@faegredrinker.com
- **Anthony A Friedman**   aaf@lnbyb.com
- **Philip J Graves**   philipg@hbsslaw.com, bills@hbsslaw.com
- **John A Moe**   john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- **Carl W Oberdier**   cwo@oberdier.com, kgr@oberdier.com;skh@oberdier.com
- **Jeffrey S Renzi**   jrenzi@ssd.com, clopez@ssd.com;ptsui@ssd.com
- **Ryan M Salzman**   ryan.salzman@faegredrinker.com, susan.carlson@faegredrinker.com
- **Alfred H Siegel (TR)**   Al.siegel@asiegelandassoc.com, Lisa.irving@asiegelandassoc.com;asiegel@ecf.axosfs.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov