1  HAGENS BERMAN SOBOL SHAPIRO LLP
   Philip Graves, Bar No. 153441
2  philipg@hbsslaw.com
   301 North Lake Avenue, Suite 920
3  Pasadena, California 91101
   Telephone: 213-330-7150
4  Facsimile: 213-330-7152

5  OBERDIER RESSMEYER LLP
   Carl W. Oberdier (*pro hac vice*)
6  Kellen G. Ressmeyer (*pro hac vice*)
   655 Third Avenue; 28th Floor
7  New York, New York 10017
   Telephone: (212) 659-5141
8  Facsimile: (646) 349-4925

9  Attorneys For TANGSHAN AYERS BATH EQUIPMENT CO., LTD.

10              UNITED STATES BANKRUPTCY COURT
                CENTRAL DISTRICT OF CALIFORNIA
11                   LOS ANGELES DIVISION

| | |
|---|---|
| FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC., | Case No. 2:14-cv-00188 SVW (RZx) Hon. Stephen V. Wilson Courtroom 6 |
| Plaintiff, | |
| vs. | |
| TANGSHAN AYERS BATH EQUIPMENT CO., LTD., | |
| Defendant. | |
| In re: | Case No.: 2:13-bk-17409-RK |
| | Chapter 7 |
| AYERS BATH (U.S.A.) CO., LTD., | **TANGSHAN AYERS BATH EQUIPMENT CO., LTD'S POST-HEARING SUPPLEMENTAL BRIEF** |
| Debtor. | **Hearing: June 7, 2021 at 1:15 p.m.** **Place: Courtroom 1675** **Docket No. 118** |

---

Tangshan Ayers' Post-Trial Brief                       Case No. 2:14-cv-00188 SVW (RZx)
                                                       Case No.: 2:13-bk-17409-RK

# TABLE OF CONTENTS

I.  The Availability Of Rule 69(a) Was Not Decided
    By The District Court And Is Not Law Of The Case ............................................................. 1

    A.  Tangshan Never Conceded That Rule 69(a) Applies,
    And Any Such Concession Would Be Irrelevant To Law Of The Case ..................... 4

    B.  In Dismissing Tangshan's Original Complaint,
    The District Court Expressly Declined To Decide
    Whether Foremost Had A Viable Claim To
    Enforce The Proof Of Claim Against Tangshan .......................................................... 4

    C.  The District Court Expressly Declined To Decide
    Whether Rule 69(a) Applies To The Proof Of Claim ................................................. 5

    D.  The District Court Orders Referring The
    Motion To Amend To This Court Made
    No Findings Regarding Rule 69(a)'s Applicability ..................................................... 6

II. Tangshan Had Neither Notice Of Foremost's
    Proof Of Claim Nor Any Opportunity To Object ................................................................. 8

III. Conclusion ........................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Liberty Mut. Ins. Co. v. E.E.O.C*,
  691 F.2d 438 (9th Cir. 1982) ................................................................................................ 3

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
  275 F.3d 762 (9th Cir. 2001) ................................................................................................ 3

*Orantes-Hernandez v. Gonzales*,
  504 F. Supp. 2d 825 (C.D. Cal. 2007),
  *aff'd sub nom. Orantes-Hernandez v. Holder*,
  321 Fed. App'x 625 (9th Cir. 2009) ..................................................................................... 3

*Snow-Erlin v. United States*,
  470 F.3d 804 (9th Cir. 2006) ............................................................................................ 3, 4

*In re Levander*,
  180 F.3d 1114 (9th Cir. 1999) .............................................................................................. 6

*United States v. Jingles*,
  702 F.3d 494 (9th Cir. 2012) ................................................................................................ 2

*United States v. Lummi Nation*,
  763 F.3d 1180 (9th Cir. 2014) ........................................................................................... 2, 3

*United Steelworkers of America v.*
  *Retirement Income Plan for Hourly-Rated Emps. of Asarco, Inc.*,
  512 F.3d 555 (9th Cir. 2008) ................................................................................................ 3

**Statutes**

FED. R. CIV. P. 12(h)(2) ............................................................................................................. 4

FED. R. CIV. P. 69(a) .......................................................................................................... *passim*

Tangshan Ayers Bath Equipment Co., Ltd., by and through its undersigned counsel, respectfully submits this post-hearing supplemental brief in response to Foremost Group, Inc.'s Post-Hearing Supplemental Brief ("**Foremost PH Br.**") (Dkt. 264) and in further opposition to Foremost's Motion to Amend.[1]

### I. THE AVAILABILITY OF RULE 69(A) WAS NOT DECIDED BY THE DISTRICT COURT AND IS NOT LAW OF THE CASE

1. Foremost's contention that the District Court made a binding determination that Rule 69(a) is applicable to the Proof of Claim, and that such determination is law of the case, is unfounded in the record and unsupported by the law.[2] As Foremost acknowledges, the issue whether the Proof of Claim is a "money judgment" under Rule 69(a) was never presented to the District Court, and the District Court never addressed—let alone decided—that issue. *See* Foremost PH Br. ¶¶ 4, 6-8. In the District Court's only substantive consideration of Rule 69(a)—its order dismissing Foremost's First Amended Complaint (Dkt. 263-16), the District Court held only that Rule 69(a) is a procedural remedy, not a substantive cause of action. *Id*. at 2; *see also* ¶¶ 7-8, *infra*. The District Court expressly stated that the absence of an independent cause of action under Rule 69(a) was its "*only*" finding, and further that ***it was making no finding regarding whether Rule 69(a) actually applies to the Proof of Claim***. Dkt. 263-16 at 2-3 & n.3; *see* ¶¶ 7-8, *infra*. Foremost's contention that, despite the District Court's express disclaimers, it ***must*** have "believed" that the Proof of Claim is a "money judgment" under Rule 69(a), else it would have dismissed the First Amended Complaint on that ground instead (Foremost PH Br. ¶ 4) is

---

[1] Capitalized terms used without definition shall have their meanings set forth in Tangshan Ayers Bath Equipment Co. Ltd.'s Initial Trial Brief In Opposition To The Renewed Motion Of Foremost Groups, Inc. To Amend The Judgment Of The Bankruptcy Court To Add Tangshan Ayers Bath Equipment Co. Ltd. As Judgment Debtor (Dkt. 219). Accompanying Tangshan's post-hearing brief is Tangshan's Second Request for Judicial Notice ("**T-SJN**"), which attaches relevant portions of the docket in the *Tangshan Litigation* that Foremost's Supplemental Request For Judicial Notice (Dkts. 263-64) omitted, and the Declaration of Kellen G. Ressmeyer, sworn to on July 1, 2021.

[2] Foremost has retracted its previous law of the case argument that "the issues of due process" "were decided by 'necessary implication'" by the District Court (*see* Dkt. 229 ¶ 8, *id.* ¶ 3). Foremost now contends that this Court now ***must*** make findings as to whether alter ego and control of the litigation [*i.e.*, due process]—are satisfied. Dkt. 264 ¶ 12.

1    implausible supposition that contradicts the record—not a "necessary implication" of the District

2    Court's decision that stands as law of the case.

3        2.    Likewise, when the District Court stayed the *Tangshan Litigation* and (twenty

4    months later) reopened the case for the sole purpose of referring Foremost's Motion to Amend to

5    this Court for proposed findings of fact and conclusions of law, it made neither explicit nor

6    necessarily-implied findings regarding the applicability of Rule 69(a). *See* ¶¶ 9-11, *infra*. To the

7    contrary, the District Court stated that it wanted this Court to decide "***all matters relevant***" to

8    Foremost's Motion, even including personal jurisdiction, which was based on the effectiveness of

9    service of process **in the Tangshan Litigation**. T-SJN, Ex. A at 13:1-3, 10:21-11:6, 5:23-6:3, 7:5-7

10   (emphasis added); *see also* ¶¶ 9-11, *infra*. Foremost agreed, urging the District Court to "simply

11   enter[] an order referring the matter . . . ***then we will go have a trial in the bankruptcy court and***

12   ***handle the case down there***." T-SJN, Ex. A at 10:21-11:6 (emphasis added); *see also* ¶¶ 9-11,

13   *infra*. Foremost's present contention that in staying the case and referring Foremost's Motion to

14   Amend to this Court, the District Court "necessarily assume[d] that amendment under Rule 69(a) is

15   possible" (Foremost PH Br. ¶ 6-8) is, again, sheer unsupported supposition.

16       3.    In any event, Foremost's speculations about the District Court's "assumptions" do

17   not remotely satisfy the requirements of the law of the case doctrine. A court's previous decision is

18   law of the case only when the issue in question was "decided explicitly or by necessary

19   implication." *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (citation

20   omitted) But an issue is decided by necessary implication only when it is ***impossible*** to reach the

21   court's expressed holding absent its implied one. *See United States v. Jingles*, 702 F.3d 494, 502

22   (9th Cir. 2012) ("An argument is rejected by necessary implication when the holding stated or

23   result reached is ***inconsistent*** with the argument." (emphasis added and citation omitted)). There is

24   nothing "inconsistent" about the District Court's referral to this Court of "all matters relevant" to

25

26

27

28

Tangshan Ayers' Post-Trial Brief      - 2 -      Case No. 2:14-cv-00188 SVW (RZx)
    Case No.: 2:13-bk-17409-RK

1    Foremost's Motion to Amend. The question of Rule 69(a)'s applicability to the Proof of Claim

2    goes to the merits of Foremost's Motion no less than the requirements of Section 187.[3]

3        4.    Whether expressly or by implication, the prior court must have actually ***decided*** the

4    issue, not merely "assumed" it. "[L]aw of the case acts as a bar ***only*** when the issue in question was

5    ***actually considered and decided*** by the first court." *United Steelworkers of America v. Retirement*

6    *Income Plan for Hourly-Rated Emps. of Asarco, Inc.,* 512 F.3d 555, 564 (9th Cir. 2008) (internal

7    citation omitted and emphasis added). Where (as Foremost essentially argues here) the prior court

8    merely assumes the satisfaction of a legal requirement, such as personal jurisdiction, because it is

9    not contested, such assumption is ***not*** law of the case. *Snow-Erlin v United States*, 470 F.3d 804,

10    807 (9th Cir. 2006) ("[A court] is not bound by a prior exercise of jurisdiction in a case where it

11    was not questioned and it was passed *sub silentio*." (internal citation omitted); *see also Lucas Auto.*

12    *Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001) (where court of

13    appeals "adopted the district court's assumption" in order to "develop its analysis" of a different

14    issue, the decision was not law of the case on the assumed issue); *Snow-Erlin v. United States*, 470

15    F.3d 804, 807 (9th Cir. 2006) (appellate court's adoption of plaintiff's characterization of her claim

16    as for "negligence" did not bar the district court from subsequently deciding that such claim was, in

17    substance, for false imprisonment instead (internal quotation marks and citations omitted); *Liberty*

18    *Mut. Ins. Co. v. E.E.O.C*, 691 F.2d 438, 441–42 (9th Cir. 1982) (appellate court's silence on

19    contested issue on appeal left the issue open for consideration by the district court on remand);

20    *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825, 836–37 (C.D. Cal. 2007) (rejecting

21    argument that the appeal court "implicitly decided" issues presented on appeal, because "[t]he law

22    of the case doctrine does not extend to issues the appellate court did not address."), *aff'd sub nom.*

23    *Orantes-Hernandez v. Holder*, 321 Fed. App'x 625 (9th Cir. 2009); *Lummi Nation*, 763 F.3d at

---

[3] It is difficult to conceive how such an inconsistency could ever be found in a mere order of referral. Even if, to take an extreme example, this Court lacked subject matter jurisdiction to opine whether Rule 69(a) applies (which it obviously does not), the District Court's referral would not necessarily imply its finding of Rule 69(a)'s applicability—particularly if, as here, the issue was not contested.

1182-83 (in admiralty dispute, district court's prior decision that disputed waters were "essentially" the same was not law of the case as to the status of waters not expressly addressed).

    **A.    TANGSHAN NEVER CONCEDED THAT RULE 69(A) APPLIES, AND ANY SUCH CONCESSION WOULD BE IRRELEVANT TO LAW OF THE CASE**

5.    Foremost concedes that Tangshan "did not argue [to the District Court] that the Proof of Claim cannot, as a matter of law, be amended under Rule 69(a)," but asks this Court to treat Tangshan's ***silence*** as a concession. Foremost PH Br. ¶ 3.[4] But Tangshan was not required to contest the applicability of Rule 69(a) at the pleading stage; disputes regarding the merits of a plaintiff's claim may be reserved until trial. *See* FED. R. CIV. P. 12(h)(2). Tangshan's failure to contest the applicability of Rule 69(a) before the District Court does not support a finding of law of the case; rather it precludes it. *Snow-Erlin*, 470 F.3d at 807 (court's prior exercise of jurisdiction was not law of the case where such jurisdiction was not contested); *see also* ¶ 4, *supra*.

    **B.    IN DISMISSING TANGSHAN'S ORIGINAL COMPLAINT, THE DISTRICT COURT EXPRESSLY DECLINED TO DECIDE WHETHER FOREMOST HAD A VIABLE CLAIM TO ENFORCE THE PROOF OF CLAIM AGAINST TANGSHAN**

6.    Throughout its brief, Foremost mischaracterizes the District Court as having decided matters it expressly declined to decide. In dismissing Foremost's original complaint, for example (Dkt. 263-11) the District Court did not hold, as Foremost states, that Foremost's "claims based on alter ego or action upon the judgment could be pursued." Foremost PH Br. ¶ 3. The District Court did not mention Rule 69(a), and it specifically declined to "consider whether Plaintiff has a viable common law alter ego claim or action upon the judgment." Dkt. 263-11 at 10 of 10, n.8. The Court merely gave Foremost "leave to amend its complaint within 21 days of this order," without saying anything about what the content of such amendments might be or prejudging their validity. *Id*. at 10 of 10.

---

[4] Tangshan's "acknowledgments" that Bankruptcy courts can amend their orders "under certain circumstances" and that Rule 69(a) authorizes judgment creditors to rely on state law (Foremost PH Br. ¶ 3) are, of course, accurate, but not in the least a concession that Rule 69(a) applies to the Proof of Claim.

Tangshan Ayers' Post-Trial Brief      - 4 -      Case No. 2:14-cv-00188 SVW (RZx)
Case No.: 2:13-bk-17409-RK

**C. THE DISTRICT COURT EXPRESSLY DECLINED TO DECIDE WHETHER RULE 69(A) APPLIES TO THE PROOF OF CLAIM**

7. Foremost even more baldly mischaracterizes the District Court's dismissal of Foremost's First Amended Complaint (Dkt. 263-16)—the only instance in which the District Court expressly addressed Rule 69(a)—as impliedly determining that the Proof of Claim is a "'money judgment' within the meaning of Rule 69(a)." Foremost PH Br. ¶ 4. That issue was never raised with the District Court, which dismissed Foremost's claim on the ground that "Rule 69(a) is procedural and does not provide a substantive claim." Dkt. 263-16 at 2. The District Court made clear that it was making "*no findings*" regarding the applicability of Rule 69(a) to the Proof of Claim, as follows:

> In its opposition, Plaintiff argues that Rule 69(a) authorizes the Court to add additional judgment debtors to an amended judgment. *See* Dkt. 54, 13. Though ***the Court harbors serious concerns about whether it would have jurisdiction to amend the judgment of another court***, for the purposes of this motion the Court *only* finds that Rule 69(a) does not provide an independent cause of action.
>
> ***The Court makes no finding regarding whether Federal Rule of Civil Procedure 69 would apply to the In re Ayers Bath (USA) Co., Ltd., Case No. 2:13-bk-17409-RK action*** itself through the Federal Rules Bankruptcy Procedure Rule 7069 or another rule of bankruptcy procedure and what effect if any that would have on this Court's jurisdiction."

Dkt. 263-16 at 2-3 & n.3 (emphasis added).[5]

8. Despite the District Court's express disclaimers, Foremost contends that the District Court must have "***believed***" that the Proof of Claim is a "money judgment" under Rule 69(a), because if it had not, it would have dismissed Foremost's Rule 69(a) claim on that ground instead. Foremost PH Br. ¶ 4 (emphasis added). This is sheer speculation—wildly implausible at that—not

---

[5] Foremost's characterization of the District Court's disclaimer—as declining only to determine the "procedural manner" in which Rule 69(a) would apply to the bankruptcy case (Foremost PH Br. ¶ 4 n.4)—makes no sense. There is no reason why the District Court, in dismissing the First Amended Complaint, would have concerned itself with procedural minutia as to whether Rule 69(a) applies directly to a bankruptcy proceeding or is made applicable by Bankruptcy Rule 7069. The District Court plainly was declining to prejudge the applicability of Rule 69(a)— "***whether*** [Rule] 69(a) would apply"—by whichever procedural mechanism was appropriate to assert it.

a requisite showing that the District Court *decided* that Rule 69(a) applies.[6] There is no support anywhere for the argument that a District Court's decision based on one ground is an implied rejection of an unbriefed, unasserted alternative ground for the same decision.

    **D.    THE DISTRICT COURT ORDERS REFERRING THE MOTION TO AMEND TO THIS COURT MADE NO FINDINGS REGARDING RULE 69(A)'S APPLICABILITY**

9.    Finally, there is no rational way to interpret the District Court's brief order staying the *Tangshan Litigation* ("**Stay Order**") (Dkt. 263-21) or its subsequent order referring Foremost's motion to Amend to this Court for proposed findings and conclusions ("**Referral Order**") (Dkt. 263-25) as "necessarily assum[ing] that amendment under Rule 69(a) is possible." Foremost PH Br. ¶ 6. By then, the District Court had already expressed its "serious concerns about whether it would have jurisdiction to amend the judgment of another court." Dkt. 263-16 at 2. Foremost had withdrawn its claim under Rule 69(a), such that its operative pleading, its Second Amended Complaint, no longer even mentioned Rule 69(a). Dkt. 263-17. The notion that the District Court held *any* views at that point as to the applicability of Rule 69(a) is, once again, rank supposition. What is certain is that the District Court did not *decide* the issue. Nor would the District Court have been inclined to, given its concerns over lack of jurisdiction. A court lacking jurisdiction over a claim lacks jurisdiction over the entire claim—it does not have jurisdiction to decide threshold issues of statutory interpretation and application.[7]

10.    As Foremost makes clear, it sought the Referral Order solely to avoid having to re-serve Tangshan with process under the Hague Convention, as this Court had required it to do.

---

[6] A much more obvious explanation is available: that the District Court was either unaware of the "money judgment" issue or, even if aware, chose not to invite briefing from the parties when a simpler ground for dismissal was available.

[7] Foremost's attempt to find significance in the Stay Order's unelaborated citation to *In re Levander*, 180 F.3d 1114 (9th Cir. 1999) as reflecting its "necessary assum[tion] that amendment under Rule 69(a) is possible" (Foremost PH Br. ¶ 6) fails for by-now familiar reasons. The District Court's "assumptions" cannot constitute law of the case. Moreover, *Levander* did not involve amendment of an allowed proof of claim, but rather the bankruptcy court's entry of judgment against a creditor for attorneys' fees and costs. The District Court's assumption that this Court could properly entertain a motion to amend its own judgment did not constitute an assumption (much less a decision) that an amendment of the Proof of Claim is permitted under Rule 69(a).

Foremost PH Br. ¶ 7. At no time did Foremost request that the Court make any threshold determinations regarding the applicability of Rule 69(a) or suggest that it had already done so. To the contrary, Foremost requested only that the stay be lifted to:

> allow for (1) the filing of a Motion pursuant to Rule 69(a) … amending the judgment against [the Debtor] to add [Tangshan] as a judgment debtor … and (2) the subsequent referral of the Motion to Amend to [the Bankruptcy Court] for proposed findings of fact and conclusions of law.

Dkt. 263-24 at 2. Foremost's proposed referral order requested exactly the same: that Foremost's Motion to Amend be "hereby deemed to have been filed and validly served on counsel record for Tangshan Ayers," and that the Motion to Amend be "hereby referred to the Bankruptcy Court for proposed findings of fact and conclusions of law." T-SJN, Ex.¶ 2.

11. Foremost' contention that the "Referral Order does not contemplate this Court opining on any issue in the Tangshan Ayers Litigation . . . other than alter ego (Foremost PH Br. ¶ 7) is simply incompatible with the record. At the hearing on Foremost's motion to refer, the District Court stated that the bankruptcy court should decide "***all matters relevant***" to Foremost's alter ego claim, and that "the parties, as they well know, can appeal that order to this Court. T-SJN, Ex. A 12-13 (emphasis added).[8] Such matters included even ancillary matters on which the Court held "assumptions," including proper service of process in the *Tangshan Litigation* itself. *Id*., at 10-11 ("And the bankruptcy court can deal with whether Tangshan Ayers has been served or not. . . . My—my view is that—and I'll leave it to the bankruptcy court—that they probably have been served." (emphasis added)). Foremost agreed stating that "***[if] Your Honor simply enters an order referring the matter as our proposed form, then we will go have a trial in the bankruptcy court and handle the case down there***." *Id*., at 10 (emphasis added).

---

[8] While Foremost seizes upon the Court's short-hand reference to Foremost's "alter-ego claim" (which is consistent with how Foremost defined that claim in its Second Amended Complaint), it is clear that the Court intended to refer the entire Motion to Amend to this Court—as Foremost expressly requested. The Court stated its intent to do so at the hearing on Foremost's motion for a referral. *See*, *e.g*., T-SJN, Ex. A at 5. ("then this Court referred that motion to amend to the bankruptcy court."). Indeed, the Court's order "hereby refers ***this matter*** to the Bankruptcy Court for proposed findings of fact and conclusions of law." Dkt. 263-25 at 2 (emphasis added)

12. Under these circumstances, Foremost's contention that the District Court implicitly de\prived this Court of discretion to opine on the applicability of Rule 69(a), without ever even making findings on that issue itself, is frivolous. The District Court clearly authorized this Court to make findings on "all matters relevant" to Foremost's Motion, and Foremost made clear that it desired nothing less. This Court should adhere to its Tentative Ruling regarding the inapplicability of Rule 69(a).

## II. TANGSHAN HAD NEITHER NOTICE OF FOREMOST'S PROOF OF CLAIM NOR ANY OPPORTUNITY TO OBJECT

13. Tangshan's uninvited additional argument on due process adds nothing to the prior briefing. Foremost's restatement that Tangshan "was on notice . . . that Foremost believed [it] to be the alter ego of [the Debtor] (Foremost PH Br. ¶ 10) does not gain credibility from oft repetition. Tangshan knew from Foremost's complaint in the *Tangshan Litigation* only that Foremost was asserting its **substantive** claims against Tangshan as an alleged alter ego **in that litigation**. *See*, *e.g.*, Dkt. 231 ¶¶ 12-14, 23 n.12. But Foremost carefully concealed the existence of its Proof of Claim from Tangshan until after it had been finally allowed. *See* Dkt. 219 ¶¶ 3, 22-26, 31-34, 46, 49-50, 56-58; Dkt. 231 ¶¶ 4, 12-13. Tangshan's knowledge that it was being sued in a different court would hardly lead it to go diving through the claims register in bankruptcy (if that were possible) looking for a possible proof of claim against the Debtor that, once allowed, Foremost might duplicatively seek to enforce against Tangshan. *See* Dkt. 122 ¶¶ 19-23; Dkt. 219 ¶¶ 5(d), 37, 48-50; Dkt. 231 ¶¶ 2, 14-18, 21. Indeed, the District Court observed that Foremost "did not make any argument regarding the relationship between Ayers and Tangshan in the Ayers Bankruptcy." Dkt. 263-11 at 4 of 9. If anything, Foremost's original complaint in the *Tangshan Litigation* misled Tangshan to believe that it needed only to be concerned with Foremost's assertion of substantive claims on the merits in that case. Foremost's claim that Tangshan was on notice of the danger of a Section 187 claim, while wholly implausible, is an implied admission that Foremost itself was planning to bring that claim. Equity forecloses Foremost from asserting a Section 187 claim against

an additional debtor when it knew enough to join that debtor in its original action—as it now admits it did. *See* Dkt. 219 ¶¶ 28-30 & Table A, Dkt. 231 ¶¶ 5(d), 9-13.

14.  It remains undisputed that Tangshan never received a copy of the Proof of Claim prior to the deadline for objections or its allowance on April 14, 2015. *Compare* Dkt. 231 ¶¶ 16-17 (citing PX-25, Foremost Br. 1 ¶ 51) *with* Dkt. 264 ¶¶ 10-12. Even if, as Foremost insists, the Notice of the Trustee's Final Report was mailed to Tangshan at the correct address in China, it still did not include a copy of the Proof of Claim, and it still was mailed to China only about two weeks before what Foremost now contends was the objection deadline. *Compare* Foremost PH Br. ¶ 11 & n.5 *with* Dkt. 231 ¶¶ 16-17.[9] There is no proof that such mailing was received by Tangshan—particularly by anyone with management authority who read and understood it—prior to the objection deadline, and every reason to suppose it was not. Dkt. 231 ¶ 16. Tangshan was not represented by counsel in the bankruptcy except for a brief period two years earlier for the purpose of assisting Tangshan with respect to Foremost's Rule 2004 examination, and that counsel never filed a notice of appearance in the bankruptcy or registered to receive electronic notice of court mailings. *See* Dkt. 219 ¶¶ 11, 20-21 & n.13, Dkt. 231 ¶¶ 5(b), 20(f), 29(a)(vii).[10]

15.  Even had Tangshan somehow made a timely, informed decision not to object, the only information conveyed by the Final Report was that Foremost was to be paid on its Proof of Claim against the Debtor about $7,000. *See* Dkt. 231 ¶ 16 (citing PX 54 at 7 & 9 of 10). There is no reason why Tangshan would have been motivated to object to such payment—it had no interest in the estate's assets, having not filed any proof of claim itself. Dkt. 231 ¶¶ 48-50. Foremost does not contest this Court's Tentative Ruling that "[t]he proof of claim on its face only asserts a claim against the bankruptcy estate of the debtor, Ayers Bath, and not against any other party. Thus,

---

[9] Foremost appears to be attempting to retract its pre-trial stipulation that "[o]n April 14, 2015, Foremost's uncontested Proof of Claim was deemed allowed in the amount of $5,265,000." Dkt. 208 ¶ 34.

[10] Only counsel for the Debtor was listed on the Court's proof of service as having received electronic notice of the Trustee's Final Report (see PX-25 & Dkt. 55), but he had left the firm two years earlier.

Tangshan Ayers had no meaningful opportunity to contest the validity of the amount of the claim." Tentative Ruling at 17.

### III. CONCLUSION

16. For the foregoing reasons, the Court should enter proposed findings and conclusions denying Foremost's Motion with prejudice on the grounds set forth in the Tentative Ruling, and grant such other and further relief as this Court deems just and proper.

Dated: July 1, 2021                                 Respectfully submitted,

OBERDIER RESSMEYER LLP


By: ___/s/ Carl W. Oberdier_____
        Carl W. Oberdier

OBERDIER RESSMEYMER LLP
Carl W. Oberdier (*pro hac vice*)
Kellen G. Ressmeyer (*pro hac vice*)
Sara K. Hunkler (*pro hac vice*)
655 Third Avenue; 28th Floor
New York, New York 10017
Telephone: (212) 659-5141
Facsimile: (646) 349-4925

HAGENS BERMAN SOBOL SHAPIRO LLP
Philip Graves, Bar No. 153441
philipg@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, California 91101
Telephone: 213-330-7150
Facsimile: 213-330-7152

*Attorneys for Tangshan Ayers
 Bath Equipment Co., Ltd.*