**FILED & ENTERED**

SEP 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AYERS BATH (U.S.A.), CO., LTD.,<br><br>Debtor. | District Court Case No. 2:14-cv-00188-SVW-RZ<br><br>Bankruptcy Case No. 2:13-bk-17409-RK<br><br>Chapter 7<br><br>**NOTICE OF SUBMISSION OF MATTER BASED ON REPORT AND RECOMMENDATION OF UNITED STATES BANKRUPTCY COURT TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA ON THE RENEWED MOTION OF FOREMOST GROUPS, INC., TO AMEND JUDGMENT OF THE BANKRUPTCY COURT TO ADD TANGSHAN AYERS BATH EQUIPMENT CO., LTD. AS A JUDGMENT DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9033, AND BY ANALOGY, RULE L.R. 72-3.5 OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ORDER** |

TO THE HONORABLE STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE, FOREMOST GROUPS, INC., AND TANGSHAN AYERS BATH EQUIPMENT CO., LTD., THE PARTIES TO THE CONTESTED MATTER OF FOREMOST GROUPS, INC.'S RENEWED MOTION TO AMEND JUDGMENT, AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Bankruptcy Procedure 9033, and by analogy, Rule L.R. 72-3.5 of the Local Rules of the United States District Court for the Central District of California, the undersigned United States Bankruptcy Judge on behalf of the United States Bankruptcy Court for the Central District of California hereby makes this order submitting the matter of the renewed motion of Foremost Groups, Inc. ("Foremost"), to amend judgment of the bankruptcy court to add Tangshan Ayers Bath Equipment Co., Ltd. ("Tangshan Ayers"), as an additional judgment debtor.

The undersigned United States Bankruptcy Judge issued a report and recommendation on the matter, which was filed and entered in the bankruptcy court on September 22, 2021. Bankruptcy Case Docket No. 271. The report and recommendation was served on the parties on September 22, 2021. *Id.*[1] The 14-day deadline to file objections to the report and recommendation under Federal Rule of Bankruptcy Procedure 9033 was October 6, 2021. This deadline was extended to October 20, 2021, upon Foremost's motion filed on September 29, 2021, and order thereon of the bankruptcy court entered later that day. Bankruptcy Case Docket Nos. 272 and 274. On October 20, 2021, Foremost filed its objection to the report and recommendation. Bankruptcy Case Docket No. 277. On November 3, 2021, Tangshan Ayers filed its response to Foremost's objection. Bankruptcy Case Docket No. 278. The report and recommendation was referred to the United States District Court

On August 12, 2022, the District Court issued and entered an order referring the matter back to the bankruptcy court, directing that the bankruptcy court address Foremost's objections and Tangshan Ayers's response thereto and submit its response to the District Court. Bankruptcy Case Docket No. 281. This further referral order stated that the bankruptcy court issued a report and recommendation, that plaintiff filed objections to it with the bankruptcy court, to which defendant responded, but

---

[1] A silver-colored tab on the electronic case docket on the CM/ECF system in this bankruptcy case provides access to confirmation that copies of the report and recommendation were electronically served on counsel for the parties on September 22, 2021 pursuant to Local Bankruptcy Rule 9036-1.

"[H]owever, the bankruptcy court never issued any response or revisions to the recommendation in light of Plaintiff's objection." Further Referral Order issued Aug. 12, 2022, Bankruptcy Case Docket No. 281.

Following the District Court's further referral order docketed by the bankruptcy court in this case on August 16, 2022, the undersigned United States Bankruptcy Judge issued an order entered on August 18, 2022 authorizing the parties to file optional supplemental briefs in response to the Foremost's objections and Tangshan Ayers's response thereto on or before September 9, 2022. Bankruptcy Case Docket No. 282. This supplemental briefing order stated that in carrying out its responsibilities to the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033, the bankruptcy court stated that it believes it may be helpful to have such supplemental briefing in case there have been recent legal developments that may relate to the issues in this contested matter since Foremost filed its objections on October 20, 2021 and Tangshan Ayers filed its response thereto on November 3, 2021. *Id.* On September 9, 2022, Tangshan Ayers filed its brief in response to the bankruptcy court's order for supplemental briefing. Bankruptcy Case Docket No. 285. Foremost did not file a brief.

Given the lapse of time since the bankruptcy court issued its report and recommendation and this notice of submittal of the report and recommendation after considering objections, the bankruptcy court provides the following explanation for not issuing a response to the report and recommendation in light of plaintiff's objections as noted in the Further Referral Order, the undersigned did not have the understanding that the bankruptcy court needed to respond to the objections when the bankruptcy court referred the report and recommendation to the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033 because the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and the local rules of the District Court and the bankruptcy court do not explicitly provide for the bankruptcy court to issue a response to objections to its report and recommendation under Federal Rule of Bankruptcy Procedure 9033.

Before the undersigned issued the report and recommendation and ordered it transmitted to the District Court after being entered on the docket of the bankruptcy court on September 22, 2021, the undersigned researched whether the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of the United States District Court for the Central District of California and the Local Bankruptcy Rules explicitly addressed the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Federal Rule of Bankruptcy Procedure 9033 and did not find any such procedures.

Chapter IV of the Local Rules of the United States District Court for the Central District of California sets forth the local rules governing bankruptcy appeals, cases and proceedings before the District Court, but none of the rules in Chapter IV pertaining to bankruptcy cases specifically addresses a report and recommendation of a bankruptcy judge submitted to the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033.[2] That is, the local District Court rules do not explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Federal Rule of Bankruptcy Procedure 9033.

The applicable Federal Rule of Bankruptcy Procedure, Rule 9033, and the Local Bankruptcy Rules also do not explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Rule 9033. Federal Rule of Bankruptcy Procedure 9033(b) provides:

> **(b) Objections**; Time for Filing: Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law [of the bankruptcy judge] a party may serve and file with the clerk written objections which identify the

---

[2] The District Court local rules on bankruptcy cases and matters address only two types of proceedings: (1) appeals of bankruptcy court orders; and (2) motions to withdraw the reference pursuant to 28 U.S.C. § 1334(c). C.D. Cal. L. Bankr. R. 1-9. Reports and recommendations of bankruptcy judges pursuant to Federal Rule of Bankruptcy Procedure 9033 are not covered in these rules. Probably, the local rules of the District Court and the bankruptcy court should be amended to address submission of reports and recommendations to the District Court pursuant to Federal Rule of Bankruptcy Procedure 9033.

> specific proposed findings or conclusions objected to and state the grounds for such objection. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise direct.

Federal Rule of Bankruptcy Procedure 9033(d) provides:

> **(d) Standard of Review**: The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific objections has been made in accordance with the rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

None of these or other subsections of Federal Rule of Bankruptcy Procedure explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Rule 9033. Likewise, the Local Bankruptcy Rules do not explicitly address the procedures for the responsibilities of a bankruptcy judge and a district judge after the bankruptcy judge issues a report and recommendation under Federal Rule of Bankruptcy Procedure 9033 as there is no provision in the Local Bankruptcy Rules relating to Federal Rule of Bankruptcy Procedure 9033 governing the submission of proposed findings of fact and conclusions of a bankruptcy judge for review by a district judge, which is analogous to Federal Rule of Civil Procedure 72 governing the submission of a recommended disposition of a dispositive matter, including proposed findings of fact, of a magistrate judge for review by a district judge.

However, the local District Court rules prescribe specific procedures for the responsibilities of a magistrate judge and a district judge after the magistrate judge issues a report and recommendation on a dispositive matter in L.R. 72-3 of the Local Rules of the United States District Court for the Central District of California, which implements Federal Rule of Civil Procedure 72. L.R. 72-3.5 provides:

> ***L.R. 72-3.5 Determination of Objections by District Judge***. If no objections are filed within the time allowed, the Magistrate Judge shall submit the matter to the District Judge on the basis of the original report. If objections are timely filed, the Magistrate Judge may issue a revised or supplemental report or submit the

matter to the District Judge on the basis of the original report.

Under this procedure, the magistrate judge who issues a report and recommendation submits the matter to the district judge once the time for objections has passed if no objections are filed, or if objections are filed, the magistrate judge is to either issue a revised or supplemental report and recommendation or submit the matter to the district judge on the original report.  Thus, it appears that between November 3, 2021 when Tangshan Ayers filed its response to Foremost's objections to the report and recommendation and August 12, 2022 when the District Court issued its further order of referral, the District Court was waiting for the bankruptcy judge's response to Foremost's objections to his report and recommendation, the bankruptcy court was waiting for the District Court's ruling on the report and recommendation after the objections and responses thereto were filed, and the parties were waiting for a ruling on the report and recommendation from either the District Court and/or the bankruptcy court.

   Accordingly, based on the District Court's further order of referral clarifying that the bankruptcy court should issue a response to plaintiff's objections to its report and recommendation and should issue a revised or supplemental report and recommendation or submit the matter to the District Judge based on the original report and recommendation, the undersigned United States Bankruptcy Judge hereby follows the procedure described in L.R. 72-3.5, and in light of Foremost's timely filed objections to the report and recommendation.

   Since the District Court's further order of referral, the undersigned has reviewed Foremost's objections to the report and recommendation and Tangshan Ayers's response thereto.  The undersigned has also reviewed Tangshan's supplemental brief, stating that it found no new legal authority that would require the bankruptcy court to materially alter the conclusions in the report and recommendation based on controlling decisions of the Ninth Circuit and California state courts and identified one new decision in *In re Hood Farms,* 639 B.R. 788 (Bankr. M.D. Ga. 2022) that held that an allowed

claim for attorneys' fees in a bankruptcy case was not a "money judgment" to permit execution under Federal Rule of Civil Procedure 69(a). *See also,* 11 U.S.C. § 503(b)(2) and 330 (fees of attorneys and other professional employed by the bankruptcy estate are compensable as administrative expense claims against the estate).

Foremost's objection to the report and recommendation raise the same arguments that were addressed in the undersigned's original report and recommendation. Upon further consideration of Foremost's objections, Tangshan Ayers's response thereto, and further research by the undersigned, the undersigned determines that Foremost's arguments were sufficiently considered and addressed in the original report and recommendation, and therefore, the bankruptcy court recommends that the District Court approve the report and recommendation as originally issued.

Foremost's first objection argument is that the report and recommendation fails to address the sole issue before the bankruptcy, i.e., alter ego. Objection at 2-3. This objection was addressed in the original report and recommendation at 8-38. As discussed in the report and recommendation, the matter referred to the bankruptcy court was Foremost's renewed motion to amend judgment of the bankruptcy court to add a judgment debtor, and in making the referral, the District Court referred Foremost's motion to this court to rule on the motion in the first instance, and in doing so, the bankruptcy court considered whether it was procedurally proper for Foremost to rely upon Federal Rule of Civil Procedure 69(a) to amend the bankruptcy court's judgment in the form of Foremost's allowed bankruptcy case. Foremost's motion to amend judgment is based on the premise that an allowed bankruptcy claim was an executable "money judgment" under Federal Rule of Civil Procedure 69(a), which premise the case law on point shows is erroneous. Report and Recommendation at 39-75, *citing inter alia, Ziino v. Baker,* 613 F.3d 1326 (11th Cir. 2010). None of the cases cited by Foremost are on point on the issue of whether an allowed bankruptcy claim is an executable money judgment for purposes of Rule 69(a). *Id.* Foremost objected to the

report and recommendation on grounds that the bankruptcy court should not have reached this issue because the District Court's referral orders were law of the case on the issue. As discussed in the original report and recommendation, this argument lacks merit. Report and Recommendation at 35-39.

Foremost's second objection argument is that Ninth Circuit precedent establishes that an allowed proof of claim is a money judgment. Objection at 3-9. This objection is based on Foremost's argument that has already been addressed in the original report and recommendation at 39-75. Contrary to Foremost's objection, it has not cited any case on point that has held that an allowed bankruptcy claim may be enforced as a "money judgment" under Federal Rule of Civil Procedure 69(a), including Ninth Circuit authority, which Foremost identified as *In re Cardelucci,* 285 F.3d 1231 (9th Cir. 2002), and as discussed in the report and recommendation, the case law on point is contrary to Foremost's argument. Report and Recommendation at 39-75, *citing inter alia, Ziino v. Baker, supra.* As stated in the Report and Recommendation, the courts that have actually addressed the issue of whether allowed bankruptcy claims are money judgments under Federal Rule of Civil Procedure 69(a) or Federal Rule of Bankruptcy Procedure 7069 have held that they are not. Report and Recommendation at 41-49, *citing, Ziino v. Baker,* 613 F.3d 1326 (11th Cir. 2010); *Kerr v. American Alternative Insurance Corp.* (*In re One World Adoption Services, Inc.*), 577 B.R. 474 (Bankr. N.D. Ga. 2017); *In re Soelberg*, Case No. 15-01355-TLM, 2019 WL 3805980 (Bankr. D. Idaho Aug. 13, 2019); *In re 3109, LLC*, Case No. 10–00757, 2014 WL 1655415 (Bankr. D.D.C. Apr. 25, 2014); *see also*, *In re Southern California Plastics., Inc.,* 165 F.3d 1243 (9th Cir. 1999) (holding that allowance of a bankruptcy claim is not the equivalent of a judgment to perfect an attachment lien under state law).[3] As stated by the Eleventh Circuit in *Ziino v. Baker,* "An allowed claim in bankruptcy serves a

---

[3] In its objection, Foremost attempts to distinguish *Southern California Plastics.* Objection at 6 n. 3. The Report and Recommendation addresses *Southern California Plastics* and discusses why Foremost's attempt to distinguish the case is unavailing. Report and Recommendation at 51-63.

different purpose from that of a money judgment---it permits the claimant to participate in the distribution of the bankruptcy estate.  [T]he assertion of a claim in bankruptcy is, of course, not an attempt to recover a judgment against the debtor but to obtain a distributive share in the immediate assets of the [bankruptcy] proceeding."  613 F.3d at 1328, *citing inter alia,* 11 U.S.C. § 507; *Matter of Mobile Steel Co.,* 363 F.2d 692, 700 (5th Cir. 1977); *see also,* 11 U.S.C. §§ 501 and 502 (Bankruptcy Code provisions for filing and allowance of claims).  Foremost still has not cited one case that has actually held that allowed bankruptcy claims are allowed money judgment under Federal Rule of Civil Procedure 69(a) or Federal Rule of Bankruptcy Procedure 7069.

The issue of whether an allowed bankruptcy claim constitutes an executable money judgment under Federal Rule of Civil Procedure 69(a) was not presented in *Cardelucci*;[4]  rather, the issue presented in that case was what was the rate of interest "at the legal rate" to be paid on bankruptcy claims to be paid in full under the confirmed reorganization plan in a Chapter 11 bankruptcy case under 11 U.S.C. § 1129(a)(7)(A)(ii) and 11 U.S.C. § 726(a)(5), i.e., whether to apply the federal judgment interest rate

---

[4] In its objection, Foremost apparently admits that the Ninth Circuit in *Cardelucci* did not specifically address the issue of whether an allowed bankruptcy claim was enforceable as a "money judgment" under Federal Rule of Civil Procedure 69(a), asserting that the bankruptcy court "fails to offer compelling justification for presuming that the Ninth Circuit would reach a different conclusion if presented with the issue of whether an allowed proof of claim, which is a money judgment for purposes of the federal post-judgment interest statute, is also a money judgment for purposes of enforcement under Federal Rule 69(a)."  Objection at 6  The undersigned disagrees with Foremost's assertion that the Ninth Circuit held in *Cardelucci* that an allowed bankruptcy claim is a money judgment for purposes of the federal post-judgment interest statute because interest on claims in a solvent bankruptcy estate in a Chapter 11 bankruptcy is not awardable under the federal judgment interest statute of 28 U.S.C. § 1961(a), but under 11 U.S.C. § 1129(a)(7)(A)(ii) and 11 U.S.C. § 726(a)(5), and thus, the Ninth Circuit was not holding that an allowed bankruptcy claim in a solvent Chapter 11 bankruptcy case was entitled to interest under 28 U.S.C. § 1961(a), but under provisions of the Bankruptcy Code, 11 U.S.C., holding that the federal judgment interest rate was the best analogy to apply.  Thus, there was no holding in *Cardelucci* that an allowed bankruptcy claim is a money judgment for purposes of the federal judgment interest statute since interest on the bankruptcy claims is not awardable under that statute.  The undersigned has not found that the Ninth Circuit has directly addressed the question of whether an allowed bankruptcy claim is an executable money judgment for purposes of Federal Rule of Civil Procedure 69(a).  The only circuit authority on the issue appears to be the Eleventh Circuit's decision in *Ziino v. Baker, supra.* In its response to Foremost's objection, Tangshan Ayers suggests that the Ninth Circuit in a recent unpublished decision may have decided a matter based on the assumption that an allowed bankruptcy claim is not an executable money judgment for purposes of Federal Rule of Civil Procedure 69(a) and that to obtain a money judgment in a bankruptcy case, an adversary proceeding is required.  Response to Objection at 8-9, *citing In re Landmark Fence Co.,* 804 Fed. Appx. 681 (9th Cir. 2020).  The undersigned does not consider this unpublished decision to be dispositive here as the issue of whether an allowed bankruptcy claim is an executable money judgment for purposes of Rule 69(a) was not squarely addressed.

1. under 28 U.S.C. § 1961(a) or a state law judgment interest rate. Report and
2. Recommendation at 63-69. The Ninth Circuit held in *Cardelucci* that the federal
3. judgment interest rate of 28 U.S.C. § 1961(a) applies interest on claims provided under
4. 11 U.S.C. §§ 1129(a)(7)(A)(ii) and 726(a)(5) because an allowed bankruptcy claim is
5. "analogous" to an award of interest on a money judgment under 28 U.S.C. § 1961(a).
6. Report and Recommendation at 64-68, *citing, In re Cardelucci,* 285 F.3d at 1235.
7. Foremost's argument appears to be because interest on these claims is at the federal
8. judgment interest rate for money judgments under 28 U.S.C. § 1961(a), such claims are
9. money judgments for purposes of Federal Rule of Civil Procedure 69(a). Objection at 5-
10. 7. However, the Ninth Circuit never said that an allowed bankruptcy claim was a
11. "money judgment", that is, as Tangshan Ayers points out in its response to Foremost's
12. objections, the Ninth Circuit never used that term. Response to Objection at 9-10.
13. In its objection, Foremost apparently admits that the Ninth Circuit in *Cardelucci*
14. did not specifically address the issue of whether an allowed bankruptcy claim was
15. enforceable as a "money judgment" under Federal Rule of Civil Procedure 69(a),
16. asserting that the bankruptcy court "fails to offer compelling justification for presuming
17. that the Ninth Circuit would reach a different conclusion if presented with the issue of
18. whether an allowed proof of claim, which is a money judgment for purposes of the
19. federal post-judgment interest statute, is also a money judgment for purposes of
20. enforcement under Federal Rule 69(a)." Objection at 6  The undersigned disagrees
21. with Foremost's assertion that the Ninth Circuit held in *Cardelucci* that an allowed
22. bankruptcy claim is a money judgment for purposes of the federal post-judgment
23. interest statute because interest on claims in a solvent bankruptcy estate in a Chapter
24. 11 bankruptcy is not awardable under the federal judgment interest statute of 28 U.S.C.
25. § 1961(a), but under 11 U.S.C. § 1129(a)(7)(A)(ii) and 11 U.S.C. § 726(a)(5), and thus,
26. the Ninth Circuit was not holding that an allowed bankruptcy claim in a solvent Chapter
27. 11 bankruptcy case was entitled to interest under 28 U.S.C. § 1961(a), but under
28. provisions of the Bankruptcy Code, 11 U.S.C., holding that the federal judgment interest

rate was the best analogy to apply. Thus, there was no holding in *Cardelucci* that an allowed bankruptcy claim is a money judgment for purposes of the federal judgment interest statute since interest on the bankruptcy claims is not awardable under that statute.[5] The undersigned has not found that the Ninth Circuit has directly addressed the question of whether an allowed bankruptcy claim is an executable money judgment for purposes of Federal Rule of Civil Procedure 69(a). The only circuit authority on the issue appears to be the Eleventh Circuit's decision in *Ziino v. Baker, supra.*

In its response to Foremost's objection, Tangshan Ayers suggests that the Ninth Circuit in a recent unpublished decision may have decided a matter based on the assumptions that an allowed bankruptcy claim is not an executable money judgment for purposes of Federal Rule of Civil Procedure 69(a) and that to obtain a money judgment in a bankruptcy case, an adversary proceeding is required. Response to Objection at 8-9, *citing In re Landmark Fence Co.,* 804 Fed. Appx. 681 (9th Cir. 2020). The undersigned does not consider this unpublished decision to be dispositive here as the issue of whether an allowed bankruptcy claim is an executable money judgment for purposes of Rule 69(a) was not squarely addressed. However, generally speaking, as discussed in the Report and Recommendation at 47-56, in bankruptcy, an action to recover money, that is, to obtain a money judgment, requires an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(1) ("An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554, or § 725 of the Code, Rule 2017, or Rule 6002; . . . .)", requiring service of a summons and complaint. Report and Recommendation at 47-56, *citing inter alia,* 10 Levin and Sommer, *Collier on Bankruptcy,* ¶ 7001.01(16th ed. online ed. 2021 updated); *see also, In re 3109, LLC,*

---

[5] Similarly, Foremost argues that the bankruptcy court "wrongfully dismissed the case of *In re Dow Corning Corporation,* 237 B.R. 380 (E.D. Mich. 1999), on which the Ninth Circuit relied in *Cardelucci.*" Objection at 7-8. Foremost's reliance on *Dow Corning* is similarly misplaced as it was on *Cardelucci* as neither case addressed the specific issue of whether an allowed bankruptcy claim is an executable money judgment under Federal Rule of Civil Procedure 69(a). *Dow Corning* is discussed in the Report and Recommendation at 69-71.

-11-

Case No. 10-00757, 2014 WL 1655415 at *2-3 (Bankr. D.D.C. Apr. 25, 2014).

In its response to Foremost's objection, Tangshan Ayers identified one new case addressing the issue of whether an allowed bankruptcy claim is an executable money judgment under Federal Rule of Civil Procedure 69 in *In re Hood Farms,* 639 B.R. 788 (Bankr. M.D. Ga. 2022). In *Hood Farms,* counsel for Chapter 11 bankruptcy debtors[6] filed motions for compensation which the bankruptcy court approved, giving counsel an allowed claim with administrative expense priority, in 2020, and filed a request for a writ of execution against the debtor in 2022. 639 B.R. at 789-790. Another party objected to the request for a writ of execution, arguing that a writ of execution was inappropriate for the collection of an allowed claim for attorneys' fees in a bankruptcy case, and the bankruptcy court agreed. *Id.* The court noted that Federal Rule of Bankruptcy Procedure 7069 incorporates Federal Rule of Civil Procedure 69, which states that "a money judgment is enforced by a writ of execution." *Id.* at 790. Counsel argued that a final order awarding attorneys' fees is a judgment under the definition provided in Federal Rule of Bankruptcy Procedure 7054, which incorporates by reference Federal Rule of Civil Procedure 54(a)-(c), which in relevant part, states, "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." *Id.* The court rejected counsel's argument, stating that the argument "merely focuses on whether the award is a judgment but fails to qualify an award of attorneys' fees as a money judgment." *Id.*[7] The court explained: "Assuming the word 'money' in 'money judgment'

---

[6] There is a companion case involving a different but apparently related debtor raising the same issues. *In re Hood Landscaping Products, Inc.,* 639 B.R. 785 (Bankr. M.D. Ga. 2002). The analysis in both cases is the same. *Id.*

[7] This court observes that the bankruptcy court in *Hood Farms* did not explain all of its assumptions in stating that an award of attorneys' fees in a bankruptcy case fails to qualify as a money judgment because an award of attorneys' fees may qualify as a money judgment as it did in *In re Levander,* 180 F.3d 1114 (9th Cir. 1999), in which the debtors obtained a money judgment against a creditor based on an award of attorneys' fees in a bankruptcy case after the bankruptcy court disallowed the creditor's claim. 180 F.3d at 1116-1117. The debtors in *Levander* were allowed to amend their money judgment against the creditor to add the creditor's affiliated partnership based on a fraudulent transfer of assets after the bankruptcy court awarded fees against the creditor pursuant to California Code of Civil Procedure § 187. *Id.* at 1116-1123. The *Levander* opinion did not state the basis for the award of attorneys' fees to the debtor against the creditor, but the award did not involve compensation of a professional employed by the bankruptcy estate for services rendered to the estate as in *Hood Farms. Id.; see also,* Report and Recommendation at 31-35 (discussing *In re Levander*). In *Hood Farms,* it appears that the bankruptcy court granted counsel's motions for compensation having rendered services for the debtors-in-possession in a Chapter 11 bankruptcy case, which represented the bankruptcy estates, and may employ professionals at the expense of the bankruptcy estates, pursuant

is surplus language violates the cannons [sic] of statutory interpretation." *Id., citing and quoting, TRW, Inc. v. Andrews,* 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.") (internal quotation marks omitted). The court in *Hood Farms* then observed that the Eleventh Circuit in *Ziino v. Baker,* 613 F.3d 1326 (11th Cir 2010) distinguished the broader definition of judgment from a money judgment, that the creditor in that case had an allowed bankruptcy claim against the debtor and requested a writ of execution against the debtor's assets based on that claim and that the Eleventh Circuit denied the writ request on grounds that a claim against the bankruptcy estate is not a money judgment for purposes of Federal Rule of Bankruptcy Procedure 7069 (which applies Federal Rule of Civil Procedure 69 in bankruptcy adversary proceedings). *Id.* The court in *Hood Farms* further observed that while the creditor in *Ziino v. Baker"* had a non-administrative claim in that case, courts that have addressed writs of execution for the purpose of collecting attorneys' fees allowed as administrative expense claims have followed the *Ziino* decision and found writs of execution for that [ ] purpose inappropriate." *Id., citing, In re Soelberg,* 2019 WL 3805980 (Bankr. D. Idaho 2019); *In re Trigee Foundation Inc.,* 2019 WL 3190737 (Bankr. D. D.C. 2017); *In re 3019, LLC,* 2014 WL 1655415 (Bankr. D. D.C. 2014).

The *Hood Farms* decision is consistent with the undersigned's analysis and conclusion in the original report and recommendation that Foremost's allowed bankruptcy claim is not a "money judgment" to permit execution under Federal Rule of Civil Procedure 69(a).  Report and Recommendation at 39-75. The undersigned has not found any other case law that is on point on the issue of whether an allowed bankruptcy claim is an executable money judgment for purposes of Federal Rule of Civil Procedure

---

to 11 U.S.C. §§ 327, 1106, 1107, and professionals, including counsel, employed by the bankruptcy estates in Chapter 11 bankruptcy cases may be awarded compensation under 11 U.S.C. §§ 330 or 328, which compensation is payable as allowed bankruptcy claims with administrative expense priority under 11 U.S.C. § 503(b)(2).  *See* March, Ahart and Shapiro, *Rutter Group California Practice Guide: Bankruptcy,* ¶¶ 4:135, 4:755 *et seq.,* 17:591-17:593 (online edition, December 2021 update).

69(a) since issuance of the report and recommendation. Accordingly, Foremost's argument should be overruled.

Foremost's third objection argument is that Tangshan Ayers had notice of and an opportunity to object to Foremost's bankruptcy claim for purposes of California Code of Civil Procedure § 187. Objection at 9-14. This argument is based on Foremost's argument that has already been addressed in the original report and recommendation at 76-92, *citing inter alia, Cadence Design Systems, Inc. v. Pounce Consulting, Inc.,* Case No. 17-cv-04732-PJH, 2019 WL 3576900 (N.D. Cal. Aug. 6, 2019), *aff'd,* 836 Fed. Appx. 493 (2020). In the original report and recommendation, the undersigned stated: "Given the due process concerns, the court cannot conclude that Tangshan Ayers had the opportunity to control the litigation with a diligence that Tangshan Ayers knew of or should have known that it faced the risk of [its own liability before the court entered judgment in allowing Foremost's bankruptcy claim against the estate of debtor Ayers Bath]." Report and Recommendation at 85.

In its objection, Foremost argues that Tangshan Ayers "unquestionably" received notice of and opportunity to object to Foremost's bankruptcy claim in the Ayers Bath bankruptcy case through: (1) electronic filing and service of its proof of claim on December 12, 2013 on counsel; (2) service of electronic notifications of filings in the Ayers Bath bankruptcy case on counsel; and (3) mailed service on Tangshan Ayers, and electronic service on counsel, of notice of the Chapter 7 trustee's final report in the Ayers Bath bankruptcy case stating that a distribution would be made on Foremost's allowed bankruptcy claim on or about April 17, 2015. Objection at 9-11. Foremost's argument is addressed in the original report and recommendation at 84-85.

Regarding the electronic filing and service of Foremost's proof of claim, the bankruptcy court's records do not indicate electronic or other service on Tangshan Ayers at its address of record listed on the bankruptcy schedules of Ayers Bath.[8] The

---

[8] A silver-colored tab on the electronic claims register on the CM/ECF system in the Ayers Bath bankruptcy case provides access to confirmation that an email notice of Foremost's proof of claim was given to certain parties, including the Chapter 7 bankruptcy trustee, counsel for the filing creditor, Foremost, and counsel for Debtor Ayers

-14-

bankruptcy court records show electronic service was made on two attorneys at Squire Sanders, the law firm that is listed on the bankruptcy petition of Debtor Ayers Bath as counsel for Ayers Bath, but Squire Sanders had limited its scope of appearance in the Ayers Bath bankruptcy case to filing the petition, appearing for the Debtor at the meetings of creditors pursuant to 11 U.S.C. § 341(a) and discussing status of the case with the Chapter 7 trustee and attending status conferences for Ayers Bath.  Limited Scope of Appearance, Bankruptcy Case Docket No. 1 at 34-35.  In the Ayers Bath bankruptcy case, Foremost had conducted an examination of Debtor Ayers Bath pursuant to Federal Rule of Bankruptcy Procedure 2004 through two employees of Tangshan Ayers who were former Ayers Bath employees at about the same time it filed its proof of claim in December 2013, and attorneys at Squire Sanders represented the Tangshan Ayers employee witnesses during the examination of Ayers Bath, which were proceedings that Foremost, not Tangshan Ayers, brought.  Foremost surmises that notice to Squire Sanders, the law firm of record for Debtor Ayers Bath, is effective notice to Tangshan Ayers without any showing that the law firm was authorized by Tangshan Ayers to represent it in any other capacity than representing its employees who were former employees of Ayers Bath in examination of Ayers Bath under Federal Rule of Bankruptcy Procedure, or to receive notice generally on its behalf in any capacity.  *See, e.g., In re Villar,* 317 B.R. 88, 93-94 (9th Cir. BAP 2004) (service of process on attorney cannot be presumed to be effective service on a client under agency principles); *see also, In re Focus Media, Inc.,* 367 F.3d 1077, 1081-1084 (9th Cir. 2004).  Foremost makes an inadequate showing that counsel was generally authorized to represent Tangshan Ayers in the Ayers Bath bankruptcy case and to receive notice for purposes of California Code of Civil Procedure § 187.  There is no evidence of any formal appearance by Tangshan Ayers in the Ayers Bath bankruptcy case through counsel or

---

Bath, two attorneys with Squire Sanders.  However, this information does not show actual service on Tangshan Ayers at its address of record in the bankruptcy case as listed on the bankruptcy schedules of Debtor Ayers Bath, and Foremost has not shown that Tangshan Ayers has given consent to electronic service pursuant to Local Bankruptcy Rule 9036-1.

-15-

otherwise to show express agency here. *In re Villar,* 317 B.R. at 93-94.  The evidence is insufficient to demonstrate active participation by Tangshan Ayers in the Ayers Bath bankruptcy case to warrant implied agency of counsel to represent it in this case as there was no active participation in the case by Tangshan Ayers (i.e., Tangshan Ayers did not enter any formal appearance on any matter in the case, and only formally participated by stipulating to allow its employees who were former employees of Ayers Bath to be examined on Foremost's motion to examine the debtor Ayers Bath pursuant to Federal Rule of Bankruptcy Procedure 2004).  *Id.;* Stipulation Setting Date of Examination of Debtor Ayers Bath Pursuant to Federal Rule of Bankruptcy Procedure 2004; Order thereon, Bankruptcy Case Docket Nos. 27 and 29 (Nov. 6 and 7, 2013).

      Perhaps more fundamentally, Foremost's proof of claim or other filings in the Ayers Bath bankruptcy case gave no indication that it would seek to hold Tangshan Ayers liable as a judgment debtor for the proof of claim it filed in the Ayers Bath bankruptcy case based on alter ego liability.  Although Tangshan Ayers was served by mail the Ayers Bath bankruptcy trustee's final report as a listed creditor in the Ayers Bath bankruptcy schedules, there is nothing in the report indicating that there is any notice to hold Tangshan Ayers liable for the claim as the report only indicates that Foremost will be receiving a distribution from the bankruptcy estate in the Ayers Bath bankruptcy case on its allowed proof of claim.  The only court hearing in the Ayers Bath bankruptcy case before the case was reopened in 2017 for Foremost to file its motion to amend judgment was the hearing on the trustee's final report and fee applications of the trustee's professionals on May 19, 2015.  Bankruptcy Court Case Docket.  Thus, as discussed in the original report and recommendation, Foremost's argument raises serious due process concerns.

      As stated by the Supreme Court, "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Matthews v. Eldridge,* 424 U.S. 319, 333 (1976) (citation and internal quotation marks omitted), *cited and quoted in Cadence Design Systems, Inc. v. Pounce Consulting, Inc.,*

-16-

Case No. 17-cv-04732-PJH, 2019 WL 3576900, at *4.  Notice that a prospective additional judgment debtor is going to be held liable for a judgment debt is not adequate here where the documents (i.e., Foremost's proof of claim and the bankruptcy trustee's final report did not indicate that Tangshan Ayers would be liable for the claim) or other circumstances (i.e., one email chain between April 24, 2013 and May 4, 2013 purportedly involving Tangshan Ayers personnel, *see* Objection at 11-12, *citing,* Plaintiff's Exhibit 17, Bankruptcy Case Docket 218-17;[9] questioning two former Ayers Bath employees who became Tangshan Ayers employees in an examination of Debtor Ayers Bath under Federal Rule of Bankruptcy Procedure 2004, *see* Objection at 12, *citing,* Plaintiff's Exhibit 36, Bankruptcy Case Docket No. 218-36 at 15, 16-17, 20-24, 37, 39)) do not indicate the prospect of such liability or the circumstances.  As discussed above and in the report and recommendation, the case law and legal commentary is uniform that an allowed bankruptcy claim is not an executable money judgment for purposes of Federal Rule of Civil Procedure 69(a), Report and Recommendation at 39-75, *citing inter alia, Ziino v. Baker, supra;* 10 Levin and

---

[9] Foremost argues: "Tangshan Ayers knew, from the beginning of Ayers Bath's bankruptcy case, that Foremost believed Ayers Bath, Tangshan Ayers, and Huida to be alter egos of one another, and that it had raised this issue with the Court, because Charles Wang sent an email to Tangshan Ayers saying exactly that. PX 17 (5/4/13 from Charles Wang [Docket No. 218-17] ('Counsel for Foremost] often talked about some issues irrelative to bankruptcy (it was mainly to give the impression that Huida, Tangshan [Ayers] and [Ayers Bath] were the same company)'." Objection at 12-13.  The quote is from an email dated April 24, 2013 by Charles Wang, who was an officer of Ayers Bath at the time, to Xing, Jinrong, whose declaration testimony was that she was an officer of Huida, and never an employee of Tangshan Ayers.  Declarations of Xing, Jinrong, Bankruptcy Case Docket Nos. 122 and 221.  The quoted email itself was not a transmission to Tangshan Ayers.  However, two days later, on April 26, 2013, Charles Wang apparently forwarded his April 24, 2013 to Junkuna (Peter) Yao, who was then an employee at Tangshan Ayers, but it is unclear in what capacity Mr. Yao was working for Tangshan Ayers. Declaration of Peter Yao, Bankruptcy Case Docket No. 220.  Mr. Yao had been president of Ayers Bath.  *Id.* The bankruptcy court discussed the admissibility of Plaintiff's Exhibit 17 at trial on June 7, 2021, and overruled Tangshan Ayers's objection based on hearsay, but conditioned admission of the exhibit on provision of a duly certified English translation based on an objection by Tangshan Ayers.  Foremost filed a certification of translation for the exhibit on June 21, 2021. Bankruptcy Case Docket No. 265.  The undersigned's view of Plaintiff's Exhibit 17 is that Charles Wang was giving his impressions of the proceedings before the District Court in Foremost's action there against Tangshan Ayers to Ms. Xing at Huida.  By itself, the email chain does not show monitoring of the Ayers Bath bankruptcy case by Tangshan Ayers, or any indication that Foremost was considering asserting alter ego liability against Tangshan Ayers in the bankruptcy case.  In reviewing the docket for the Ayers Bath bankruptcy case, the court notes that there was little activity in the case in April and May 2013 only that the Chapter 7 trustee had set, conducted and continued session of the meeting of creditors under 11 U.S.C. § 341(a), during which representatives of the debtor Ayers Bath would be examined.  Foremost had not filed its proof of claim in the Ayers Bath bankruptcy case at that time as it filed the proof of claim on December 12, 2013.

Case 2:13-bk-17409-RK    Doc 287    Filed 09/19/22    Entered 09/19/22 14:30:06    Desc
Main Document    Page 18 of 19

Sommer, *Collier on Bankruptcy,* ¶ 7069.01 and n. 2. It is unprecedented that an allowed bankruptcy claim would be considered an executable money judgment for purposes of Federal Rule of Civil Procedure 69(a) in order for a party which is not the bankruptcy debtor to be added as an additional judgment debtor liable for the allowed bankruptcy claim outside of bankruptcy. Thus, it cannot be said that Tangshan Ayers had occasion to conduct the litigation in the Ayers Bath bankruptcy case with a diligence corresponding to the risk of personal liability that was involved or that it was virtually represented in the lawsuit. *Cadence Design Systems, Inc. v. Pounce Consulting, Inc.,* Case No. 17-cv-04732-PJH, 2019 WL 3576900, at *7, *citing, NEC Electronics Inc. v. Hurt,* 208 Cal.App.3d 772, 781 (1989); *see also, Katzir's Floor and Home Design, Inc. v. M.MLS.com,* 394 F.3d 1143, 1148-1150 (9th Cir. 2004). Accordingly, the undersigned recommends that this argument of Foremost be overruled for the reasons stated in the original report and recommendation at 76-92.

Foremost's fourth objection argument is that even if the District Court adopts the bankruptcy judge's report and recommendation and denies its renewed motion to amend, the Tangshan Ayers litigation will proceed. Objection at 14-15. Foremost asserts that its motion to amend its judgment against Ayers Bath to add Tangshan Ayers as a judgment debtor under California Code of Civil Procedure § 187 is not its only remedy as "that is only one of several procedural vehicles available to a party asserting alter ego liability." Objection at 15,[10] *citing and quoting inter alia, Highland Springs Conference & Training Center v. City of Banning,* 244 Cal.App.4th 267, 288

---

[10] This statement is at odds with Foremost's preliminary statement in its Objection asserting that if the District Court adopts the Report and Recommendation, this would result in "leaving the creditor [i.e., Foremost] without any recourse whatsoever." Objection at 1. The undersigned addressed this argument of Foremost's previously made in its trial briefing in the Report and Recommendation at 52-53 and n. 19 and 75-76 and n. 25, *citing and quoting,* Foremost Groups, Inc.'s Supplemental Brief in Response to the [Bankruptcy] Court's Tentative Ruling on Foremost's Renewed Motion [to Amend] Judgment, Bankruptcy Court Docket No. 255 at 5 and *Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.,* 919 F.3d 368 (6th Cir. 2019). It appears that instead of proving up the merits of its standalone claims in its original complaint in the District Court case against Tangshan Ayers, Foremost chose an unprecedented shortcut to assert that its allowed bankruptcy claim in the bankruptcy case of Ayers Bath, Tangshan Ayers's subsidiary, was an executable money judgment under Federal Rule of Civil Procedure 69(a), without having to demonstrate the merits of its sizeable monetary claim by asserting that it need only show that Ayers Bath was an alter ego of Tangshan Ayers.

(2016) ("As an alternative to filing a section 187 motion to add a judgment debtor to a judgment, the judgment creditor may file an independent action on the judgment, alleging that the proposed judgment debtor was an alter ego of an original judgment debtor.")  This argument is not addressed to the merits of the report and recommendation, and Foremost's assertion that there will be further proceedings in the case before the District Court is outside the purview of the referral to the bankruptcy court.

Accordingly, pursuant to the orders of referral of the United States District Court for the Central District of California (the Honorable Stephen V. Wilson, United States District Judge, presiding), Federal Rule of Bankruptcy Procedure 9033, and by analogy, Rule L.R. 72-3.5, the undersigned United States Bankruptcy Judge respectfully submits that the United States District Court deny Foremost's motion for the reasons stated in the report and recommendation of the undersigned United States Bankruptcy Judge as originally submitted and discussed herein.

IT IS SO ORDERED.

###

Date: September 19, 2022

_____
Robert Kwan
United States Bankruptcy Judge

-19-