# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:14-cv-00188-SVW-RZ / 2:13-bk-17409-RK | Date | October 17, 2022 |
| Title | *Foremost Groups Inc v. Tangshan Ayers Bath Equipment Co. Ltd* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES BANKRUPTCY JUDGE

Pursuant to *Stern v. Marshall*, 564 U.S. 462 (2011), the Court has reviewed the Report and Recommendation of the United States Bankruptcy Judge. The Court accepts the Bankruptcy Judge's Report and adopts it as its own findings and conclusions. Specifically, the Court agrees with the following:

*First*, the Bankruptcy Court was not precluded from considering the applicability of Rule 69(a) to the present matter. In its order staying the case, the Court stated:

> The Court has extensively considered the tangled procedural context of the present motion and concludes that, as a first measure, Foremost should seek an amended judgment through the bankruptcy court. Whichever way Foremost has portrayed its case, ultimately, it is an effort to amend the judgment of the bankruptcy court. In that regard, the action is STAYED *in order to give Foremost the opportunity to seek an amended judgment through the bankruptcy court.*

Dkt. 65 (emphasis added). Then in its referral order, the Court clarified its stay order stating:

> On October 24, 2017, Foremost argued before the Court that it interpreted the Stay Order to be a referral to the Bankruptcy Court, and requested this Court issue an Order clarifying that the Stay Order be treated as such. The Court agrees. In issuing the Stay Order, the Court intended that the alter ego issue to the Bankruptcy Court for proposed findings of fact and conclusions of law

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00188-SVW-RZ | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Foremost Groups Inc v. Tangshan Ayers Bath Equipment Co. Ltd* | | |

under 28 U.S.C. § 157.

[…] The Court hereby refers this matter to the Bankruptcy Court for proposed findings of fact and conclusions of law.

Dkt. 77.    Read together these orders did not explicitly or impliedly decide the issue of whether Foremost can amend the bankruptcy judgement pursuant to Rule 69(a).    Rather, the better reading is that the Court referred this matter for the Bankruptcy Court to decide in the first instance.

*Second*, the Court agrees with the Bankruptcy Court's determination that Foremost's proof of claim is not a "money judgment" under Rule 69(a).    As the Eleventh Circuit has recognized, an allowed claim is not a money judgement under Rule 69, because it "serves a different objective from that of a money judgment – it permits the claimant to participate in the distribution of the bankruptcy estate." *Ziino v. Baker*, 613 F.3d 1326, 1329 (11th Cir. 2010).    By contrast, "a money judgment is obtained through an adversary proceeding brought against the debtor pursuant to Federal Rule of Bankruptcy Procedure 7001(1) or other direct action against the debtor."    *In re Ayers Bath (U.S.A.), Co., Ltd.*, No. 2:13-BK-17409-RK, 2021 WL 4317321, at *30 (Bankr. C.D. Cal. Sept. 22, 2021).    Thus, "[a]bsent a money judgment against the debtor obtained through an adversary proceeding or other direct action to recover money against the debtor, an allowed bankruptcy claim is not an executable money judgment against the debtor."    *Id.*

*Third*, the Court agrees with the Bankruptcy Court's determination that Foremost's evidentiary showing does not meet the due process standard of California Code of Civil Procedure § 187.    Under section 187, amendment requires that the plaintiff prove by a preponderance of the evidence "(1) that the new party [is] the alter ego of the old party and (2) that the new party [ ] controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns."    *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004).    Under California law, due process requires that the alleged alter ego "(1) controlled the litigation and (2) had occasion to conduct that control with a diligence corresponding to the risk of personal liability that was involved." *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.*, No. 17-CV-04732-PJH, 2019 WL 3576900, at *5 (N.D. Cal. Aug. 6, 2019).    These issues require the Court to consider whether Tangshan Ayers was "virtually represented in the lawsuit" and whether their interest in the litigation aligned with the Ayers Bath's

|  | : |
|---|---|
| Initials of Preparer | PMC |

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00188-SVW-RZ | Date | October 17, 2022 |
|---|---|---|---|
| Title | *Foremost Groups Inc v. Tangshan Ayers Bath Equipment Co. Ltd* | | |

interest. *Id.* Here, the Court cannot make such a finding. As the Bankruptcy Court recognized, there was no evidence that Tangshan Ayers ever had notice of Foremost's claim or that Foremost would seek to hold Tangshan Ayers liable as a judgement debtor based on alter ego liability. Indeed, Foremost only asserted its theory of alter ego liability, after its proof of claim was allowed. Thus, Tangshan Ayers had no notice that it faced the risk of its own liability and no opportunity to control the litigation.

Accordingly, the Court ADOPTS the Bankruptcy Court's Report and Recommendation.

Additionally, Foremost is ordered to show cause as to why the case should not be dismissed with prejudice following the Court's adoption of the report and recommendation. The Court initially stayed the case and referred the issue to the Bankruptcy Court, after it became apparent to the Court that the present action was an attempt by Foremost to amend the judgment of the bankruptcy court and extend its judgment against Ayers Bath to Tangshan Ayers. Dkt. 65 ("Whichever way Foremost has portrayed its case, ultimately, it is an effort to amend the judgement of the bankruptcy court."); Dkt 44 ("The Court asked whether Plaintiff was 'basically executing on a judgment' and Counsel answered 'Correct.'"). Now that the Court has adopted the Bankruptcy Court's Report and Recommendation and determined that Foremost may not amend the judgment of the bankruptcy court, the appropriate action seems to dismiss with prejudice. Foremost is given 14 days to respond.

**IT IS SO ORDERED.**

cc: Bankruptcy Court

Initials of Preparer

PMC